IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| U.S. Ethernet Innovations, LLC, | ) | Civil Action File |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 6:09cv448 |
| | ) | |
| Acer, Inc.; Acer America Corporation; Apple, Inc.; ASUS Computer International; ASUSTeK Computer Inc.; Dell Inc.; Fujitsu Ltd.; Fujitsu America, Inc.; Gateway, Inc.; Hewlett Packard Co.; HP Development Company LLC; Sony Corporation; Sony Corporation of America; Sony Electronics Inc.; Toshiba Corporation; Toshiba America, Inc.; and Toshiba America Information Systems, Inc.; | ) | **COMPLAINT** |
| Defendants. | ) | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff U.S. Ethernet Innovations, LLC ("USEI") hereby makes this

Complaint for patent infringement against Defendants Acer, Inc.; Acer America

Corporation; Apple, Inc.; ASUS Computer International; ASUSTeK Computer

Inc.; Dell Inc.; Fujitsu Ltd.; Fujitsu America, Inc.; Gateway, Inc.; Hewlett Packard

Co.; HP Development Company LLC; Sony Corporation; Sony Corporation of

America; Sony Electronics Inc.; Toshiba Corporation; Toshiba America, Inc.; and

Toshiba America Information Systems, Inc. (collectively, "Defendants"), respectfully showing the Court as follows:

## NATURE OF THE ACTION

1.      Plaintiff USEI owns United States Patent Nos. 5,307,459 (the "'459 Patent"), 5,434,872 (the "'872 Patent"), 5,732,094 (the "'094 Patent"), and 5,299,313 (the "'313 Patent").

2.      Each Defendant has made, used, imported, and/or sold and/or continues to make, use, import, and/or sell the technology claimed by the '459 Patent, the '872 Patent, the '094 Patent, and the '313 Patent in systems and methods without USEI's permission.

3.      Plaintiff USEI seeks damages for each Defendant's infringement of the '459 Patent, the '872 Patent, the '094 Patent, and the '313 Patent.

## PARTIES

4.      Plaintiff USEI is a Texas limited liability corporation.  USEI's principal place of business is in Tyler, Texas.

5.      On information and belief, Acer, Inc. is a Taiwanese corporation, with a principal place of business at 8F, 88, Section 1, Hsin Tai Wu Road, Hsichih, Taipei 221, Taiwan.  On information and belief, Acer America Corporation is a wholly owned subsidiary of Acer, Inc., and is organized and existing under the laws of California, with a principal place of business at 333 West San Carlos

Street, Suite 1500, San Jose, California 95110.  On information and belief,
Gateway, Inc. is also a wholly owned subsidiary of Acer, Inc., and is organized and
existing under the laws of Delaware, with a principal place of business at 7565
Irvine Center Drive, Irvine, California 92618.  Acer, Inc., Acer America
Corporation, and Gateway, Inc. will be referred to herein individually and
collectively as the "Acer Defendants."

6.     On information and belief, Apple, Inc. ("Apple") is a corporation
organized and existing under the laws of California, with a principal place of
business at 1 Infinite Loop, Cupertino, California 95014.

7.     On information and belief, ASUSTeK Computer Inc. is a Taiwanese
company, with a principal place of business at No. 15 Li-Te Road, Peitou, Taipei,
Taiwan R.O.C.  On information and belief, ASUS Computer International is a
wholly owned subsidiary of ASUSTeK Computer Inc., and is organized and
existing under the laws of California, with a principal place of business at 800
Corporate Way, Fremont, California 94539.  ASUSTeK Computer Inc. and ASUS
Computer International will be referred to herein individually and collectively as
the "ASUS Defendants."

8.     On information and belief, Dell Inc. ("Dell") is a corporation
organized and existing under the laws of Delaware, with a principal place of
business at One Dell Way, Round Rock, Texas 78682.

9.    On information and belief, Fujitsu Ltd. is a Japanese company, with a principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-Ku, Tokyo 105-7123, Japan.  On information and belief, Fujitsu America, Inc. is a wholly owned subsidiary of Fujitsu Ltd., and is organized and existing under the laws of California, with a principal place of business at 1250 East Arques Avenue, Sunnyvale, California 94085.  Fujitsu Ltd. and Fujitsu America, Inc. will be referred to herein individually and collectively as the "Fujitsu Defendants."

10.    On information and belief, Hewlett Packard Co. is a company organized and existing under the laws of Delaware, with a principal place of business at 3000 Hanover Street, Palo Alto, California 94304.  On information and belief, HP Development Company LLC is a wholly owned subsidiary of Hewlett Packard Co., and is organized and existing under the laws of Delaware, with its principal place of business at 3000 Hanover Street, MS 1050, Palo Alto, California 94304.  Hewlett Packard Co. and HP Development Company LLC will be referred to herein individually and collectively as the "HP Defendants."

11.    On information and belief, Sony Corporation is a Japanese corporation, with a principal place of business at 1-7-1 Konan, Minato-Ku, Tokyo, 108-0075, Japan.  On information and belief, Sony Corporation of America is a wholly owned subsidiary of Sony Corporation, and is organized and existing under the laws of New York, with a principal place of business at 550 Madison Avenue,

27th Floor, New York, New York 10022.  On information and belief, Sony

Electronics Inc. is also a wholly owned subsidiary of Sony Corporation of

America, and is organized and existing under the laws of Delaware, with a

principal place of business at 16530 Via Esprillo, San Diego, California 92127.

Sony Corporation, Sony Corporation of America, and Sony Electronics Inc. will be

referred to herein individually and collectively as the "Sony Defendants."

12.    On information and belief, Toshiba Corporation is a Japanese

corporation, with a principal place of business at 1-1 Shibaura 1-Chome, Minato-

Ku, Tokyo 105-8001, Japan.  On information and belief, Toshiba America, Inc. is a

wholly owned subsidiary of Toshiba Corporation, and is organized and existing

under the laws of Delaware, with a principal place of business at 1251 Avenue of

the Americas, New York, New York 10020.  On information and belief, Toshiba

America Information Systems, Inc. is a wholly owned subsidiary of Toshiba

America, Inc., and is organized and existing under the laws of California, with a

principal place of business at 9740 Irvine Boulevard, Irvine, California 92618.

Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information

Systems, Inc. will be referred to herein individually and collectively as the

"Toshiba Defendants."

## JURISDICTION AND VENUE

13.    This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

14.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.    Venue is proper in this judicial district because each Defendant is a corporation subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c).

16.    On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (1) a portion of the infringements alleged herein, including making, using, importing, selling, and/or offering to sell products, methods, and systems that infringe the claims of the '459 Patent, the '872 Patent, the '094 Patent, and the '313 Patent; (2) the presence of established distribution channels for Defendants' products in this forum; and (3) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## PATENTS-IN-SUIT

17.    The '459 Patent, entitled "Network Adapter with Host Indication Optimization," was duly and legally issued on April 26, 1994 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo.  A true and correct copy of the '459 Patent is attached hereto as Exhibit A.

18.    The '872 Patent, entitled "Apparatus for Automatic Initiation of Data Transmission," was duly and legally issued on July 18, 1995 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer.  A true and correct copy of the '872 Patent is attached hereto as Exhibit B.

19.    The '094 Patent, entitled "Method for Automatic Initiation of Data Transmission," was duly and legally issued on March 24, 1998 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer.  A true and correct copy of the '094 Patent is attached hereto as Exhibit C.

20.    The '313 Patent, entitled "Network Interface with Host Independent Buffer Management," was duly and legally issued on March 29, 1994 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named

inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo. A true and correct copy of the '313 Patent is attached hereto as Exhibit D.

21.    USEI is the sole owner of the entire right, title, and interest in the '459 Patent, the '872 Patent, the '094 Patent, and the '313 Patent (collectively, the "Patents-in-Suit") by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

## ACCUSED PRODUCTS

22.    The Acer Defendants import, make, use, offer for sale, and/or sell certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, the TravelMate 621LV, Aspire 1680, Aspire 1800, Veriton 2800, 600Y GR, 6518GZ, and M460 (collectively, the "Acer Accused Products").

23.    Apple imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, the Macbook Pro (collectively, the "Apple Accused Products").

24.    The ASUS Defendants import, make, use, offer for sale, and/or sell certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, the P4T533-C Motherboard, P4PE

Motherboard, AP1710-E1 Server, and Rampage II Extreme (collectively, the "ASUS Accused Products").

25.    Dell imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, the Intel PRO/100, E1405, D420, and Inspiron 1525 (collectively, the "Dell Accused Products").

26.    The Fujitsu Defendants import, make, use, offer for sale, and/or sell certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, the Lifebook T5010 Tablet PC, Lifebook N3410, Lifebook T4215, and Lifebook S7010 (collectively, the "Fujitsu Accused Products").

27.    The HP Defendants import, make, use, offer for sale, and/or sell certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, the Pavilion dv9000t CTO Notebook PC, D220, and DC7100 (collectively, the "HP Accused Products").

28.    The Sony Defendants import, make, use, offer for sale, and/or sell certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, the VAIO VGN-S460 and VGN-SZ740 (collectively, the "Sony Accused Products").

29.     The Toshiba Defendants import, make, use, offer for sale, and/or sell certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, the Satellite A55-S3063 and Tecra A3-S611 (collectively, the "Toshiba Accused Products").

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,307,459

30.     USEI restates and realleges the allegations set forth in paragraphs 1 through 29 of this Complaint and incorporates them by reference.

31.     Without a license or permission from USEI, the Acer Defendants infringed and continue to infringe one or more claims of the '459 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Acer Accused Products.  The acts of infringement of the '459 Patent by the Acer Defendants have caused damage to USEI, and USEI is entitled to recover from the Acer Defendants the damages sustained by USEI as a result of the wrongful acts of the Acer Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '459 Patent by the Acer Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The Acer Defendants have had actual or constructive knowledge of the

'459 Patent, yet continue to infringe said patent.  The infringement of the '459 Patent by the Acer Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

32.    Without a license or permission from USEI, the ASUS Defendants infringed and continue to infringe one or more claims of the '459 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the ASUS Accused Products.  The acts of infringement of the '459 Patent by the ASUS Defendants have caused damage to USEI, and USEI is entitled to recover from the ASUS Defendants the damages sustained by USEI as a result of the wrongful acts of the ASUS Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '459 Patent by the ASUS Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The ASUS Defendants have had actual or constructive knowledge of the '459 Patent, yet continue to infringe said patent.  The infringement of the '459 Patent by the ASUS Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

33.    Without a license or permission from USEI, Dell infringed and continues to infringe one or more claims of the '459 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Dell Accused Products.  The acts of infringement of the '459 Patent by Dell have caused damage to USEI, and USEI is entitled to recover from Dell the damages sustained by USEI as a result of the wrongful acts of Dell in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '459 Patent by Dell will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  Dell has had actual or constructive knowledge of the '459 Patent, yet continues to infringe said patent.  The infringement of the '459 Patent by Dell is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

34.    Without a license or permission from USEI, the Fujitsu Defendants infringed and continue to infringe one or more claims of the '459 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Fujitsu Accused Products.  The

acts of infringement of the '459 Patent by the Fujitsu Defendants have caused

damage to USEI, and USEI is entitled to recover from the Fujitsu Defendants the

damages sustained by USEI as a result of the wrongful acts of the Fujitsu

Defendants in an amount subject to proof at trial.  The infringement of USEI's

exclusive rights under the '459 Patent by the Fujitsu Defendants will continue to

damage USEI, causing irreparable harm, for which there is no adequate remedy at

law, unless enjoined by this Court.  The Fujitsu Defendants have had actual or

constructive knowledge of the '459 Patent, yet continue to infringe said patent.

The infringement of the '459 Patent by the Fujitsu Defendants is willful and

deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to

attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

    35.    Without a license or permission from USEI, the HP Defendants

infringed and continue to infringe one or more claims of the '459 Patent, directly,

contributorily, and/or by inducement, by importing, making, using, offering for

sale, and/or selling products and devices which embody the patented invention,

including, without limitation, one or more of the HP Accused Products.  The acts of

infringement of the '459 Patent by the HP Defendants have caused damage to

USEI, and USEI is entitled to recover from the HP Defendants the damages

sustained by USEI as a result of the wrongful acts of the HP Defendants in an

amount subject to proof at trial.  The infringement of USEI's exclusive rights under

the '459 Patent by the HP Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. The HP Defendants have had actual or constructive knowledge of the '459 Patent, yet continue to infringe said patent. The infringement of the '459 Patent by the HP Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

36.    Without a license or permission from USEI, the Sony Defendants infringed and continue to infringe one or more claims of the '459 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Sony Accused Products. The acts of infringement of the '459 Patent by the Sony Defendants have caused damage to USEI, and USEI is entitled to recover from the Sony Defendants the damages sustained by USEI as a result of the wrongful acts of the Sony Defendants in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '459 Patent by the Sony Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. The Sony Defendants have had actual or constructive knowledge of the '459 Patent, yet continue to infringe said patent. The infringement of the '459

- 14 -

Patent by the Sony Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

37.    Without a license or permission from USEI, the Toshiba Defendants infringed and continue to infringe one or more claims of the '459 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Toshiba Accused Products.  The acts of infringement of the '459 Patent by the Toshiba Defendants have caused damage to USEI, and USEI is entitled to recover from the Toshiba Defendants the damages sustained by USEI as a result of the wrongful acts of the Toshiba Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '459 Patent by the Toshiba Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The Toshiba Defendants have had actual or constructive knowledge of the '459 Patent, yet continue to infringe said patent. The infringement of the '459 Patent by the Toshiba Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 5,434,872

38.     USEI restates and realleges the allegations set forth in paragraphs 1 through 29 of this Complaint and incorporates them by reference.

39.     Without a license or permission from USEI, the Acer Defendants infringed and continue to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Acer Accused Products.  The acts of infringement of the '872 Patent by the Acer Defendants have caused damage to USEI, and USEI is entitled to recover from the Acer Defendants the damages sustained by USEI as a result of the wrongful acts of the Acer Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '872 Patent by the Acer Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The Acer Defendants have had actual or constructive knowledge of the '872 Patent, yet continue to infringe said patent.  The infringement of the '872 Patent by the Acer Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

40.    Without a license or permission from USEI, the ASUS Defendants infringed and continue to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the ASUS Accused Products.  The acts of infringement of the '872 Patent by the ASUS Defendants have caused damage to USEI, and USEI is entitled to recover from the ASUS Defendants the damages sustained by USEI as a result of the wrongful acts of the ASUS Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '872 Patent by the ASUS Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The ASUS Defendants have had actual or constructive knowledge of the '872 Patent, yet continue to infringe said patent. The infringement of the '872 Patent by the ASUS Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

41.    Without a license or permission from USEI, Dell infringed and continues to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including,

without limitation, one or more of the Dell Accused Products. The acts of infringement of the '872 Patent by Dell have caused damage to USEI, and USEI is entitled to recover from Dell the damages sustained by USEI as a result of the wrongful acts of Dell in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '872 Patent by Dell will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. Dell has had actual or constructive knowledge of the '872 Patent, yet continues to infringe said patent. The infringement of the '872 Patent by Dell is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

42.    Without a license or permission from USEI, the Fujitsu Defendants infringed and continue to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Fujitsu Accused Products. The acts of infringement of the '872 Patent by the Fujitsu Defendants have caused damage to USEI, and USEI is entitled to recover from the Fujitsu Defendants the damages sustained by USEI as a result of the wrongful acts of the Fujitsu Defendants in an amount subject to proof at trial. The infringement of USEI's

exclusive rights under the '872 Patent by the Fujitsu Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. The Fujitsu Defendants have had actual or constructive knowledge of the '872 Patent, yet continue to infringe said patent. The infringement of the '872 Patent by the Fujitsu Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

43.    Without a license or permission from USEI, the HP Defendants infringed and continue to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the HP Accused Products. The acts of infringement of the '872 Patent by the HP Defendants have caused damage to USEI, and USEI is entitled to recover from the HP Defendants the damages sustained by USEI as a result of the wrongful acts of the HP Defendants in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '872 Patent by the HP Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. The HP Defendants have had actual or constructive knowledge of the '872 Patent, yet continue to infringe said patent. The infringement of the '872

Patent by the HP Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

44.    Without a license or permission from USEI, the Sony Defendants infringed and continue to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Sony Accused Products.  The acts of infringement of the '872 Patent by the Sony Defendants have caused damage to USEI, and USEI is entitled to recover from the Sony Defendants the damages sustained by USEI as a result of the wrongful acts of the Sony Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '872 Patent by the Sony Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The Sony Defendants have had actual or constructive knowledge of the '872 Patent, yet continue to infringe said patent.  The infringement of the '872 Patent by the Sony Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

45.    Without a license or permission from USEI, the Toshiba Defendants infringed and continue to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Toshiba Accused Products.  The acts of infringement of the '872 Patent by the Toshiba Defendants have caused damage to USEI, and USEI is entitled to recover from the Toshiba Defendants the damages sustained by USEI as a result of the wrongful acts of the Toshiba Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '872 Patent by the Toshiba Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The Toshiba Defendants have had actual or constructive knowledge of the '872 Patent, yet continue to infringe said patent. The infringement of the '872 Patent by the Toshiba Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

## INFRINGEMENT OF U.S. PATENT NO. 5,732,094

46.    USEI restates and realleges the allegations set forth in paragraphs 1 through 29 of this Complaint and incorporates them by reference.

47.    Without a license or permission from USEI, the Acer Defendants infringed and continue to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Acer Accused Products.  The acts of infringement of the '094 Patent by the Acer Defendants have caused damage to USEI, and USEI is entitled to recover from the Acer Defendants the damages sustained by USEI as a result of the wrongful acts of the Acer Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '094 Patent by the Acer Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The Acer Defendants have had actual or constructive knowledge of the '094 Patent, yet continue to infringe said patent.  The infringement of the '094 Patent by the Acer Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

48.    Without a license or permission from USEI, the ASUS Defendants infringed and continue to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention,

including, without limitation, one or more of the ASUS Accused Products.  The

acts of infringement of the '094 Patent by the ASUS Defendants have caused

damage to USEI, and USEI is entitled to recover from the ASUS Defendants the

damages sustained by USEI as a result of the wrongful acts of the ASUS

Defendants in an amount subject to proof at trial.  The infringement of USEI's

exclusive rights under the '094 Patent by the ASUS Defendants will continue to

damage USEI, causing irreparable harm, for which there is no adequate remedy at

law, unless enjoined by this Court.  The ASUS Defendants have had actual or

constructive knowledge of the '094 Patent, yet continue to infringe said patent.

The infringement of the '094 Patent by the ASUS Defendants is willful and

deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to

attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

     49.     Without a license or permission from USEI, Dell infringed and

continues to infringe one or more claims of the '094 Patent, directly, contributorily,

and/or by inducement, by importing, making, using, offering for sale, and/or

selling products and devices which embody the patented invention, including,

without limitation, one or more of the Dell Accused Products.  The acts of

infringement of the '094 Patent by Dell have caused damage to USEI, and USEI is

entitled to recover from Dell the damages sustained by USEI as a result of the

wrongful acts of Dell in an amount subject to proof at trial.  The infringement of

USEI's exclusive rights under the '094 Patent by Dell will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. Dell has had actual or constructive knowledge of the '094 Patent, yet continues to infringe said patent. The infringement of the '094 Patent by Dell is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

50.     Without a license or permission from USEI, the Fujitsu Defendants infringed and continue to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Fujitsu Accused Products. The acts of infringement of the '094 Patent by the Fujitsu Defendants have caused damage to USEI, and USEI is entitled to recover from the Fujitsu Defendants the damages sustained by USEI as a result of the wrongful acts of the Fujitsu Defendants in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '094 Patent by the Fujitsu Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. The Fujitsu Defendants have had actual or constructive knowledge of the '094 Patent, yet continue to infringe said patent.

The infringement of the '094 Patent by the Fujitsu Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

51.   Without a license or permission from USEI, the HP Defendants infringed and continue to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the HP Accused Products.  The acts of infringement of the '094 Patent by the HP Defendants have caused damage to USEI, and USEI is entitled to recover from the HP Defendants the damages sustained by USEI as a result of the wrongful acts of the HP Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '094 Patent by the HP Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The HP Defendants have had actual or constructive knowledge of the '094 Patent, yet continue to infringe said patent.  The infringement of the '094 Patent by the HP Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

52.     Without a license or permission from USEI, the Sony Defendants infringed and continue to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Sony Accused Products.  The acts of infringement of the '094 Patent by the Sony Defendants have caused damage to USEI, and USEI is entitled to recover from the Sony Defendants the damages sustained by USEI as a result of the wrongful acts of the Sony Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '094 Patent by the Sony Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The Sony Defendants have had actual or constructive knowledge of the '094 Patent, yet continue to infringe said patent.  The infringement of the '094 Patent by the Sony Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

53.     Without a license or permission from USEI, the Toshiba Defendants infringed and continue to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention,

including, without limitation, one or more of the Toshiba Accused Products.  The acts of infringement of the '094 Patent by the Toshiba Defendants have caused damage to USEI, and USEI is entitled to recover from the Toshiba Defendants the damages sustained by USEI as a result of the wrongful acts of the Toshiba Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '094 Patent by the Toshiba Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The Toshiba Defendants have had actual or constructive knowledge of the '094 Patent, yet continue to infringe said patent. The infringement of the '094 Patent by the Toshiba Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT IV

## <u>INFRINGEMENT OF U.S. PATENT NO. 5,299,313</u>

54.    USEI restates and realleges the allegations set forth in paragraphs 1 through 29 of this Complaint and incorporates them by reference.

55.    Without a license or permission from USEI, the Acer Defendants infringed and continue to infringe one or more claims of the '313 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention,

including, without limitation, one or more of the Acer Accused Products.  The acts of infringement of the '313 Patent by the Acer Defendants have caused damage to USEI, and USEI is entitled to recover from the Acer Defendants the damages sustained by USEI as a result of the wrongful acts of the Acer Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '313 Patent by the Acer Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The Acer Defendants have had actual or constructive knowledge of the '313 Patent, yet continue to infringe said patent.  The infringement of the '313 Patent by the Acer Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

56.    Without a license or permission from USEI, Apple infringed and continues to infringe one or more claims of the '313 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Apple Accused Products.  The acts of infringement of the '313 Patent by Apple have caused damage to USEI, and USEI is entitled to recover from Apple the damages sustained by USEI as a result of the wrongful acts of Apple in an amount subject to proof at trial.  The infringement of

USEI's exclusive rights under the '313 Patent by Apple will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. Apple has had actual or constructive knowledge of the '313 Patent, yet continues to infringe said patent. The infringement of the '313 Patent by Apple is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

57. Without a license or permission from USEI, the ASUS Defendants infringed and continue to infringe one or more claims of the '313 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the ASUS Accused Products. The acts of infringement of the '313 Patent by the ASUS Defendants have caused damage to USEI, and USEI is entitled to recover from the ASUS Defendants the damages sustained by USEI as a result of the wrongful acts of the ASUS Defendants in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '313 Patent by the ASUS Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. The ASUS Defendants have had actual or constructive knowledge of the '313 Patent, yet continue to infringe said patent.

The infringement of the '313 Patent by the ASUS Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

58.     Without a license or permission from USEI, Dell infringed and continues to infringe one or more claims of the '313 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Dell Accused Products.  The acts of infringement of the '313 Patent by Dell have caused damage to USEI, and USEI is entitled to recover from Dell the damages sustained by USEI as a result of the wrongful acts of Dell in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '313 Patent by Dell will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  Dell has had actual or constructive knowledge of the '313 Patent, yet continues to infringe said patent.  The infringement of the '313 Patent by Dell is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

59.     Without a license or permission from USEI, the Fujitsu Defendants infringed and continue to infringe one or more claims of the '313 Patent, directly,

contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Fujitsu Accused Products.  The acts of infringement of the '313 Patent by the Fujitsu Defendants have caused damage to USEI, and USEI is entitled to recover from the Fujitsu Defendants the damages sustained by USEI as a result of the wrongful acts of the Fujitsu Defendants in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '313 Patent by the Fujitsu Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  The Fujitsu Defendants have had actual or constructive knowledge of the '313 Patent, yet continue to infringe said patent.  The infringement of the '313 Patent by the Fujitsu Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

60.    Without a license or permission from USEI, the HP Defendants infringed and continue to infringe one or more claims of the '313 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the HP Accused Products.  The acts of infringement of the '313 Patent by the HP Defendants have caused damage to

USEI, and USEI is entitled to recover from the HP Defendants the damages

sustained by USEI as a result of the wrongful acts of the HP Defendants in an

amount subject to proof at trial.  The infringement of USEI's exclusive rights under

the '313 Patent by the HP Defendants will continue to damage USEI, causing

irreparable harm, for which there is no adequate remedy at law, unless enjoined by

this Court.  The HP Defendants have had actual or constructive knowledge of the

'313 Patent, yet continue to infringe said patent.  The infringement of the '313

Patent by the HP Defendants is willful and deliberate, entitling USEI to increased

damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in

prosecuting this action under 35 U.S.C. § 285.

61.    Without a license or permission from USEI, the Sony Defendants

infringed and continue to infringe one or more claims of the '313 Patent, directly,

contributorily, and/or by inducement, by importing, making, using, offering for

sale, and/or selling products and devices which embody the patented invention,

including, without limitation, one or more of the Sony Accused Products.  The acts

of infringement of the '313 Patent by the Sony Defendants have caused damage to

USEI, and USEI is entitled to recover from the Sony Defendants the damages

sustained by USEI as a result of the wrongful acts of the Sony Defendants in an

amount subject to proof at trial.  The infringement of USEI's exclusive rights under

the '313 Patent by the Sony Defendants will continue to damage USEI, causing

irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. The Sony Defendants have had actual or constructive knowledge of the '313 Patent, yet continue to infringe said patent. The infringement of the '313 Patent by the Sony Defendants is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

62.    Without a license or permission from USEI, the Toshiba Defendants infringed and continue to infringe one or more claims of the '313 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Toshiba Accused Products. The acts of infringement of the '313 Patent by the Toshiba Defendants have caused damage to USEI, and USEI is entitled to recover from the Toshiba Defendants the damages sustained by USEI as a result of the wrongful acts of the Toshiba Defendants in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '313 Patent by the Toshiba Defendants will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. The Toshiba Defendants have had actual or constructive knowledge of the '313 Patent, yet continue to infringe said patent. The infringement of the '313 Patent by the Toshiba Defendants is willful and

deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, USEI prays for the following relief against Defendants:

A.    A judgment that Defendants, as forth above, have directly infringed the '459 Patent, contributorily infringed the '459 Patent, and/or induced infringement of the '459 Patent;

B.    A judgment that Defendants, as forth above, have directly infringed the '872 Patent, contributorily infringed the '872 Patent, and/or induced infringement of the '872 Patent;

C.    A judgment that Defendants, as forth above, have directly infringed the '094 Patent, contributorily infringed the '094 Patent, and/or induced infringement of the '094 Patent;

D.    A judgment that Defendants, as forth above, have directly infringed the '313 Patent, contributorily infringed the '313 Patent, and/or induced infringement of the '313 Patent;

E.    An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

F.    An award of treble damages pursuant to 35 U.S.C. § 284 against Defendants, and each of them, as a result of Defendant's willful infringement;

G.      A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '459 Patent, as set forth herein;

H.      A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '872 Patent, as set forth herein;

I.      A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '094 Patent, as set forth herein;

J.      A preliminary, and thereafter permanent, injunction enjoining and restraining Defendants, and each of them, and their officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '313 Patent, as set forth herein;

K.    A judgment and order requiring Defendants, and each of them, to pay USEI pre-judgment and post-judgment interest on the full amounts of the damages awarded;

L.    A judgment requiring Defendants, and each of them, to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

M.    Such other and further relief as this Court may deem just and equitable.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands that all issues so triable be determined by a jury.

Respectfully submitted, this 9th day of October, 2009.

WARD & SMITH LAW FIRM

T. John Ward
(State Bar No. 00794818)
P. O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (fax)
jw@jwfirm.com

and

John C. Herman
Ryan K. Walsh
E. Joseph Benz III
Jason S. Jackson
Peter M. Jones
Jessica K. Redmond
**Coughlin Stoia Geller**
     **Rudman & Robbins, LLP**
3424 Peachtree Street, N.E.
Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)
jherman@csgrr.com
rwalsh@csgrr.com
jbenz@csgrr.com
jjackson@csgrr.com
pjones@csgrr.com
jredmond@csgrr.com

Attorneys for Plaintiff
U.S. Ethernet Innovations, LLC