**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| U.S. ETHERNET INNOVATIONS, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 6:09-CV-448-LED |
| | § | |
| ACER, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | JURY TRIAL REQUESTED |

**DEFENDANTS FUJITSU AMERICA INC. AND FUJITSU LIMITED'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants Fujitsu America Inc. and Fujitsu Limited (collectively, "Fujitsu"), file this Answer and Affirmative Defenses (the "Answer") to Plaintiff's Complaint for Patent Infringement (the "Complaint") filed on October 9, 2009 by U.S. Ethernet Innovations, LLC ("USEI").

**NATURE OF THE ACTION**

1.      Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 1 and therefore denies the allegations.

2.      To the extent the allegations set forth in paragraph 2 are directed to Fujitsu, Fujitsu denies each and every allegation contained therein.  To the extent the allegations in paragraph 2 are directed at or alleged against the other Defendants, Fujitsu is without sufficient information to form a belief regarding the truth of the allegations and therefore denies the allegations.

3.      In answer to paragraph 3, Fujitsu admits that USEI seeks damages for each Defendant's alleged infringement of U.S. Patent Nos. 5,307,459; 5,434,872; 5,732,094; and 5,299,313 (collectively the "Patents-in-Suit").  Fujitsu denies liability for infringement of the

Patents-in-Suit and that USEI is entitled to damages from Fujitsu.  To the extent the allegations in paragraph 3 are directed at or alleged against the other Defendants, Fujitsu is without sufficient information to form a belief regarding the truth of the allegations and therefore denies the allegations.

**PARTIES**

4.      Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 4 and therefore denies the allegations.

5.      Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 5 and therefore denies the allegations.

6.      Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 6 and therefore denies the allegations.

7.      Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 7 and therefore denies the allegations.

8.      Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 8 and therefore denies the allegations.

9.      In answer to paragraph 9, Fujitsu admits that Fujitsu Limited is a Japanese corporation with its principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-Ku, Tokyo 105-7123.  Fujitsu admits that Fujitsu America Inc. is a subsidiary of Fujitsu North America Holdings, Inc., which in turn is a wholly-owned subsidiary of Fujitsu Limited.  Fujitsu further admits that Fujitsu America Inc. is organized under the laws of California, with its principal place of business at 1250 East Arques Avenue, Sunnyvale, California.

10.      Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 10 and therefore denies the allegations.

11.      Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 11 and therefore denies the allegations.

12.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 12 and therefore denies the allegations.

## JURISDICTION AND VENUE

13.     In answer to paragraph 13, Fujitsu admits that USEI alleges a civil action for patent infringement under the laws of the United States, Title 35 United States Code § 101, *et seq*.

14.     In answer to paragraph 14, Fujitsu admits that this Court has subject matter jurisdiction over USEI's claims for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     In answer to paragraph 15, to the extent the allegations relate to Fujitsu, Fujitsu admits that venue is proper in this Court, but Fujitsu denies that this judicial district is the most convenient forum for this case.  Fujitsu denies all other allegations in this paragraph to the extent such allegations relate to Fujitsu.  To the extent the allegations in paragraph 15 relate to other Defendants in this case, Fujitsu is without sufficient information or knowledge to either admit or deny the allegations and therefore denies the same.

16.     In answer to paragraph 16, to the extent the allegations relate to Fujitsu, Fujitsu admits that this Court has personal jurisdiction over Fujitsu and denies all other allegations.  To the extent the allegations in paragraph 16 relate to other Defendants in this case, Fujitsu is without sufficient information to form a belief regarding the truth of the remaining allegations in paragraph 16 and therefore denies the allegations.

## PATENTS-IN-SUIT

17.     In answer to paragraph 17, Fujitsu admits that, according to the face of the patent, United States Patent No. 5,307,459 ("the '459 patent") is entitled "Network Adapter with Host Indication Optimization" and lists April 26, 1994 as its issuance date.  Fujitsu admits that what appears to be a copy of the '459 patent is attached as Exhibit A to the Complaint and that 3Com Corporation is listed as assignee on the face of the patent.  Fujitsu denies all other allegations contained in paragraph 17 of the Complaint.

18.     Fujitsu admits that, according to the face of the patent, United States Patent No. 5,434,872 ("the '872 patent") is entitled "Apparatus for Automatic Initiation of Data Transmission" and lists July 18, 1995 as its issuance date.  Fujitsu admits that what appears to be a copy of the '872 patent is attached as Exhibit B to the Complaint and that 3Com Corporation is listed as assignee on the face of the patent.  Fujitsu denies all other allegations contained in paragraph 18 of the Complaint.

19.     Fujitsu admits that, according to the face of the patent, United States Patent No. 5,732,094 ("the '094 patent") is entitled "Method for Automatic Initiation of Data Transmission" and lists March 24, 1998 as its issuance date.  Fujitsu admits that what appears to be a copy of the '094 patent is attached as Exhibit C to the Complaint and that 3Com Corporation is listed as assignee on the face of the patent.  Fujitsu denies all other allegations contained in paragraph 19 of the Complaint.

20.     Fujitsu admits that, according to the face of the patent, United States Patent No. 5,299,313 ("the '313 patent") is entitled "Network Interface with Host Independent Buffer Management" and lists March 29, 1994 as its issuance date.  Fujitsu admits that what appears to be a copy of the '313 patent is attached as Exhibit D to the Complaint and that 3Com Corporation is listed as assignee on the face of the patent.  Fujitsu denies all other allegations contained in paragraph 20 of the Complaint.

21.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 21 and therefore denies the allegations.

## ACCUSED PRODUCTS

22.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 22 and therefore denies the allegations.

23.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 23 and therefore denies the allegations.

24.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 24 and therefore denies the allegations.

25.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 25 and therefore denies the allegations.

26.     In answer to paragraph 26, Fujitsu admits that it imports, makes, uses, offers for sale, and/or sells the Lifebook T5010 Tablet PC, Lifebook N3410, Lifebook T4215, and Lifebook S7010, but denies that these Lifebook products or other Fujitsu products embody any claims of the Patents-in-Suit.  Fujitsu further denies all other allegations contained in paragraph 26 of the Complaint.

27.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 27 and therefore denies the allegations.

28.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 28 and therefore denies the allegations.

29.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 29 and therefore denies the allegations.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,307,459

30.     Fujitsu restates its answers as set forth in paragraphs 1 through 29 of this Answer and incorporates them by reference.

31.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 31 and therefore denies the allegations.

32.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 32 and therefore denies the allegations.

33.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 33 and therefore denies the allegations.

34.     Fujitsu denies the allegations in paragraph 34.

35.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 35 and therefore denies the allegations.

36.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 36 and therefore denies the allegations.

37.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 37 and therefore denies the allegations.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,434,872

38.     Fujitsu restates its answers as set forth in paragraphs 1 through 29 of this Answer and incorporates them by reference.

39.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 39 and therefore denies the allegations.

40.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 40 and therefore denies the allegations.

41.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 41 and therefore denies the allegations.

42.     Fujitsu denies the allegations in paragraph 42.

43.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 43 and therefore denies the allegations.

44.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 44 and therefore denies the allegations.

45.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 45 and therefore denies the allegations.

## COUNT III

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,732,094

46.     Fujitsu restates its answers as set forth in paragraphs 1 through 29 of this Answer and incorporates them by reference.

47.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 47 and therefore denies the allegations.

48.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 48 and therefore denies the allegations.

49.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 49 and therefore denies the allegations.

50.     Fujitsu denies the allegations in paragraph 50.

51.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 51 and therefore denies the allegations.

52.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 52 and therefore denies the allegations.

53.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 53 and therefore denies the allegations.

**COUNT IV**

**ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,299,313**

54.     Fujitsu restates its answers as set forth in paragraphs 1 through 29 of this Answer and incorporates them by reference.

55.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 55 and therefore denies the allegations.

56.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 56 and therefore denies the allegations.

57.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 57 and therefore denies the allegations.

58.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 58 and therefore denies the allegations.

59.     Fujitsu denies the allegations in paragraph 59.

60.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 60 and therefore denies the allegations.

61.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 61 and therefore denies the allegations.

62.     Fujitsu is without sufficient information to form a belief regarding the truth of the allegations in paragraph 62 and therefore denies the allegations.

## PRAYER FOR RELIEF

63.     Fujitsu denies that USEI is entitled to any relief in this action as it relates to Fujitsu and asks the Court to deny any and all of the relief requested by USEI in its Complaint as it relates to Fujitsu.

## DEMAND FOR JURY TRIAL

64.     An answer to USEI's jury demand is not necessary from Fujitsu.

## DENIAL OF ANY REMAINING ALLEGATIONS

65.     Except as specifically admitted herein, Fujitsu denies any remaining allegations in the Complaint that are directed at Fujitsu.

## AFFIRMATIVE DEFENSES

66.     Fujitsu incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE
### (No Infringement)

67.     Fujitsu does not infringe and has not infringed any valid and enforceable claim of the '459, '872, '094, or '313 patent, willfully or otherwise, whether directly or indirectly, literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

68.     Claims of the '459, '872, '094, and/or '313 patents are invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C., including without limitation §§ 102, 103 and/or 112.

## THIRD AFFIRMATIVE DEFENSE
### (Equitable Principles)

69.     USEI's claims are barred in whole or in part under principles of equity, including laches, waiver, and/or unclean hands.

## FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

70.     USEI's claims are barred in whole or in part by estoppel, including, but not limited to, prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the '459, '872, '094, and/or '313 patents.

## FIFTH AFFIRMATIVE DEFENSE
### (Notice, Damages, and Costs)

71.     On information and belief, USEI's claims for damages against Fujitsu are statutorily limited by 35 U.S.C. § 286 and/or § 287.

72.     USEI is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SIXTH AFFIRMATIVE DEFENSE
### (License)

73.     Some or all of Fujitsu's products are licensed under the '459, '872, '094 or '313 patents, and/or are subject to the doctrines of patent exhaustion and expressed and/or implied license.

## SEVENTH AFFIRMATIVE DEFENSE
### (Sales to Government)

74.     USEI's claims are limited by 28 U.S.C. § 1498.

## RESERVATION OF AFFIRMATIVE DEFENSES

75.     Fujitsu hereby reserves the right to supplement additional affirmative defenses as discovery proceeds in this case.

Respectfully submitted,

Date:  January 15, 2010

*Andy Tindel w/ permission of Lead Attorney*

KARL J. KRAMER – Lead Attorney
(*Pro Hac Vice Pending*)
CHRISTOPHER F. JEU (State Bar No. 24050823)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Telephone: 650-813-5600
Facsimile: 650-494-0792
Email:  kkramer@mofo.com
Email:  cjeu@mofo.com

ANDY TINDEL
(State Bar No. 20054500)
PROVOST UMPHREY LAW FIRM, L.L.P.
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: 903-596-0900
Facsimile: 903-595-0909
Email: atindel@andytindel.com

ATTORNEYS FOR FUJITSU AMERICA INC. AND
FUJITSU LIMITED

**CERTIFICATE OF SERVICE**

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 15th day of January 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

Andy Tindel