IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| U.S. Ethernet Innovations, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. 6:09-cv-448-LED |
| | ) | |
| Acer, Inc.; Acer America Corporation; Apple, Inc.; ASUS Computer International; ASUSTeK Computer Inc.; Dell Inc.; Fujitsu Ltd.; Fujitsu America, Inc.; Gateway, Inc.; Hewlett Packard Co.; HP Development Company LLC; Sony Corporation; Sony Corporation of America; Sony Electronics Inc.; Toshiba Corporation; Toshiba America, Inc.; and Toshiba America Information Systems, Inc., | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF U.S. ETHERNET INNOVATIONS, LLC'S RESPONSE
IN OPPOSITION TO INTEL CORPORATION'S MOTION TO INTERVENE**

Plaintiff U.S. Ethernet Innovations, LLC ("USEI") hereby makes and files this Response in Opposition to Intel Corporation's Motion to Intervene, respectfully showing the Court as follows:

Intel Corporation ("Intel") argues that it is entitled to intervene and file its Complaint in intervention because it has agreed to "partially indemnify" some of the Defendants in this action as to certain claims of the Patents-in-Suit.

Intel's indemnification argument is premature at best. It is unclear whether any of the claims upon which Intel has indemnified these defendants are also at issue in the case. In its papers, Intel states that it has agreed to defend and indemnify the aforementioned [Defendants]

as to many of the claims of the Patents-in-Suit." [Declaration of Mike Labbee at ¶ 3 (attached to Intel's Motion to Intervene).] USEI has asked Intel to identify the specific claims for which its customers have requested indemnity, yet Intel has refused to disclose this information at this time. [Declaration of Ryan Walsh at ¶¶ 4, 5 (attached as Exhibit A).] Without the benefit of this information, it is not possible to determine whether any of the indemnified claims will even be at issue in this litigation. Intel's motion to intervene is therefore premature, at best, with respect to Intel's indemnification argument.

Intel similarly argues that it is entitled to intervene in this case because one accused product sold by Defendant Dell was supplied by Intel. However, a review of Intel's Complaint in intervention demonstrates that Intel is improperly seeking to use this single product out of the hundreds that are at issue as a way to seek broad sweeping relief to which it has made no showing of entitlement as set forth above. Indeed, Intel's Complaint in Intervention is not limited to the single Dell product named in the Complaint, nor is it limited to those unnamed claims for which Intel has indemnified some defendants. Under the circumstances, Intel has failed to demonstrate that it has the substantial legal interest necessary for the broad relief sought in its proposed Complaint in Intervention. *Nisus Corp. v. Perma-Chink Systems, Inc.*, 497 F.3d 1316 (Fed. Cir. 2007) (finding district court did not err in denying motion to intervene where third party lacked "a substantial legal interest in the underlying litigation").

In light of the foregoing, Plaintiff USEI respectfully requests that the Court deny Intel's motion to intervene. In the alternative, Plaintiff USEI respectfully requests that the Court defer a ruling on the motion until such time as Intel can demonstrate that its indemnification obligations are related to the patent claims at issue in this litigation.

Respectfully submitted, this 16th day of February, 2010.

COUGHLIN STOIA GELLER RUDMAN & ROBBINS, LLP


/s/ Ryan K. Walsh
John C. Herman
Ryan K. Walsh
Peter M. Jones
Jason S. Jackson
Jessica K. Redmond
3424 Peachtree Street, N.E.
Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)
jherman@csgrr.com
rwalsh@csgrr.com
pjones@csgrr.com
jjackson@csgrr.com
jredmond@csgrr.com

and

WARD & SMITH LAW FIRM
T. John Ward, Jr.
Wesley Hill
P. O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (fax)
jw@jwfirm.com
wh@jwfirm.com


Attorneys for Plaintiff
U.S. Ethernet Innovations, LLC

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 16, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/      Ryan K. Walsh