UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br><br>      Plaintiff,<br><br>v.<br><br>Acer, Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, ASUSTeK Computer Inc., Dell Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., HP Development Company LLC, Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc.,<br><br>      Defendants. | Case No. 6:09-CV-448-LED |

## REPLY IN SUPPORT OF INTEL'S MOTION TO INTERVENE

Plaintiff U.S. Ethernet's brief opposition to Intel's motion to intervene does not discuss the tests for intervention under either Rule 24(a)(2) (intervention as a matter of right) or Rule 24(b)(1)(B) (permissive intervention). It also fails to deal with the compelling facts and circumstances justifying Intel's intervention.

**I.     INTERVENTION AS OF RIGHT**

As set forth in Intel's moving papers, four criteria are to be considered under Rule 24(a)(2):  (1) the timeliness of the motion; (2) the potential intervener's interest in the property or transaction that is the subject of the underlying lawsuit; (3) any impairment to the intervener's ability to protect its interest absent intervention; and (4) the adequacy of the representation of the

potential intervener's interest by the existing parties. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

At best, U.S. Ethernet's opposition is directed at factor (2); it completely fails to respond to Intel's points as to the other factors. As to factor (1), there can be no question that Intel's motion is timely. As to factor (3), Intel pointed out that as product manufacture it has strong interests in validity, infringement and claim construction. *Honeywell Int'l.*, 2005 U.S. Dist. LEXIS 22933, at *12-13. U.S. Ethernet does not respond. As to factor (4), Intel pointed out that manufacturers have been held not adequately represented by their customers. *Id.* at *13. Moreover, cases hold that it is also desirable to add manufacturers to cases since they have more knowledge about their products than their customers. *Id.* at *4. Again, U.S. Ethernet does not respond.

Presumably addressing factor (2), U.S. Ethernet merely argues that it is unknown which claims it will assert and which claims Intel has agreed to indemnify and that Intel's accused product is just one of "hundreds" in the case. None of these contentions bear scrutiny.

*First*, it is clear from U.S. Ethernet's complaint that it accuses Intel of infringement in this case since it expressly names the Intel Pro/100 product. [Complaint (Dkt. 1), ¶ 25.] Thus, it does not matter precisely which claims are at issue.

*Second,* as Intel informed U.S. Ethernet when meeting and conferring on Intel's motion, although Intel's agreement to indemnify its customers is limited to certain claims of the patents in suit, Intel has agreed to defend its customers on all claims to the extent they relate to products containing Intel chipsets. Therefore, to the extent U.S. Ethernet asserts *any* claims against products in which Intel chipsets provide ethernet functionality, Intel has agreed to defend its customers on those claims.

*Third*, it is clear that Intel's indemnity obligations relate to this case since its customers sought, and obtained, indemnity in response to U.S. Ethernet's complaint in this case.

*Fourth*, U.S. Ethernet should not be heard to complain that specific claims have not been identified since only U.S. Ethernet knows what claims it will assert in this matter, and it has not yet identified those claims. Because Intel need not indemnify its customers on claims that are not asserted or for products that do not include Intel components, it does not make sense to require Intel to identify indemnified claims in advance of discovery and before U.S. Ethernet identifies asserted claims.

*Fifth*, to the extent that U.S. Ethernet is arguing that intervention should not be permitted until it serves its Preliminary Infringement Contentions (identifying claims and products), it cites no authority for this proposition, and such a rule would be contrary to efficient administration of the case. Early intervention should be encouraged, not prohibited. The *scope* of Intel's indemnity will be determined by U.S. Ethernet's Preliminary Infringement Contentions, but it is clear that Intel will be involved and should be added as a party.

*Sixth*, in focusing on which claims Intel has agreed to indemnify, U.S. Ethernet neglects the fact that Intel has an independent interest in this case as a manufacturer, apart from its interest as indemnitor. Numerous cases hold that manufacturers have a strong interest in intervening in suits against their customers. *See* cases cited at pp. 6-7 of Intel's opening brief.[1] U.S. Ethernet cites nothing to the contrary. Its *Nisus* case is not on point, as it merely holds that a patent attorney lacked standing to intervene in patent litigation where a patent he prosecuted was found unenforceable for inequitable conduct but where no sanctions had been levied against

---

[1] *See also* Order granting Intel's motion to intervene in *Negotiated Data Solutions LLC v. Dell, Inc.* (EDTX Case No. 2:06-CV-528-CE, October 23, 2008).

the attorney. *Nisus Corp. v. Perma-Chink Systems, Inc.*, 497 F.3d 1316, 1320-21 (Fed. Cir. 2007). This case has no bearing on the manufacturer issue discussed in so many other cases.

*Seventh*, U.S. Ethernet gives no reason to believe that even a "single" Intel product is insignificant, particularly given the volume of Intel's business and the high percentage of that business derived from the other defendants in this case. Moreover, U.S. Ethernet is incorrect in suggesting that its complaint identifies "hundreds" of products. In fact, it identifies only a handful of specific products. Further, it is likely that several of those products use Intel chipsets for ethernet functionality.

*Finally*, it is clear that Intel would have standing to file a declaratory judgment action, since U.S. Ethernet has specifically accused Intel of infringement, and this goes well beyond what is required under current declaratory judgment law. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 , 127 S.Ct. 764 (2007); *Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd.*, 2007 WL 2318924, *3 (N.D. Cal. 2007) (finding DJ jurisdiction where products were not accused but where patentee showed a willingness to pursue litigation). It would make little sense for the Court or the parties to require Intel to file a separate action and then separately address whether the cases should be consolidated.

## II.     PERMISSIVE INTERVENTION

Permissive intervention is allowed when three criteria are met: (1) the motion is sufficiently timely; (2) there is a common question of law or fact between the intervener's claim or defense and the main action; and (3) intervention will not unduly delay or prejudice the adjudication of rights of the original parties. *Am. Tobacco*, 1999 WL 1022129, at * 1.

U.S. Ethernet does not discuss this test at all, or the enumerated factors. Again, there can be no question that Intel's motion is timely. There can also be no question that there is a common question of law or fact, even if there is only one Intel product at issue. And U.S.

Ethernet cites no reason to think that Intel's intervention will cause delay or prejudice. If anything, greater involvement of Intel in discovery will speed the case up.

### III. CONCLUSION

For the foregoing reasons, Intel's motion to intervene should be granted.

Dated: February 24, 2010

Respectfully submitted,

FISH & RICHARDSON P.C.


By: */s/ Garland T. Stephens*
    Garland T. Stephens, Lead Attorney
    (24053910)
    David J. Healey (09327980)
    Benjamin C. Elacqua (24055443)
    John P. Brinkmann (24068091)
    **FISH & RICHARDSON P.C.**
    1221 McKinney Street
    Suite 2800
    Houston, TX 77010
    713-652-0115
    Fax: 713-652-0109
    stephens@fr.com
    healey@fr.com
    elacqua@fr.com
    brinkmann@fr.com

    John Thornburgh
    Seth Sproul
    **FISH & RICHARDSON P.C.**
    12390 El Camino Real
    San Diego, CA 92130
    858-678-5070
    Fax: 858-678-5099
    thornburgh@fr.com
    sproul@fr.com

    Counsel for Intervening Party
    INTEL CORPORATION

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 24, 2010 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

*/s/ Stacci H. Mahadeo*
Stacci H. Mahadeo

2010-02-24 Reply ISO Mtn to Intervene.doc