UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| U.S. ETHERNET INNOVATIONS, LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTeK COMPUTER INC.; DELL INC.; FUJITSU LTD.; FUJITSU AMERICA, INC.; GATEWAY INC.; HEWLETT PACKARD CO.; HP DEVELOPMENT COMPANY LLC; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.<br><br>**Defendants.** | NO. 6:09-CV-448-LED |

## NVIDIA CORPORATION'S MOTION TO INTERVENE

Pursuant to Rule 24 of the Federal Rules of Civil Procedure, NVIDIA Corporation ("NVIDIA") hereby moves to intervene in this action as a matter of right, or alternatively, by permission. NVIDIA seeks to intervene in this action because Plaintiff U.S. Ethernet Innovations, LLC. ("USEI") has accused several of NVIDIA's customers, including Apple, Inc., Fujitsu, Ltd. and Fujitsu America, Inc.[1], of infringement apparently based on networking technology. Since the products that Apple and Fujitsu purchase from NVIDIA are believed to provide the networking capabilities of some of the accused products, accusing the networking technology of Apple or Fujitsu is tantamount to accusing NVIDIA.

---

[1] Apple, Inc. is hereinafter referred to as "Apple". Fujitsu, Ltd. and Fujitsu America, Inc. are hereinafter collectively referred to as "Fujitsu."

NVIDIA CORPORATION'S MOTION TO INTERVENE                                                               Page 1
AUSTIN\210504.1

As such, and for the reasons set forth below, NVIDIA respectfully requests that the Court grant NVIDIA the right to intervene:

(1) As noted above, USEI's infringement claims against NVIDIA's customers relate to networking technology supplied by NVIDIA;

(2) NVIDIA's customers have requested indemnification for the costs of this suit;

(3) NVIDIA's presence as a party in this action will promote judicial economy because it will facilitate discovery and enable the resolution of all issues relating to the NVIDIA products and the patents-in-suit in one proceeding, thereby eliminating the prospect for multiple lawsuits; and

(4) The litigation is in its early stages, and the existing parties will not be prejudiced by NVIDIA's entry into the case.

NVIDIA therefore requests leave to intervene as a matter of right in this action under Rule 24(a)(2), or in the alternative, seeks the Court's permission to intervene pursuant to Rule 24(b)(1)(B). In accordance with Rule 24(c), a copy of NVIDIA's proposed Complaint in Intervention is attached hereto as **Exhibit A**.

## I. INTRODUCTION

NVIDIA is the world leader in visual computing – designing and developing many of the bedrock technologies that have enabled the tremendous explosion in recent years of high quality computer graphics and high definition ("HD") video on computers. Founded in Santa Clara, California in 1993, NVIDIA developed the first high-performance dedicated graphics processor for personal computers. Initially, NVIDIA sold its graphics processors mainly as an add-on card that plugged into personal computers.

However, starting several years ago, NVIDIA began supplying computer manufacturers, such as Apple and Fujitsu, with more versatile products. In addition to providing graphics capabilities for a computer, these products are also able to manage the movement of data into, out of, and within the computer. Amongst other things, these products can be configured to provide networking functions.[2] Rather than being sold as add-on cards, these more versatile products are sold directly to computer manufacturers, such as Apple and Fujitsu, and incorporated on those computers' motherboards. The computer manufacturers then build their computers around the NVIDIA products.

In its complaint, USEI alleges that certain Apple products and certain Fujitsu products infringe one or more of four U.S. patents related to a specific type of networking technology. At least some of these accused products, and potentially others, include networking components sold by NVIDIA. NVIDIA has recently been informed that USEI's Infringement Contentions specifically identify NVIDIA products as part of its infringement claim.

Apple and Fujitsu have requested that NVIDIA indemnify them in this action based on the claims made by USEI. Those requests create potential exposure for NVIDIA to the damages USEI seeks to recover from NVIDIA's customers for the alleged use of NVIDIA products in connection with the accused products. NVIDIA should be permitted to intervene and protect its own interests first-hand. Moreover, because NVIDIA values its reputation and relationship with its customers, NVIDIA should be permitted to eliminate, in a single action, the uncertainty that USEI's infringement allegations have cast over NVIDIA's products.

---

[2] It is important to note that the individual NVIDIA customer chooses the degree to which NVIDIA's products provide the network functionality. As such, it is possible that for certain Apple or Fujitsu products, the accused networking features could be located in a non-NVIDIA component of the system. Unfortunately, since USEI has not yet specifically identified the functionality it accuses, NVIDIA has been unable to make this determination. However, because USEI has accused a functionality at least partially provided by NVIDIA, it is logical to conclude that the functionality provided by the NVIDIA products will likely be accused by USEI.

NVIDIA's direct participation as a party in this action will also benefit the Court and the parties in meaningful ways. NVIDIA's unique knowledge of the design and functionality of its own technology and products will streamline and simplify the litigation. By participating in discovery and evidence presentation, NVIDIA will be able to ensure that any decision on the merits about the patents and accused products is based on complete and accurate information. Finally, NVIDIA's participation will not prejudice the rights of any existing party because the litigation is still at a very early stage.

## II.     FACTUAL BACKGROUND

### A.     This Case Is In Its Initial Pleading Stage.

On October 9, 2009, Plaintiff USEI sued Apple, Fujitsu, and a number of other computer manufacturers, alleging infringement of U.S. Patent Nos. 5,307,459; 5,434,872; 5,732,094; and 5,299,313 (collectively, "patents-in-suit"). [Dkt. 1]. Apple filed its answer on December 17, 2009 [Dkt. 73], and Fujitsu filed its answer on January 15, 2010 [Dkt. 85]. USEI answered Apple's counterclaims on February 5, 2010. [Dkt. 116].

On January 29, 2010, Intel Corporation filed a Motion to Intervene, seeking to intervene because a number of the patent infringement claims at issue relate to networking products that Intel supplies to its customers who have been named as defendants in the action. [Dkt. 107].

On March 1, 2010, this Court held its initial scheduling conference, wherein it assigned a January 13, 2011 claim construction hearing date and a September 6, 2011 trial date. [Dkt. 133]. Plaintiff served its initial disclosures and infringement contentions pursuant to P.R. 3-1 and 3-2 on March 5, 2010. [Dkt. 134]. NVIDIA has recently been informed that, in those contentions, USEI identified for the first time that NVIDIA products are involved in its infringement claims.

B.   **The Patents-in-Suit Implicate NVIDIA's Products Sold to Apple and Fujitsu.**

NVIDIA develops products that include network functionality, which are sold to and then deployed by computer manufacturers.  Declaration of T. Rao Coca ¶ 2, attached hereto as **Exhibit B**.  NVIDIA's customers include Apple and Fujitsu.  *Id.* ¶ 3.  Both Apple and Fujitsu have recently requested indemnification from NVIDIA for the claims brought by USEI.  *Id.* ¶¶ 4 & 5.  The Apple and Fujitsu claims imply that NVIDIA products perform the functionality that is implicated in this case.  *Id.* ¶ 6.  Moreover, USEI's recently propounded Infringement Contentions apparently clarify that NVIDIA products are at issue in this litigation.  [Dkt. 134].

Although NVIDIA denies that its products infringe any of the patents-in-suit, NVIDIA acknowledges that some of the accused products offered by Apple and Fujitsu include NVIDIA products that are able to provide networking functionality.  *Id.* ¶ 7.

III.   **ARGUMENT**

Rule 24(a) of the Federal Rules of Civil Procedure governs intervention of right, while Rule 24(b) governs permissive intervention.  Fifth Circuit law requires Rule 24 to be interpreted flexibly so that intervention is permitted where no one would be hurt and the greater interests of justice can be served.  *Heaton v. Monogram Credit Card Bank*, 297 F.3d 416, 422 (5th Cir. 2002) (reversing denial of motion to intervene); *John Doe No. 1 v. Glickman*, 256 F.3d 371, 375 (5th Cir. 2001) (same).

A.   **NVIDIA Should Be Permitted To Intervene As A Matter of Right.**

Under Rule 24(a)(2), a movant must be permitted to intervene whenever four conditions are met: (1) the motion to intervene is timely; (2) the movant has an interest in the property or transaction that is the subject matter of the action; (3) the disposition of the action may as a practical matter impair or impede the movant's ability to protect the movant's interests; and

(4) the existing parties do not adequately represent the movant's interests. *See* FED. R. CIV. P. 24(a)(2)[3]; *see also Heaton*, 297 F.3d at 422; *Glickman*, 256 F.3d at 375.

Each of those four factors "'must be measured by a practical rather than technical yardstick.'" *Edwards v. City of Houston,* 78 F.3d 983, 999 (5th Cir. 1996) (citations omitted). Thus, intervention has been found proper when the prejudice to a potential intervenor outweighs the potential prejudice to the remaining parties, particularly where, as here, there have been no legally significant proceedings other than discovery. *See Diaz v. S. Drilling Corp.,* 427 F.2d 1118, 1125-56 (5th Cir. 1970).

For the reasons set forth below, NVIDIA meets all four conditions under Rule 24(a)(2) for intervention to be granted as a matter of right.

### 1. NVIDIA's Motion to Intervene is Timely.

Timeliness is determined from all the facts and circumstances, including: 1) the time from notice of the intervenor's interest to the filing of the motion; 2) the extent of prejudice to existing parties from the timing of the motion; 3) the extent of prejudice to the movant if leave to intervene were denied; and 4) other special circumstances (if any exist and apply). *Edwards*, 78 F.3d at 1000; *Heaton*, 297 F.3d at 422-23. The Fifth Circuit has noted that "[t]he analysis is contextual; absolute measures of timeliness should be ignored." *Sierra Club v. Espy,* 18 F.3d 1202, 1205 (5th Cir. 1994).

#### a. NVIDIA has Timely Filed Its Motion.

In this case, the lawsuit was only recently commenced—in October 2009. On March 5, 2010, USEI served its infringement contentions, identifying for the first time that NVIDIA

---

[3] Specifically, Fed. R. Civ. P. 24(a)(2) provides,
> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

products will be at issue in this litigation. Prior to the disclosure of USEI's infringement contentions, NVIDIA had no way to be certain whether its products would be accused of infringement, particularly in light of Apple and Fujitsu's use of other non-NVIDIA networking products.

Once NVIDIA learned its products were accused of infringement, it moved diligently to investigate the claims and then assert its position in this litigation. NVIDIA's intervention would come far before the claim construction hearing and trial, and before expert witness disclosures and the bulk of discovery.

Thus, NVIDIA's motion is timely filed near the initial period of the action. *See Edwards,* 78 F.3d 1000-01 (citing Fifth Circuit intervention cases finding periods as long as five months or more to be reasonable). Importantly, NVIDIA is not requesting an extension of any deadlines set by the Court in this matter. NVIDIA is prepared to move forward within the schedule set by the Court.

### b. Existing Parties Will Not Be Prejudiced.

NVIDIA's motion is also timely because USEI will not suffer any prejudice from the *timing* of the motion. *See Edwards*, 78 F.3d at 1002 ("This factor is concerned only with the prejudice caused by the applicants' delay, not that prejudice which may result if intervention is allowed."). Here, the timing of NVIDIA's motion to intervene does not prejudice the existing parties because the proceedings are at an early stage, with the scheduling conference only recently held. *See Glickman*, 256 F.3d at 375-76.

Given that the claims construction hearing is over nine (9) months away and trial is over seventeen (17) months away, USEI has no basis to claim prejudice from the timing of the motion. In fact, many of the technical details about NVIDIA products will only be available

from NVIDIA, and thus, USEI will ultimately benefit from NVIDIA becoming a party to this case.

### c. NVIDIA will be Prejudiced if its Motion to Intervene is Denied.

NVIDIA would suffer substantial prejudice if leave to intervene were denied. Litigating allegations of infringement against NVIDIA products without NVIDIA is unfair, and places NVIDIA in the precarious position of relying on other, less knowledgeable parties to defend NVIDIA's products. Given that NVIDIA's products are implicated by USEI's infringement allegations (and NVIDIA's customers' indemnity requests), NVIDIA is uniquely situated and best motivated to ensure that the facts regarding its products are fully developed and accurately presented in the case.

Apart from intervention, the only other option available to NVIDIA in its effort to protect those strong interests would be to bring a separate declaratory judgment action for a finding of non-infringement and invalidity of the patents-in-suit. Such a declaratory judgment action would necessarily lag behind this case, and the relief available to NVIDIA in a later-resolved case would likely be limited by the success of the defense in this case. Such a result would not only be manifestly unfair but also wasteful of judicial resources.

Moreover, USEI's infringement claims affect not only NVIDIA's products but also NVIDIA's relationships with its other existing and potential customers. All of these facts weigh in favor of concluding that the motion was timely.

### 2. NVIDIA Has Significant Interests in the Lawsuit.

A party is entitled to intervene in an action when it has a "'direct, substantial, [and] legally protectable interest in the proceedings." *Ozee v. Am. Council on Gift Annuities, Inc.,* 110 F.3d 1082, 1096 (5th Cir. 1997), *vacated and remanded*, 522 U.S. 1011, *proceedings after remand* 143 F.3d 937 (1998) (reversing order denying motion to intervene). Public policy favors

involving a manufacturer, rather than its customers, in patent litigation concerning the manufacturer's technology. *See Chandler & Price Co. v. Brandtjen & Kluge, Inc.*, 296 U.S. 53, 55 (1935) (manufacturer's intervention in a patent infringement action against its customers held "necessary for the protection of its interest"); *Tegic Commc'ns Corp. v. Bd. of Regents of the Univ. of Tex. Sys.,* 458 F.3d 1335, 1334 (Fed. Cir. 2006) (allowing the manufacturer to seek intervention in the litigation to the extent that its interest may be impaired).[4]

Here, NVIDIA has a direct and substantial interest in this action because it develops, licenses and provides the products that perform a networking functionality that appears to be accused in this case. *See* Notice of Compliance with P.R. 3-1 and 3-2, [Dkt. 134]. Therefore, NVIDIA has an interest in defending its own technology and in clarifying the intellectual property rights that apply to such technology.

Moreover, rather than suing the parties that develop and sell the networking products, USEI accused a large number of networking products customers (i.e., computer manufacturers) of patent infringement. Not only is intervention routinely granted in such situations, but NVIDIA's interest is also especially significant given that USEI has asserted the patents-in-suit against a number of potential future NVIDIA customers. Thus, USEI's "customer-focused" approach to patent litigation weighs heavily in favor of granting NVIDIA's motion.

Lastly, given that NVIDIA is facing indemnity demands from Apple and Fujitsu, NVIDIA has a separate and independently sufficient ground for intervention. *See Fisherman's Harvest, Inc. v. United States,* 74 Fed. Cl. 681, 685 (2006) (intervention proper where intervening party seeks to protect its interest under an indemnification agreement); *accord Martin v. Travelers Indem. Co.,* 450 F.2d 542 (5th Cir. 1971) (driver of vehicle in a personal

---

[4] *See also., Honeywell Int'l, Inc. v. Audiovox Commc'ns Corp.*, No. Civ.A. #04-1337, 2005 WL 2465898, at *3 (D. Del. May 18, 2005); *InArquest, Inc. v. Tracy*, Nos. 02-C-1649, 99-C-2736, 2002 WL 1803746, at *2 (N.D. Ill. Aug. 6, 2002).

injury case, who was an employee of the vehicle owner and who claimed insured status under the owner's insurance contract, had interest sufficient for intervention under Rule 24(a)(2)).

### 3. NVIDIA's Ability to Protect Its Interests Will be Impaired If It Cannot Intervene.

If the intervenor "would be substantially affected in a practical sense by the determination made in an action, he should . . . be entitled to intervene." Fed. R. Civ. P. 24, Advisory Committee Notes, 1966 Amendments. "The *stare decisis* effect of an adverse judgment constitutes a sufficient impairment to compel intervention." *Heaton*, 297 F.3d at 424. "[I]t is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid the damaging impact of an adverse ruling against its products." *Katz v. Lear Siegler, Inc.,* 909 F.2d 1459, 1464 (Fed. Cir. 1990) (citing *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 738 (1st Cir. 1977)).

NVIDIA's ability to protect and defend its products will be compromised if it is prevented from participating as a party in this action. Indeed, NVIDIA has much at stake in this case: USEI seeks both monetary damages, for which NVIDIA would potentially be responsible should it be required to indemnify, and an injunction, which would unquestionably impact NVIDIA's future sales of its products.

Furthermore, an adverse judgment of infringement could create a precedent that could be used in other circumstances or proceedings directed against NVIDIA products or customers. Therefore, NVIDIA will best be able to protect its interests, as well as conserve the resources of both the Court and the parties, if allowed to intervene.

### 4. NVIDIA's Interests are Inadequately Represented by the Existing Parties.

A movant satisfies the requirement of showing inadequate representation if it demonstrates that the defense of the case by the existing parties *may be* inadequate to protect its

interests. *Sierra Club*, 18 F.3d at 1207 (5th Cir. 1994). The burden of making such a showing is minimal. *See id.* (quotation omitted).

Although Apple and Fujitsu seek to defeat USEI's allegations of infringement, NVIDIA has interests above and beyond those that it shares with Apple and Fujitsu. For example, NVIDIA has a broad interest in protecting its products for use by other actual and potential customers (some of whom may be competitors of Apple and Fujitsu). Neither Apple nor Fujitsu can reasonably be expected to protect NVIDIA's interests as vigorously or as exhaustively as NVIDIA will protect its own interests in the products it has developed.

Additionally, Apple and Fujitsu are requesting NVIDIA to provide indemnification against an adverse outcome. *See Bush v. Viterna*, 740 F.2d 350, 357 (5th Cir. 1984) (leave to intervene required where intervenors may potentially make a "more vigorous presentation" of their interests than existing parties). It would be unfair to expect NVIDIA to rely solely on Apple or Fujitsu to protect the unique aspects of NVIDIA's broad interests in the subject matter at issue.

Lastly, as discussed above, the other parties—even including Apple and Fujitsu—simply do not have sufficient knowledge and expertise to fairly defend NVIDIA's products. With the expertise at its disposal, NVIDIA is uniquely situated to defend any accused NVIDIA product against USEI's accusations and to provide information about NVIDIA products to USEI during discovery. Therefore, NVIDIA has a right to intervene and protect its own interests directly. *See Heaton*, 297 F.3d at 425 (holding that intervention is required even where "the FDIC's interests and Monogram's may diverge in the future, even though, at this moment, they appear to share common ground").

### B. In the Alternative, NVIDIA Should Be Permitted to Intervene Permissively.

Should the Court decide that NVIDIA is not entitled to intervene as of right, NVIDIA moves in the alternative for leave to intervene by permission under Rule 24(b)(2). A significant protectable interest is not required to intervene by permission; all that is required is that the intervenor's claim or defense and the main action have a question of law or fact in common. Fed. R. Civ. P. 24(b)(2); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977); *Dayton Indep. Sch. Dist. v. U.S. Mineral Prods. Co.*, Civ.A Nos. B-87-00507-CA, B-88-00429-CA, 1989 WL 237732, at *4 (E.D. Tex. Feb. 14, 1989) (Fisher, J.) ("Rule 24(b)(2) 'plainly dispenses with any requirement that the intervenor [shall] have a direct, personal or pecuniary interest in the subject of the litigation.'") (quotation omitted).

Consistent with the liberality of the rule's requirements, courts permit intervention whenever: 1) the motion has been timely filed; 2) a common question of law or fact exists; and 3) there has been no undue delay or prejudice. *Stallworth*, 558 F.2d at 269; *Reid v. Gen. Motors Corp.,* 240 F.R.D. 257, 260 (E.D. Tex. 2006) (permitting Microsoft to intervene permissively where its customer had been sued for patent infringement and had demanded indemnity from Microsoft).

As discussed above, NVIDIA has not engaged in undue delay and will not prejudice USEI or any of the defendants by intervening. In fact, NVIDIA is willing to accept any scheduling dates already established by the Court. Instead of injecting delay or complication, NVIDIA's presence as a party will facilitate discovery and presentation of the case. Moreover, numerous common questions of law and fact exist. The common factual and legal issues include: (1) design and functionality of NVIDIA products deployed in Apple and Fujitsu's accused products; (2) construction of the disputed claim terms in the asserted patents, (3)

invalidity of the asserted claims of the patents; and (4) non-infringement of Apple and Fujitsu products in connection with their use of NVIDIA products. Accordingly, NVIDIA should be permitted, at the very least, to intervene by permission under Rule 24(b)(2).

## IV. CONCLUSION

For the foregoing reasons, NVIDIA respectfully requests that the Court grant its Motion to Intervene through the filing of the attached Complaint in Intervention.

Dated:  March 17, 2010

                                                     Respectfully submitted,

                                                     BRACEWELL & GIULIANI LLP


By:        /s/Michael Chibib
            Michael Chibib
            State Bar No. 00793497
            Michael.Chibib@bgllp.com
            Barry K. Shelton
            State Bar No. 24055029
            Barry.Shelton@bgllp.com
            David Hoffman
            State Bar No. 24046084
            David.Hoffman@bgllp.com
            Betty H. Chen
            State Bar No. 24056720
            Betty.Chen@bgllp.com
            BRACEWELL & GIULIANI LLP
            111 Congress Avenue,
            Suite 2300
            Austin, Texas  78701
            (512) 472-7800
            (512) 472-9123 fax

            John H. Barr, Jr.
            State Bar No. 00783605
            John.Barr@bgllp.com
            BRACEWELL & GIULIANI LLP
            711 Louisiana, Suite 2300
            Houston TX 77002-2770
            (713) 223-2300
            (713) 221-1212 fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

*/s/ Michael Chibib*
Michael Chibib

## CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE CV-7(h)

The undersigned certifies that NVIDIA Corporation has communicated with counsel for USEI regarding the subject matter of this motion, but USEI indicated that it is unable to determine as of this date whether it opposes the motion. USEI is currently opposed to a similar motion filed by Intel Corporation.

*/s/ Michael Chibib*
Michael Chibib