IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br><br>               Plaintiff,<br><br>   vs.<br><br>Acer, Inc.; Acer America Corporation; Apple, Inc.; ASUS Computer International; ASUSTeK Computer Inc.; Dell Inc.; Fujitsu Ltd.; Fujitsu America, Inc.; Gateway, Inc.; Hewlett Packard Co.; HP Development Company LLC; Sony Corporation; Sony Corporation of America; Sony Electronics Inc.; Toshiba Corporation; Toshiba America, Inc.; and Toshiba America Information Systems, Inc.,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action File<br>)  No. 6:09-cv-448-LED |
| **and** | ) |
| U.S. Ethernet Innovations, LLC,<br><br>               Plaintiff,<br><br>   vs.<br><br>AT&T Inc.; Barnes & Noble, Inc.; Claire's Stores, Inc.; J. C. Penney Company, Inc.; Sally Beauty Holdings, Inc.; and Home Depot U.S.A., Inc.,<br><br>               Defendants. | )<br>)<br>)<br>)<br>)  Civil Action File<br>)  No. 6:10-cv-86<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF U.S. ETHERNET INNOVATIONS, LLC'S MOTION TO CONSOLIDATE

Plaintiff U.S. Ethernet Innovations, LLC ("USEI"), pursuant to Federal Rule of Civil Procedure 42(a) and Local Rule CV-42(b), hereby moves the Court to consolidate *U.S. Ethernet Innovations, LLC, v. Acer, Inc., et al.,* Civil Action File No. 6:09-CV-448-LED (the "Acer action")

for all purposes with *U.S. Ethernet Innovations, LLC, v. AT&T Inc., et al.,* Civil Action File No. 6:10-CV-86 (the "AT&T action"),both patent infringement actions that are currently pending before this Court involving Plaintiff USEI, the same four patents, and similar infringing products. Consolidation will conserve client resources, promote judicial economy, and minimize the risk of inconsistent decisions regarding issues of patent validity, enforceability, claim construction, and infringement. Therefore, USEI respectfully requests that the Court consolidate these two cases at least through discovery and claim construction.

## I.    BACKGROUND

USEI is a Texas limited liability company based in Tyler, Texas. 3Com Corporation ("3Com") selected USEI to handle certain aspects of enforcement related to the wide-spread infringement of 3Com's patented Ethernet technology (the "Ethernet Patent Portfolio") to pursue a number of companies, including some of 3Com's current customers, many of which were using cheap, foreign-made infringing products. While at one time 3Com employed 4,000 people in its Ethernet business, this division has been completely driven out of the market by waves of cheap, primarily foreign-manufactured Ethernet products.

On October 9, 2009, USEI filed the Acer action, alleging infringement of United States Patent Nos. 5,307,459 (the "'459 Patent"), 5,434,872 (the "'872 Patent"), 5,732,094 (the "'094 Patent"), and 5,299,313 (the "'313 Patent") (collectively, the "Patents-in-Suit"). [Acer action, Dkt. No. 1]. On March 10, 2010, USEI filed the AT&T action, alleging infringement of the same four patents. [AT&T action, Dkt. No. 1].

Both the Acer action and the AT&T action involve the same plaintiff and the same four patents. Moreover, both cases involve similar products incorporating Ethernet technology, and

similar legal theories and underlying factual allegations.  [Acer action, Dkt. No. 1; AT&T action, Dkt. No. 1].

## II.     ARGUMENT

### a.     Fed. R. Civ. P. 42(a) and Local Rule CV-42(b)-(c)

Rule 42(a) of the Federal Rules of Civil Procedure and Local Rule CV-42(b)-(c) provide that a trial court may consolidate pending actions involving common questions of law or fact. *Canal Barge Co., Inc. v. Tubal-Cain Marine Servs., Inc.*, No. 1:09-CV-533, 2009 U.S. Dist. LEXIS 114658, *2 (E.D. Tex., Dec. 7, 2009) (citing *St. Bernard Gen'l Hosp., Inc. v. Serv. Ass'n of New Orleans, Inc.,* 712 F.2d 978, 989 (5th Cir. 1983)).  District courts use consolidation as a procedural tool to promote efficiency and judicial economy.  *Intel Corp. v. Commonwealth Scientific and Indus. Research Org.,* No. 6:06-CV-551, 2008 U.S. Dist. LEXIS 103613, *20 (E.D. Tex., Dec. 23, 2008); *Pugh v. Baker Hughes Oilfield Ops., Inc.,* No. H-07-2346, 2007 U.S. Dist. LEXIS 83818, *2 (S.D. Tex., Nov. 13, 2007).  District courts have broad discretion in determining whether consolidation is appropriate.  *Frazier v. Garrison I.S.D.,* 980 F.2d 1514, 1532 (5th Cir. 1993); *Barge Co.,* 2009 U.S. Dist. LEXIS 114658 at *2.  Consolidation is often appropriate and not uncommon in patent infringement actions involving the same patents and multiple defendants.  *See, e.g., Intel,* 2008 U.S. Dist. LEXIS 103613, at *20.

In deciding whether to consolidate cases, a district court examines a number of factors that include the following:

> (1) [W]hether the actions are pending before the same court, (2) whether common parties are involved in the cases, (3) whether there are common questions of law and/or fact, (4) whether there is risk of prejudice or confusion if the cases are consolidated, and if so, is the risk outweighed by the risk of inconsistent adjudications of factual and legal issues if the cases are tried separately, (5) whether consolidation will conserve judicial resources, (6) whether consolidation will result in an unfair advantage, (7) whether consolidation will reduce the time for resolving

cases, and (8) whether consolidation will reduce the costs of trying the cases separately.

*In re Campe Arrowhead, Ltd.,* No. SA-10-CV-170, 2010 U.S. Dist. LEXIS 21177, *3-4 (W.D. Tex. Mar. 8, 2010).  Courts also consider the stages of preparation for each case. *Harris v. Bexar*, No. SA-08-CV-728, 2009 U.S. Dist. LEXIS 108984, *2-3 (W.D. Tex., Nov. 23, 2009).  Courts balance these factors in order to determine if consolidation is appropriate.  *Zolezzi v. Celadon Trucking Services, Inc.*, No. H-08-3508, 2009 U.S. Dist. LEXIS 21226, *3 (S.D. Tex. Mar. 16, 2009).

      **b.**    **Consolidation Is Appropriate Here**

      1.    <u>Both Cases Involve The Same Court And The Same Plaintiff</u>

The first two factors under Rule 42(a) favor consolidation, as USEI is the plaintiff in both the Acer and AT&T actions, and both cases are currently pending before the Eastern District of Texas, Tyler Division.  Also, given the nature of patent infringement suits, it is not uncommon to consolidate cases that share no common defendants.[1]

      **2.**    <u>Both Cases Involve Common Issues of Law or Fact</u>

The Acer and AT&T actions involve *multiple* common issues of law and fact and therefore are ripe for consolidation.  The same four patents are at issue in both the Acer action and the AT&T action and consolidation through claim construction would enable the Court to conserve judicial resources through the *Markman* phase of the case.  In addition the accused devices in the two actions are similar as both involve products incorporating Ethernet technology such as laptops, desktops,

---

[1] The Honorable Leonard E. Davis recently consolidated five patent cases centering on the same patent (three declaratory judgment actions and two infringement actions) that only shared one similar party (the patent assignee) with nineteen other party members. *See Intel,* 2008 U.S. Dist. LEXIS 103613.

Ethernet adapters, and Ethernet controllers that utilize technology from the Patents-in-Suit to substantially improve networking performance.  [Acer action, Dkt. No. 1; AT&T action, Dkt. No. 1]. As a result, the enforceability and validity of the same four patents will be at issue in both cases, as will the infringement of the patents by various devices incorporating wired Ethernet technology. Therefore, common issues of law *and* fact abound in the Acer and AT&T actions.

> **3.**     Status of Discovery

Both cases are in their early stages.  In the Acer action, the Court entered a Docket Control and Discovery Order on March 29, 2010, setting forth limitations and deadlines for discovery.  The Court has also set the *Markman* hearing for January 13, 2011, close of discovery for May 13, 2011, and the trial for September 6, 2011.  [Acer action, Dkt. No.169].  The AT&T action was filed less than a month ago, and answers have yet to be filed.  Accordingly, this factor also favors consolidation.  Plaintiff believes that the AT&T action can easily be placed on the same schedule already set in the Acer action.

> **4.**     Reducing Costs, Delay, and Resources

Because these cases involve the same plaintiff, the same patents, and similar technology, consolidating the Acer and AT&T actions will conserve costs, time, and resources for both the Court and the parties.  Rather than having the Court decide questions of validity, enforceability, claim construction, and infringement regarding the same four patents in separate actions, consolidation will streamline this process in a single proceeding.  Moreover, consolidation will allow the parties to collectively prepare and provide joint positions regarding issues such as claim construction, invalidity, and infringement, where appropriate.  It will also allow the parties to avoid duplicative party and third-party discovery.

Consolidation would also eliminate the need for two judges to preside over the Acer and AT&T actions at trial, freeing the Court to attend to other matters.  Consolidation would therefore conserve costs, time, and resources for both the parties and the Court.

**5.**     Lack of Prejudice or Unfair Advantage

The parties to these two actions will not be prejudiced by consolidation.  To the contrary, consolidation creates advantages for all parties by reducing costs and duplication of effort, for example, by enabling the parties to prepare and provide joint positions regarding claim construction, invalidity, and infringement.

**III.     CONCLUSION**

In light of the foregoing, USEI respectfully requests that the Court consolidate the Acer and AT&T actions.

Respectfully submitted, this 2nd day of April, 2010.

COUGHLIN STOIA GELLER RUDMAN &
ROBBINS, LLP


/s/ Peter M. Jones
John C. Herman
Ryan K. Walsh
Peter M. Jones
Jason S. Jackson
Jessica K. Redmond
3424 Peachtree Street, N.E.
Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)
jherman@csgrr.com
rwalsh@csgrr.com
pjones@csgrr.com
jjackson@csgrr.com
jredmond@csgrr.com

and

WARD & SMITH LAW FIRM
T. John Ward, Jr.
Wesley Hill
P. O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (fax)
jw@jwfirm.com
wh@jwfirm.com


Attorneys for Plaintiff
U.S. Ethernet Innovations, LLC

## <u>CERTIFICATE OF CONFERENCE</u>

Pursuant to Local Rule CV-7(h) and this Court's General Discovery Order, counsel for Plaintiff U.S. Ethernet Innovations, LLC, met and conferred with counsel for Defendants regarding the subject matter of this motion.  Defendants are opposed to the relief requested.


 /s/   Peter M. Jones
Peter M. Jones

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).

/s/      Peter M. Jones
Peter M. Jones