IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 6:09-cv-448-LED-JDL |
| ACER, INC., | § § | |
| ACER AMERICA CORP., | § | |
| APPLE, INC., | § | |
| ASUS COMPUTER, INTERNATIONAL, | § | JURY TRIAL DEMANDED |
| ASUSTeK COMPUTER, INC., | § | |
| DELL INC., | § | |
| FUJITSU LTD., | § | |
| FUJUITSU AMERICA, INC., | § | |
| GATEWAY, INC., | § | |
| HEWLETT PACKARD, CO., | § | |
| HP DEVELOPMENT COMPANY LLC, | § | |
| SONY CORP. OF AMERICA, | § | |
| SONY ELECTRONICS, INC., | § | |
| TOSHIBA CORP., | § | |
| TOSHIBA AMERICA, INC., AND | § | |
| TOSHIBA AMERICA      INFORMATION SYSTEMS, INC., | § § § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the parties' Partially Agreed Motion for Entry of Discovery and Docket Control Orders (Doc. No. 168). Plaintiff U.S. Ethernet Innovations, LLC ("USEI") and the above-named Defendants have submitted competing proposals as to disputed areas of the Discovery Order to be entered in this case. The Court enters its Discovery Order contemporaneously with this Order, but offers its reasoning herein to resolve the disputes between the parties.

**A.     General Overview**

Before addressing the parties' disputes, the Court offers some global comments as to the direction of discovery practice in this district. Recently, the Court has observed an increase in the number of cases involving multiple, often unrelated defendants, and often multiple asserted patents and products. These cases have resulted in expanded discovery requests from the parties, particularly related to the number of deposition hours presumed necessary to bring a multiple defendant case to trial.[1]

The expanded discovery requests in recent cases, whether jointly or by one side, seem to be made with little concern for the expense an extraordinary amount of discovery entails. While cognizant of the pivotal role deposition testimony often plays in complex patent infringement actions, the Court is not persuaded that the parties readily benefit from the substantial expenditure of resources necessary to depose those that may be tangentially in possession of relevant information. As these requests for large numbers of deposition hours show, there is a distinct need to remind litigants of the importance of succinctly honing their case throughout discovery so as to clearly and efficiently present the most central issues to the jury and Court at the time of trial. During pre-trial proceedings, it often seems as though the parties lose sight of what their case is actually about. In conducting and managing discovery, the Court advises the parties to evaluate the merits of the case, as a whole and as to particular defendants, and continually re-focus on what will ultimately be contested at trial.[2] To that end, in these cases, the Court will typically allow the parties a restricted

---

[1] For example, it would not be uncharacteristic in this type of suit for the parties to request between 200–400 deposition hours, which does not include time to depose expert witnesses.

[2] Often, in these multiple defendant cases, many of the defendants are dismissed quite early in the case, obviating the need for discovery as to all defendants.

amount of deposition hours to be followed by specific requests from the parties as to the need for further depositions.

**B.     Discussion of Deposition Time in this Case**

In the contemporaneous Discovery Order, the Court will allow Plaintiff and Defendants, collectively,[3] to each take up to **150 hours** of deposition testimony.[4] This time is intended for the depositions of parties and third-parties, but excludes expert witnesses. The Court recognizes that both sides in the case have requested significantly more time for depositions, and therefore, the Court will not consider this a final cap on the number of deposition hours, but will not allow more time unless the parties can present with specificity why more time is necessary. Accordingly, should any party request additional deposition hours, they are **ORDERED** to meet and confer and then submit a proposal to the Court at least 30 days before discovery is scheduled to close that demonstrates good cause for allowing the additional time.[5]

---

[3] Defendants may divide this time among the eight "Defendant groups" as they see fit.

[4] This allotment of deposition time is consistent with other multiple defendant cases handled by this Court. *See, e.g., Realtime, LLC v. Packeteer, Inc. et al.*, No. 6:08cv144-LED-JDL (Doc. No. 126) (allowing Plaintiff to take 150 hours of deposition testimony and Defendants to take 125 hours of deposition testimony in a case with thirteen defendants named in the Complaint); *Konami Digital Entm't Co v. Harmonix Music Sys., Inc. et al.*, No. 6:08cv286-JDL (Doc. No. 46) (allowing Plaintiff and Defendants to each take 125 hours of deposition testimony in a case demanding extensive discovery in the United States and Japan); *Fractus, S.A. v. Samsung Electronics Co. et al.*, No. 6:09cv203-LED-JDL (Doc. No. 220) (awarding an escalated amount of deposition time where Plaintiff was allowed to take a maximum of 175 total hours of deposition testimony and Defendants were collectively allowed to take a maximum of 200 hours of deposition testimony in case with twenty-seven defendants named in the Complaint).

[5] Such a proposal should, in no more than five pages, briefly outline why more deposition time is necessary in light of a party's particular trial strategy and plan. The proposal should expressly state how much additional time is desired, the subject matter on which additional witnesses will be deposed (e.g., infringement liability, damages, willfulness, etc.) and the time frame in which the depositions will be carried out. Should there be a request by Defendants to take the requested depositions together, or individually, this preference should be noted as well.

**C.     Resolution of Disputed Issues in the Discovery Order Proposals**

**Issue #1– Paragraph 2B**

The Court will use its standard language in paragraph 2B, but will extend the deadline for Additional Disclosures until **May 20, 2010**. Should the Defendants be unable to meet this deadline, they will have the opportunity to file a Motion seeking relief.

**Issue #2– Paragraph 4B**

Plaintiff will be allowed to serve no more than 20 requests for admission on each Defendant, and each Defendant will be allowed to serve no more than 20 requests for admission on Plaintiff. The Court additionally directs the Defendants to make their best efforts to coordinate requests so as to avoid duplicative efforts. The Court declines to adopt USEI's proposal because each individual Defendant is entitled to exercise its discovery rights against the party bringing allegations against it.

Consistent with the discussion in the previous section, *supra*, addressing deposition time, should any party require more requests for admission, such a request can be made in the form of a proposal to the Court that particularly outlines what is needed and why.

**Issue #3– Paragraph 4C**

This issue was previously addressed in section B, *supra*.

**Issue #4– Paragraph 6**

The Court will use its standard language in Paragraph 6 as it relates to Expert Discovery.

**So ORDERED and SIGNED this 7th day of April, 2010.**

4      _____
          JOHN D. LOVE
          UNITED STATES MAGISTRATE JUDGE