UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **U.S. ETHERNET INNOVATIONS, LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>ACER, INC.; ACER AMERICA CORPORATION; APPLE, INC.; ASUS COMPUTER INTERNATIONAL; ASUSTeK COMPUTER INC.; DELL INC.; FUJITSU LTD.; FUJITSU AMERICA, INC.; GATEWAY INC.; HEWLETT PACKARD CO.; HP DEVELOPMENT COMPANY LLC; SONY CORPORATION; SONY CORPORATION OF AMERICA; SONY ELECTRONICS INC.; TOSHIBA CORPORATION; TOSHIBA AMERICA, INC.; and TOSHIBA AMERICA INFORMATION SYSTEMS, INC.<br><br>**Defendants.** | NO. 6:09-CV-448-LED |

## NVIDIA CORPORATION'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO NVIDIA'S MOTION TO INTERVENE

NVIDIA Corporation ("NVIDIA") submits this Reply to Plaintiff U.S. Ethernet Innovations, LLC's ("USEI") Response in Opposition to NVIDIA's Motion to Intervene, respectfully showing the Court as follows:

In USEI's Response, USEI entirely fails to address three of the four factors under Fed. R. Civ. P. 24(a)(2) that the Court must consider when determining whether to allow NVIDIA to intervene as a matter of right. Specifically, USEI does not rebut that: a) NVIDIA's motion is timely; b) the disposition of the action may as a practical matter impair or impede NVIDIA's ability to protect its interests; and c) the existing parties do not adequately represent NVIDIA's

interests.  Accordingly, USEI has waived its arguments as to those factors.  *See e.g., Dortch v. Memorial Herman Healthcare System-Southwest,* 525 F.Supp.2d 849, n.69 (S.D. Tex. 2007) (finding that failure to respond to an issue constitutes a waiver of that argument).  Further, in its response, USEI fails to address (and has thus waived) *any* arguments that NVIDIA cannot intervene by permission under Fed. R. Civ. P. 24(b)(2).  Even setting aside USEI's failure to substantively respond to NVIDIA's motion, the arguments USEI does make fail on their merits for the reasons set forth below.

**The Indemnity Requests by Multiple Defendants is Enough**

First, USEI puts forth an unprecedented—and incorrect—theory that NVIDIA does not have standing to intervene because NVIDIA has not publicly stated its intentions regarding indemnity requests by its customers that are defendants in the case.  However, USEI fails to cite a single case in which the court required an intervenor to agree to indemnification before it can intervene in the case.

On the contrary, NVIDIA's intervention is clearly proper as NVIDIA's products are blatantly accused in the case; and several of the defendants have already requested indemnification from NVIDIA.  Courts have regularly granted motions to intervene based on the mere threat of indemnification.  For example, in *Reid v. General Motors Corp., et al.,* 240 F.R.D. 257, 259-60 (E.D. Tex. 2006) (Folsom, J.), this Court allowed Microsoft Corporation to intervene in the patent infringement action after it was presented with an indemnity demand by defendant Halliburton.  Similarly, in *International Business Machines Corp. v. Conner Peripherals, Inc.,* Nos. C-93-20117, et al., 1994 WL 706208, *3-4 (N.D. Cal. 1994), the court allowed the movant to intervene after the defendant "articulated its intent to seek indemnity" from the movant for patent infringement claims.  *See also, e.g., Southwestern Bell Telephone,*

*L.P. v. Arthur Collins, Inc.,* CA No. 3:04-CV-0669-B, 2006 WL 2931774, *1 (N.D. Tex. 2006) (noting that the court had granted proposed intervenor leave to intervene because of "potential indemnity obligations" in a patent infringement suit); *Ancora Technologies, Inc. v. Toshiba Information Systems, Inc.,* No. SA CV 08-0626, 2008 WL 4326788, *1 (C.D. Cal. 2008) (permitting the movant to intervene as a matter of right because "[d]efendants are some of [movant's] largest [OEM] customers and have tendered demands for indemnification and defense to [movant]").[1]

USEI also claims that NVIDIA's motion should be denied because USEI cannot tell whether NVIDIA has agreed to indemnify a defendant for contributory infringement or for direct infringement. As discussed above, there is no case law requiring an intervenor to have agreed to indemnify a defendant, much less identify exactly which particular claims will be indemnified. Indeed, USEI's entire standing challenge is a red herring. NVIDIA undeniably has standing even if its precise indemnity obligations have not yet been determined because NVIDIA's intervention rights arise from the allegations made by USEI against NVIDIA's products in this action.

**USEI Accuses NVIDIA Products in its Infringement Contentions**

Next, USEI argues that NVIDIA is not entitled to intervene because NVIDIA products were not mentioned in USEI's Complaint, but only in USEI's Infringement Contentions. Allowing this distinction to make a difference would promote the disingenuous strategy of hiding patent infringement claims against manufacturers from publicly-available complaints, then only revealing the true accused products and manufacturers in infringement contentions that are, of course, not filed publicly. In any event, NVIDIA would be glad to withdraw its motion

---

[1] USEI appears to believe that NVIDIA's motion to intervene tries to "curry favor with potential customers." It is absurd to think that NVIDIA is using a lawsuit in which its products are accused of patent infringement as an opportunity to "curry favor". NVIDIA has no interest in this lawsuit other than to defend its products and to clear its name from false infringement allegations.

to intervene if USEI is willing to state on the record that it is not accusing, and will not accuse, any aspect of NVIDIA's products of infringing the patents-in-suit in any way. For now, the fact remains—and USEI admits—that NVIDIA products are accused of infringing Claims 1, 2 and 3 of U.S. Patent No. 5,732,094. USEI's Response at 3.

**It is Irrelevant How Many Other Parties USEI is also Accusing of Infringement**

Lastly, USEI's argues that NVIDIA does not have the "substantial legal interest" necessary for intervention because USEI has also asserted a number of other claims against other manufacturers besides NVIDIA. Again, this is of no moment. USEI points to no case law in support of its argument that all claims must be directed at the proposed intervenor before intervention can be granted. As noted above and in NVIDIA's original motion, NVIDIA products have undisputedly been accused. Indeed, USEI has even served subpoenas upon NVIDIA, seeking NVIDIA to produce documents relating to products sold to the defendants and to testify as to the same. USEI seeks this information, presumably, because USEI wants the best information regarding NVIDIA's products that have been accused of infringing USEI's patents. NVIDIA has a substantial legal interest in defending those same accusations, regardless of whether others have also been similarly accused.

FOR THESE REASONS, NVIDIA respectfully requests that the Court grant its Motion to Intervene through the filing of the Complaint in Intervention.

Dated:  April 13, 2010
Respectfully submitted,

BRACEWELL & GIULIANI LLP

By:      /s/ Michael Chibib
Michael Chibib
State Bar No. 00793497
Michael.Chibib@bgllp.com
Barry K. Shelton
State Bar No. 24055029
Barry.Shelton@bgllp.com
David Hoffman
State Bar No. 24046084
David.Hoffman@bgllp.com
Betty H. Chen
State Bar No. 24056720
Betty.Chen@bgllp.com
Bracewell & Giuliani LLP
111 Congress Avenue, Suite 2300
Austin, Texas 78701
(512) 472-7800
(512) 472-9123 fax

John H. Barr, Jr.
State Bar No. 00783605
John.Barr@bgllp.com
Bracewell & Giuliani LLP
711 Louisiana, Suite 2300
Houston TX 77002-2770
(713) 223-2300
(713) 221-1212 fax

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically on April 13, 2010 in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).

*/s/ Michael Chibib*
Michael Chibib