# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | | |
|---|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 6:09-cv-448-JDL |
| ACER, INC., | § § | |
| ACER AMERICA CORP., | § | |
| APPLE, INC., | § | |
| ASUS COMPUTER, INTERNATIONAL, | § | JURY TRIAL DEMANDED |
| ASUSTeK COMPUTER, INC., | § | |
| DELL INC., | § | |
| FUJITSU LTD., | § | |
| FUJUITSU AMERICA, INC., | § | |
| GATEWAY, INC., | § | |
| HEWLETT PACKARD, CO., | § | |
| HP DEVELOPMENT COMPANY LLC, | § | |
| SONY CORP. OF AMERICA, | § | |
| SONY ELECTRONICS, INC., | § | |
| TOSHIBA CORP., | § | |
| TOSHIBA AMERICA, INC., AND | § | |
| TOSHIBA AMERICA | § | |
| INFORMATION SYSTEMS, INC., | § § | |
| Defendants. | § | |

## ORDER

Before the Court is Plaintiff U.S. Ethernet Innovations, LLC's ("USEI") Emergency Motion for Equitable Relief (Doc. No. 180) (" Emergency Motion") and Defendant Hewlett Packard Co.'s ("HP") Response (Doc. No. 186) thereto. The Court held a telephonic hearing on the Emergency Motion on April 15, 2010.

Having recently learned of a merger between Defendant Hewlett Packard Co. ("HP") and 3Com Corporation ("3Com"), USEI seeks a Court Order prohibiting HP from receiving or disclosing

privileged and confidential documents regarding the patents-in-suit. At the hearing, USEI represented to the Court that it was not seeking to enforce contractual rights or enjoin HP, but was merely requesting equitable relief to "preserve the status quo" regarding the protection of confidential documents in the possession of 3Com, as well as the assertion of privilege that was maintained by Parallel prior to the merger.[1]

After reviewing the parties' briefing, as well as the arguments presented at the hearing, the Court declines to resolve this Motion until USEI has provided briefing that specifically addresses concerns raised by HP regarding USEI's standing to seek relief stemming from terms of a Patent Sales Agreement ("PSA" or "the Agreement") where Parallel Technology, LLC ("Parallel") and 3Com are the exclusive signatories.

Accordingly, USEI is **ORDERED** to file a supplemental brief that sets forth the basis by which it has standing to challenge the transfer of documents from 3Com to HP. The supplemental brief should specifically address whether USEI may assert Parallel's contractual rights under the terms of the PSA,[2] as well as whether USEI may assert privilege presumedly maintained by Parallel following the 3Com and HP merger. While the Court recognizes the equitable nature of USEI's Emergency Motion, Plaintiff must first make a legal showing establishing that USEI has proper standing to "preserve the status quo." To that end, the arguments submitted in USEI's supplemental brief should cite to appropriate legal authority. USEI should file the supplemental brief, totaling no more than five (5) pages, by **April 21, 2010 at 5:00pm CST**. HP will have an opportunity to file a

---

[1] The parties do not seem to dispute that 3Com conveyed to Parallel in the PSA the right to assert privilege regarding the documents that are the subject of the Emergency Motion.

[2] While the Court recognizes this Agreement encompasses an abundance of contractual rights relating to the 3Com intellectual property portfolio sold to Parallel, the Court is specifically interested in USEI addressing whether it has standing to enforce the contractual provisions pertaining to confidentiality.

Response, totaling no more than five (5) pages, by **April 26, 2010 at 5:00pm CST**.

It is further **ORDERED** that HP is temporarily prohibited from receiving or disclosing any of the Parallel–3Com documents that are the subject of this Emergency Motion.[3] The Court notes that this Order barring HP's access to documents is only in place until the Court has had an opportunity to resolve the Emergency Motion.

**So ORDERED and SIGNED this 16th day of April, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[3] There appears to be no dispute as to the scope of the documents that are the subject of the Emergency Motion.