IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| U.S. ETHERNET INNOVATIONS, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil No. 6:09-cv-448-JDL |
| ACER, INC., ACER AMERICA CORP., APPLE, INC., ASUS COMPUTER, INTERNATIONAL, ASUSTeK COMPUTER, INC., DELL INC., FUJITSU LTD., FUJUITSU AMERICA, INC., GATEWAY, INC., HEWLETT PACKARD, CO., HP DEVELOPMENT COMPANY LLC, SONY CORP. OF AMERICA, SONY ELECTRONICS, INC., TOSHIBA CORP., TOSHIBA AMERICA, INC., AND TOSHIBA AMERICA    INFORMATION SYSTEMS, INC., | § § § § § § § § § § § § § § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**ORDER**

Before the Court is Intel Corporation's ("Intel") Motion to Intervene ("Motion") (Doc. No. 107), wherein Intel asserts is should be allowed to intervene in the instant action to protect both its interests and the interests of its customers.[1] Plaintiff U.S. Ethernet Innovations, LLC ("USEI") has

---

[1] The Intel customers named as Defendants in this action are: Acer, Inc., Acer America Corporation, Apple, Inc. ("Apple"), ASUS Computer International, ASUSTek Computer Inc. (collectively, "Asus"), Dell Inc. ("Dell"), Fujitsu Ltd., Fujitsu America, Inc.(collectively, "Fujitsu"), Gateway, Inc., Hewlett Packard Co., HP Development Company LLC, Sony Corporation, Sony Corporation of America, Sony Electronics Inc. (collectively, "Sony"), Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc. (collectively, "Toshiba").

1

filed a Response to Intel's Motion to Intervene (Doc. No. 126) ("Response"). Intel has also filed a Reply in support its Motion (Doc. No. 131) ("Reply"). Having considered the parties' arguments and submissions, the Court hereby **GRANTS** Intel's Motion to Intervene (Doc. No. 107).

## DISCUSSION

On October 9, 2009, USEI filed the instant action against sixteen Defendants. Intel represents that all Defendants in this action are its customers and that it has executed partial indemnification agreements with six of the Defendants.[2] MOTION at 4. Intel also states that Intel components are integrated into the accused products.[3] As the manufacturer of a networking component implicated in USEI's infringement allegations, Intel contends that it can offer its customers technical knowledge and expertise in this action and future actions when the court considers questions of claim construction, validity, and infringement. *Id.* at 2. Based on these arguments, Intel concludes that its interest in this case cannot be adequately represented by the original parties. USEI responds that not only is Intel's motion premature, but Intel has also failed to demonstrate a sufficient interest to justify intervention. RESPONSE at 1–2. Specifically, USEI alleges that Intel has failed to identify the specific claims for which its customers have requested indemnity, and "without the benefit of this information, it is not possible to determine whether any of the indemnified claims will even be at

---

[2] The Defendants who have an indemnification agreement with Intel premised on their customer relationship are: Asus, Apple, Dell, Fujitsu, Sony, and Toshiba. MOTION at 4 (relying on MOTION, EXH. 2, LABBEE DECL.).

[3] Intel explains that it manufactures and sells "networking solutions," such as "the Intel® PRO/100 and PRO 1000 network adapters and computer motherboard chipsets with integrated adapters" that enable computers to connect to and communicate with networks and the Internet. MOTION at 3.

Intel argues that USEI's Complaint expressly accuses an Intel component of infringement when making allegations against Dell: "Dell imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-suit, including, without limitation, ***the Intel Pro/100***, E1405, D420, and Inspiron 1525 (collectively, the 'Dell Accused Products')." MOTION at 3(emphasis in original) (citing COMPLAINT (Doc. No. 1 at ¶25)).

issue in this litigation." *Id*. at 2.

Rule 24 of the Federal Rules of Civil Procedure provides that the court may permit intervention by a third-party who "has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1)(B). Allowing permissive intervention under Rule 24(b) is wholly discretionary even where there is a common question of law or fact. *Reid v. General Motors Corp.*, 240 F.R.D. 257, 259 (E.D. Tex. 2006) (citing *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 470–71 (5th Cir. 1984)).

In this case, USEI has alleged that Dell's accused products utilizing the Intel® PRO/100 infringe the asserted patents. MOTION at 3; REPLY at 2 (citing COMPLAINT at ¶ 25). Based on these accusations, Intel has brought declaratory counterclaims, as well as defenses of non-infringement and invalidity that share common questions of law and fact with similar defenses and claims asserted by Defendant Dell.(Doc. No. 107–1) ("Intel's Proposed Complaint in Intervention"). These common questions of law and fact include (1) whether the claims asserted in the accused patents are valid and enforceable, and (2) whether Intel's customers' products that incorporate Intel networking technology infringe the patents-in-suit. INTEL'S PROPOSED COMPLAINT IN INTERVENTION at 4–6. Based on the evidence of record, it appears that the Intel® PRO/100 is central to Dell and Intel's claims for non-infringement, and Intel products are also likely to be implicated in USEI's infringement case against Dell and other Intel customers.

Further, the indemnification agreements between Intel and six of its customers supports granting Intel's requested relief because an offer or agreement to indemnify its customers against enforcement of a patent establishes a legal relationship that traditionally warrants declaratory jurisdiction in a dispute between the manufacturer and a patentee who has threatened or brought suit

against the manufacturer's customers. *Fujitsu Ltd. v. Nanya Technology Corp.*, No. C 06-6613, 2008 WL 3539503, at *2–3 (N.D. Cal. Aug. 12, 2008); *Microchip Technology Inc. v. Chamberlain Group, Inc.*, 441 F.3d 936, 941–44 (Fed. Cir. 2006) (citing *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 739 (Fed. Cir. 1988)). Courts have held that beyond the injury that might arise from having to indemnify customers, a manufacturer such as Intel faces the loss of its customer base and reputation as a result of patent infringement allegations. *See WS Packaging Group, Inc. v. Global Commerce Group, LLC*, 505 F. Supp.2d 561, 566 (E.D. Wis. 2007). As argued by Intel, many of the Defendants in this action are significant customers, "accounting for more than one third of Intel's net revenue in 2007." MOTION at 3 (internal citation omitted). Thus, customer relationships with Defendants in this action suggest that Intel has a financial interest in the outcome of this litigation and that interest is borne out by agreements to indemnify losses sustained by its customers.

Finally, allowing Intel to intervene will not unduly delay or prejudice the adjudication of the original parties' rights. FED. R. CIV. P. 24(b)(3). The architecture of the Intel® PRO/100 is already implicated in USEI's claims against Dell, and therefore, discovery regarding Intel products is already required. With fact discovery in this case not closing until March 4, 2011, the parties will be afforded ample time to conduct any further discovery resulting from the intervention by Intel. DOCKET CONTROL ORDER (Doc. No. 169) at 4.

## CONCLUSION

Having found common questions of law and fact, as well as no undue delay or prejudice resulting from Intel's intervention, the Court finds that Intel should be permitted to intervene in the

instant action as a defendant pursuant to Rule 24(b)(2).[4] For all the foregoing reasons, Intel's Motion to Intervene is **GRANTED**. Intel is further **GRANTED** leave to file its Proposed Complaint in Intervention.

**So ORDERED and SIGNED this 10th day of May, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

---

[4] The Court, therefore, declines to decide whether intervention must be permitted as a matter of right pursuant to Rule 24(a)(2).

5