**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| U.S. Ethernet Innovations, LLC, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Acer, Inc., Acer America Corporation, Apple, ) <br> Inc., ASUS Computer International, ) <br> ASUSTeK Computer Inc., Dell Inc., Fujitsu ) <br> Ltd., Fujitsu America, Inc., Gateway, Inc., ) <br> Hewlett Packard Co., HP Development ) <br> Company LLC, Sony Corporation, Sony ) <br> Corporation of America, Sony Electronics ) <br> Inc., Toshiba Corporation, Toshiba America, ) <br> Inc., and Toshiba America Information ) <br> Systems, Inc., ) <br> ) <br> Defendants. ) <br> ) <br> and ) <br> ) <br> Marvell Semiconductor, Inc., ) <br> ) <br> Intervenor, ) <br> v. ) <br> ) <br> U.S. Ethernet Innovations, LLC, ) <br> ) <br> Defendant in Intervention. ) | Case No. 6:09-CV-448-LED |

**MARVELL SEMICONDUCTOR, INC.'S COMPLAINT IN INTERVENTION**

By leave of Court and pursuant to Federal Rules of Civil Procedure 24(c), Intervenor Marvell Semiconductor, Inc. ("Marvell") hereby intervenes in this action, and does hereby allege for its Complaint in Intervention as follows:

## PARTIES

1. Marvell is a California Corporation with its principal place of business in Santa Clara, California. Marvell designs and sells networking products for use in computer systems.

2. Upon information and belief, Plaintiff and Defendant in Intervention, U.S. Ethernet Innovations, LLC ("USEI"), is a limited liability company with its principal place of business in Tyler, Texas.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq., and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2 201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. To the extent that this action remains in this District, venue is proper under 28 U.S.C. §§ 1391(a), (b) and (c), because USEI has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which these counterclaims are asserted.

5. This Court has personal jurisdiction over USEI by virtue of, *inter alia*, its filing of the Complaint in this action.

## BACKGROUND AND MARVELL'S INTEREST IN THIS ACTION

6. On October 9, 2009, USEI filed its Complaint in this action accusing numerous Marvell customers -- including Acer, Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, ASUSTeK Computer Inc., Dell Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., HP Development Company LLC, Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc.,(collectively, "Defendants") -- of making, using,

selling, offering to sell and/or importing products that allegedly infringe United States Patent Nos. 5,307,459, 5,434,872, 5,732,094, and 5,299,313 (respectively, the "'459 Patent, the '872 Patent, the '094 Patent, and the '313 Patent"; collectively, the "Asserted Patents").

7. Defendants design and sell some computer systems that incorporate Marvell networking products.

8. USEI's allegations under the Asserted Patents are directed against Defendants' products that incorporate Marvell's networking technology.

9. USEI's assertion that computer systems in which Marvell products provide networking functionality infringe certain of its patents is tantamount to accusing Marvell of infringement. Thus, Marvell has a direct and substantial interest in defending against and defeating USEI's infringement claims.

10. As a result of USEI's infringement allegations against Defendants, Marvell has an objectively reasonable apprehension that USEI will claim that Marvell's products directly or indirectly infringe one or more of the Asserted Patents. Therefore, an actual controversy exists between Marvell and USEI. By intervening in this action, Marvell seeks the Court's assistance and declaration concerning these matters, which have been and are subjects of disagreement among the parties.

## COUNT 1

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 5,307,459

11. Marvell incorporates by reference the allegations in paragraphs 1-10.

12. A valid and justiciable controversy has arisen and exists between Marvell and USEI regarding the '459 Patent.

13. Each claim of the '459 Patent that USEI will accuse Marvell or any of its customers of infringing is invalid.

14. Marvell does not directly or indirectly infringe any valid claim of the '459 Patent.

15. Defendants do not directly or indirectly infringe any valid claim of the '459 Patent by making, using, selling, offering to sell, marketing, licensing or importing products that incorporate Marvell networking technology.

16. USEI's infringement claims against Defendants with regard to the '459 Patent are barred in whole or in part by the doctrines of laches and/or equitable estoppel.

17. A judicial declaration concerning these matters is necessary and appropriate at this time so that Marvell can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## COUNT 2

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 5,434,872

18. Marvell incorporates by reference the allegations in paragraphs 1-17.

19. A valid and justiciable controversy has arisen and exists between Marvell and USEI regarding the '872 Patent.

20. Each claim of the '872 Patent that USEI will accuse Marvell or any of its customers of infringing is invalid.

21. Marvell does not directly or indirectly infringe any valid claim of the '872 Patent.

22. Defendants do not directly or indirectly infringe any valid claim of the '872 Patent by making, using, selling, offering to sell, marketing, licensing or importing products that incorporate Marvell networking technology.

23. USEI's infringement claims against Defendants with regard to the '872 Patent are barred in whole or in part by the doctrines of laches and/or equitable estoppel.

24. A judicial declaration concerning these matters is necessary and appropriate at this time so that Marvell can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## COUNT 3

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 5,732,094

25. Marvell incorporates by reference the allegations in paragraphs 1-24.

26. A valid and justiciable controversy has arisen and exists between Marvell and USEI regarding the '094 Patent.

27. Each claim of the '094 Patent that USEI will accuse Marvell or any of its customers of infringing is invalid.

28. Marvell does not directly or indirectly infringe any valid claim of the '094 Patent.

29. Defendants do not directly or indirectly infringe any valid claim of the '094 Patent by making, using, selling, offering to sell, marketing, licensing or importing products that incorporate Marvell networking technology.

30. USEI's infringement claims against Defendants with regard to the '094 Patent are barred in whole or in part by the doctrines of laches and/or equitable estoppel.

31. A judicial declaration concerning these matters is necessary and appropriate at this time so that Marvell can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## COUNT 4

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 5,299,313

32. Marvell incorporates by reference the allegations in paragraphs 1-31.

33. A valid and justiciable controversy has arisen and exists between Marvell and USEI regarding the '313 Patent.

34. Each claim of the '313 Patent that USEI will accuse Marvell or any of its customers of infringing is invalid.

35. Marvell does not directly or indirectly infringe any valid claim of the '313 Patent.

36. Defendants do not directly or indirectly infringe any valid claim of the '313 Patent by making, using, selling, offering to sell, marketing, licensing or importing products that incorporate Marvell networking technology.

37. USEI's infringement claims against Defendants with regard to the '313 Patent are barred in whole or in part by the doctrines of laches and/or equitable estoppel.

38. A judicial declaration concerning these matters is necessary and appropriate at this time so that Marvell can ascertain its rights and duties with respect to the parties and with regard to designing, developing, manufacturing, marketing, and selling its products.

## REQUEST FOR RELIEF

39. Therefore, Marvell requests judgment as follows:

  a. For a declaration that the claims of the Asserted Patents that USEI accuses Marvell or Marvell's customers of infringing are invalid;

  b. For a declaration that neither Marvell nor any of its products infringe (directly, indirectly, literally and/or under the doctrine of equivalents) any valid claim of the Asserted Patents;

    c.  For a declaration that no valid claim of the Asserted Patents is infringed (directly, indirectly, literally and/or under the doctrine of equivalents) by any of Defendants or any other Marvell customer, by virtue of incorporating any Marvell product into any such customer's products;

    d.  For a determination that this case is exceptional under 35 U.S.C. § 285 and an award to Marvell of its attorneys' fees, costs, and expenses in connection with this action; and

    e.  Such other and further equitable or legal relief as the Court deems just and proper.

//

//

## DEMAND FOR JURY TRIAL

40. Marvell hereby demands a jury trial as to all issues triable to a jury.

DATED: May 10, 2010

By:       */s/ Jennifer P. Ainsworth*
Jennifer P. Ainsworth
WILSON, ROBERTSON & CORNELIUS, P.C.
909 ESE Loop 323, Suite 400
Tyler, Texas 75701
Tel: 903-509-5000
Fax: 903-509-5092
jainsworth@wilsonlawfirm.com

Kevin P.B. Johnson
Ray R. Zado
QUINN EMANUEL URQUHART
& SULLIVAN LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: 650-801-5000
Fax: 650-801-5100
kevinjohnson@quinnemanuel.com
rayzado@quinnemanuel.com

Sean Pak
QUINN EMANUEL URQUHART
& SULLIVAN LLP
50 California Street, 22nd Floor
San Francisco, California 94111
Tel: 415-875-6600
Fax: 415-875-6700
seanpak@quinnemanuel.com

Attorneys for Marvell Semiconductor, Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on May 10, 2010 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

      */s/ Jennifer P. Ainsworth*
      Jennifer P. Ainsworth