IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| U.S. ETHERNET INNOVATIONS, LLC § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | Case No. 6:09-CV-448-JDL | |
| § | | |
| ACER, INC., *et al.*, § | | |
| § | | |
| Defendants. § | JURY TRIAL REQUESTED | |

**DEFENDANTS FUJITSU AMERICA, INC. AND FUJITSU LIMITED'S
ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants Fujitsu America, Inc. and Fujitsu Limited (collectively, "Fujitsu"), file this Answer and Affirmative Defenses (the "Answer") to Plaintiff's First Amended Complaint for Patent Infringement (the "Complaint") filed on May 4, 2010 by U.S. Ethernet Innovations, LLC ("USEI").

## NATURE OF THE ACTION

1. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 1 and therefore denies the allegations.

2. To the extent the allegations set forth in paragraph 2 are directed to Fujitsu, Fujitsu denies each and every allegation contained therein. To the extent the allegations in paragraph 2 are directed at or alleged against the other Defendants, Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

3. In answer to paragraph 3, Fujitsu admits that USEI seeks damages for each Defendant's alleged infringement of U.S. Patent Nos. 5,307,459; 5,434,872; 5,732,094; and 5,299,313 (collectively the "Patents-in-Suit"). Fujitsu denies liability for infringement of the

Patents-in-Suit and that USEI is entitled to damages from Fujitsu.  To the extent the allegations in paragraph 3 are directed at or alleged against the other Defendants, Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the allegations.

## PARTIES

4. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and therefore denies the allegations.

5. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 5 and therefore denies the allegations.

6. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 6 and therefore denies the allegations.

7. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7 and therefore denies the allegations.

8. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8 and therefore denies the allegations.

9. In answer to paragraph 9, Fujitsu admits that Fujitsu Limited is a Japanese corporation with its principal place of business at Shiodome City Center, 1-5-2 Higashi-Shimbashi, Minato-Ku, Tokyo 105-7123.  Fujitsu admits that Fujitsu America, Inc. is a subsidiary of Fujitsu North America Holdings, Inc., which in turn is a wholly-owned subsidiary of Fujitsu Limited.  Fujitsu further admits that Fujitsu America, Inc. is organized under the laws of California, with its principal place of business at 1250 East Arques Avenue, Sunnyvale, California.

10. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10 and therefore denies the allegations.

11. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 11 and therefore denies the allegations.

12.     Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 12 and therefore denies the allegations.

## JURISDICTION AND VENUE

13.     In answer to paragraph 13, Fujitsu admits that USEI alleges a civil action for patent infringement under the laws of the United States, Title 35 United States Code § 101 *et seq*.

14.     In answer to paragraph 14, Fujitsu admits that this Court has subject matter jurisdiction over USEI's claims for alleged patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

15.     In answer to paragraph 15, to the extent the allegations relate to Fujitsu, Fujitsu admits that venue is proper in this Court, but Fujitsu denies that this judicial district is the most convenient forum for this case.  Fujitsu denies all other allegations in this paragraph to the extent such allegations relate to Fujitsu.  To the extent the allegations in paragraph 15 relate to other Defendants in this case, Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations and therefore denies the same.

16.     In answer to paragraph 16, to the extent the allegations relate to Fujitsu, Fujitsu admits that this Court has personal jurisdiction over Fujitsu and denies all other allegations.  To the extent the allegations in paragraph 16 relate to other Defendants in this case, Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 16 and therefore denies the allegations.

## PATENTS-IN-SUIT

17.     In answer to paragraph 17, Fujitsu admits that, according to the face of the patent, United States Patent No. 5,307,459 ("the '459 patent") is entitled "Network Adapter with Host Indication Optimization" and lists April 26, 1994 as its issuance date.  Fujitsu admits that what appears to be a copy of the '459 patent is attached as Exhibit A to the Complaint and that 3Com Corporation is listed as assignee on the face of the patent.  Fujitsu denies all other allegations contained in paragraph 17 of the Complaint.

18.     Fujitsu admits that, according to the face of the patent, United States Patent No. 5,434,872 ("the '872 patent") is entitled "Apparatus for Automatic Initiation of Data Transmission" and lists July 18, 1995 as its issuance date. Fujitsu admits that what appears to be a copy of the '872 patent is attached as Exhibit B to the Complaint and that 3Com Corporation is listed as assignee on the face of the patent. Fujitsu denies all other allegations contained in paragraph 18 of the Complaint.

19.     Fujitsu admits that, according to the face of the patent, United States Patent No. 5,732,094 ("the '094 patent") is entitled "Method for Automatic Initiation of Data Transmission" and lists March 24, 1998 as its issuance date. Fujitsu admits that what appears to be a copy of the '094 patent is attached as Exhibit C to the Complaint and that 3Com Corporation is listed as assignee on the face of the patent. Fujitsu denies all other allegations contained in paragraph 19 of the Complaint.

20.     Fujitsu admits that, according to the face of the patent, United States Patent No. 5,299,313 ("the '313 patent") is entitled "Network Interface with Host Independent Buffer Management" and lists March 29, 1994 as its issuance date. Fujitsu admits that what appears to be a copy of the '313 patent is attached as Exhibit D to the Complaint and that 3Com Corporation is listed as assignee on the face of the patent. Fujitsu denies all other allegations contained in paragraph 20 of the Complaint.

21.     Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and therefore denies the allegations.

## ACCUSED PRODUCTS

22.     Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and therefore denies the allegations.

23.     Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and therefore denies the allegations.

24.     Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and therefore denies the allegations.

25. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and therefore denies the allegations.

26. In answer to paragraph 26, Fujitsu admits that it imports, makes, uses, offers for sale, and/or sells the LifeBook T5010 Tablet PC, LifeBook N3410, LifeBook T4215, and LifeBook S7010, but denies that these LifeBook products or other Fujitsu products embody any claims of the Patents-in-Suit. Fujitsu further denies all other allegations contained in paragraph 26 of the Complaint.

27. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27 and therefore denies the allegations.

28. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 and therefore denies the allegations.

29. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29 and therefore denies the allegations.

## COUNT I

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,307,459

30. Fujitsu restates its answers as set forth in paragraphs 1 through 29 of this Answer and incorporates them by reference.

31. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and therefore denies the allegations.

32. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32 and therefore denies the allegations.

33. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33 and therefore denies the allegations.

34. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34 and therefore denies the allegations.

35. Fujitsu denies the allegations in paragraph 35.

36. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 36 and therefore denies the allegations.

37. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37 and therefore denies the allegations.

38. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38 and therefore denies the allegations.

## COUNT II

## ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,434,872

39. Fujitsu restates its answers as set forth in paragraphs 1 through 29 of this Answer and incorporates them by reference.

40. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40 and therefore denies the allegations.

41. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41 and therefore denies the allegations.

42. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42 and therefore denies the allegations.

43. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43 and therefore denies the allegations.

44. Fujitsu denies the allegations in paragraph 44.

45. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45 and therefore denies the allegations.

46. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46 and therefore denies the allegations.

47. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 47 and therefore denies the allegations.

## COUNT III

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,732,094

48. Fujitsu restates its answers as set forth in paragraphs 1 through 29 of this Answer and incorporates them by reference.

49. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and therefore denies the allegations.

50. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50 and therefore denies the allegations.

51. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 51 and therefore denies the allegations.

52. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 52 and therefore denies the allegations.

53. Fujitsu denies the allegations in paragraph 53.

54. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 54 and therefore denies the allegations.

55. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 55 and therefore denies the allegations.

56. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 56 and therefore denies the allegations.

## COUNT IV

### ALLEGED INFRINGEMENT OF U.S. PATENT NO. 5,299,313

57. Fujitsu restates its answers as set forth in paragraphs 1 through 29 of this Answer and incorporates them by reference.

58. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 58 and therefore denies the allegations.

59. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59 and therefore denies the allegations.

60. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60 and therefore denies the allegations.

61. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 61 and therefore denies the allegations.

62. Fujitsu denies the allegations in paragraph 62.

63. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 63 and therefore denies the allegations.

64. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64 and therefore denies the allegations.

65. Fujitsu lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 65 and therefore denies the allegations.

## PRAYER FOR RELIEF

66. Fujitsu denies that USEI is entitled to any relief in this action as it relates to Fujitsu and asks the Court to deny any and all of the relief requested by USEI in its Complaint as it relates to Fujitsu.

## DEMAND FOR JURY TRIAL

67. An answer to USEI's jury demand is not necessary from Fujitsu.

## DENIAL OF ANY REMAINING ALLEGATIONS

68. Except as specifically admitted herein, Fujitsu denies any remaining allegations in the Complaint that are directed at Fujitsu.

## AFFIRMATIVE DEFENSES

69. Fujitsu incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.

### FIRST AFFIRMATIVE DEFENSE
### (No Infringement)

70. Fujitsu does not infringe and has not infringed any valid and enforceable claim of the '459, '872, '094, or '313 patent, willfully or otherwise, whether directly or indirectly, literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

71. Claims of the '459, '872, '094, and/or '313 patents are invalid for failure to satisfy the conditions for patentability set forth in 35 U.S.C., including without limitation §§ 102, 103 and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Equitable Principles)

72. USEI's claims are barred in whole or in part under principles of equity, including laches, waiver, and/or unclean hands.

### FOURTH AFFIRMATIVE DEFENSE
### (Estoppel)

73. USEI's claims are barred in whole or in part by estoppel, including, but not limited to, prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the '459, '872, '094, and/or '313 patents.

### FIFTH AFFIRMATIVE DEFENSE
### (Notice, Damages, and Costs)

74. On information and belief, USEI's claims for damages against Fujitsu are statutorily limited by 35 U.S.C. § 286 and/or § 287.

75. USEI is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SIXTH AFFIRMATIVE DEFENSE
### (License)

76. Some or all of Fujitsu's products are licensed under the '459, '872, '094 or '313 patents, and/or are subject to the doctrines of patent exhaustion and expressed and/or implied license.

## SEVENTH AFFIRMATIVE DEFENSE
### (Sales to Government)

77. USEI's claims are limited by 28 U.S.C. § 1498.

## EIGHTH AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

78. USEI has an adequate remedy at law and no basis exists for the grant of injunctive relief.

## RESERVATION OF AFFIRMATIVE DEFENSES

79. Fujitsu hereby reserves the right to supplement additional affirmative defenses as discovery proceeds in this case.

Dated: May 21, 2010

Respectfully submitted,

_/s/ Andy Tindel w/ permission of Lead Attorney_

KARL J. KRAMER – Lead Attorney
(California State Bar No. 136433)
CHRISTOPHER F. JEU
(Texas State Bar No. 24050823)
MORRISON & FOERSTER LLP
755 Page Mill Road
Palo Alto, CA 94304
Telephone: 650-813-5600
Facsimile: 650-494-0792
Email:  kkramer@mofo.com
Email:  cjeu@mofo.com

ANDY TINDEL
(Texas State Bar No. 20054500)
PROVOST UMPHREY LAW FIRM, L.L.P.
112 East Line Street, Suite 304
Tyler, Texas 75702
Telephone: 903-596-0900
Facsimile: 903-595-0909
Email: atindel@andytindel.com

ATTORNEYS FOR DEFENDANTS
FUJITSU AMERICA, INC. AND
FUJITSU LIMITED

**CERTIFICATE OF SERVICE**

I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 21st day of May 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.

_/s/ Andy Tindel_

Andy Tindel