**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| U.S. ETHERNET INNOVATIONS, LLC | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Case No. 6:09-CV-448 |
| | § | |
| ACER, INC., *et al.*, | § | |
| | § | JURY TRIAL DEMANDED |
| Defendants. | § | |

**DEFENDANT APPLE INC.'S ANSWER, AFFIRMATIVE DEFENSES, AND
COUNTERCLAIMS TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Apple Inc. ("Apple") files this Answer, Affirmative Defenses and Counterclaims to Plaintiff's First Amended Complaint for Patent Infringement (the "Amended Complaint") filed by U.S. Ethernet Innovations, LLC ("USEI").

**I.   ANSWER**

**NATURE OF THE ACTION**

1. Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraph 1 and therefore denies the same.

2. To the extent the allegations set forth in paragraph 2 are directed at or alleged against Apple, Apple denies each and every allegation contained therein. To the extent the allegations in paragraph 2 are directed at or alleged against the other Defendants in this case, Apple is without sufficient information or knowledge to either admit or deny the allegations and therefore denies the same.

3. Apple admits that USEI seeks damages for each Defendant's alleged infringement of the patents-in-suit (U.S. Patent Nos. 5,307,459, 5,434,872, 5,732,094 and 5,299,313), but Apple denies liability for infringement of the patents-in-suit and that USEI is entitled to damages from Apple.

## PARTIES

4. - 5. Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 4 - 5 and therefore denies the same.

6. Apple admits that it is a California corporation organized and existing under the laws of California, with its principal place of business at One Infinite Loop, Cupertino, California 95014.

7. – 12. Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 7 - 12 and therefore denies the same.

## JURISDICTION AND VENUE

13. Apple admits that USEI alleges a civil action for patent infringement under the laws of the United States, Title 35 United States Code §§ 101, *et seq*.

14. Apple admits that this Court has subject matter jurisdiction over USEI's claims for patent infringement.

15. To the extent the allegations in paragraph 15 relate to Apple, Apple admits that venue is proper in this Court, but Apple denies that this judicial district is the most convenient forum for this case. Apple denies all other allegations in this paragraph to the extent such allegations relate to Apple. To the extent the allegations in paragraph 15 relate to the other Defendants in this case, Apple is without sufficient information or knowledge to either admit or deny the allegations and therefore denies the same.

16.     To the extent the allegations in paragraph 16 relate to Apple, Apple admits that this Court has personal jurisdiction over Apple and denies all other allegations.  To the extent the allegations in paragraph 16 relate to the other Defendants in this case, Apple is without sufficient information or knowledge to either admit or deny the allegations and therefore denies the same.

## PATENTS-IN-SUIT

17.     Apple admits that, according to the face of the patent, United States Patent No. 5,307,459 ("the '459 patent") is entitled "Network Adapter with Host Indication Optimization" and reflects an issue date of April 26, 1994.  Apple admits that what appears to be a copy of the '459 patent is attached as Exhibit A to USEI's Complaint and that 3Com Corporation is listed as assignee on the face of the patent.  Apple denies all other allegations contained in paragraph 17 of USEI's complaint.

18.     Apple admits that, according to the face of the patent, United States Patent No. 5,434,872 ("the '872 patent") is entitled "Apparatus for Automatic Initiation of Data Transmission" and reflects an issue date of July 18, 1995.  Apple admits that what appears to be a copy of the '872 patent is attached as Exhibit B to USEI's Complaint and that 3Com Corporation is listed as assignee on the face of the patent.  Apple denies all other allegations contained in paragraph 18 of USEI's complaint.

19. Apple admits that, according to the face of the patent, United States Patent No. 5,732,094 ("the '094 patent") is entitled "Method for Automatic Initiation of Data Transmission" and reflects an issue date of March 24, 1998.  Apple admits that what appears to be a copy of the '094 patent is attached as Exhibit C to USEI's Complaint and that 3Com Corporation is listed as assignee on the face of the patent.  Apple denies all other allegations contained in paragraph 19 of USEI's complaint.

20. Apple admits that, according to the face of the patent, United States Patent No. 5,299,313 ("the '313 patent") is entitled "Network Interface with Host Independent Buffer Management" and reflects an issue date of March 29, 1994. Apple admits that what appears to be a copy of the '313 patent is attached as Exhibit D to USEI's Complaint and that 3Com Corporation is listed as assignee on the face of the patent. Apple denies all other allegations contained in paragraph 20 of USEI's complaint.

21. Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraph 21 and therefore denies the same.

## ACCUSED PRODUCTS

22. Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraph 22 and therefore denies the same.

23. Apple admits that it imports, makes, uses, offers for sale, and/or sells the Macbook Pro and the Mac mini but denies that the Macbook Pro, Mac mini or any other Apple products embody any claims of the Patents-in-Suit. Apple further denies all other allegations contained in paragraph 23 of USEI's Complaint.

24. – 29. Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 24 - 29 and therefore denies the same.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,307,459

30. Apple restates its answers as set forth in paragraphs 1 through 29 of this Answer and incorporates them by reference.

31. Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 31 and therefore denies the same.

32. Apple admits that it imports, makes, uses, offers for sale, and/or sells the Macbook Pro and the Mac mini but denies that the Macbook Pro, Mac mini, or any other Apple products embody any claims of the Patents-in-Suit. Apple further denies all other allegations contained in paragraph 32 of USEI's Complaint.

33. – 38. Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 31 - 38 and therefore denies the same.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 5,434,872

39. Apple restates its answers as set forth in paragraphs 1 through 29 of this Answer and incorporates them by reference.

40. Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 40 and therefore denies the same.

41. Apple admits that it imports, makes, uses, offers for sale, and/or sells the Macbook Pro and the Mac mini but denies that the Macbook Pro, Mac mini, or any other Apple products embody any claims of the Patents-in-Suit. Apple further denies all other allegations contained in paragraph 41 of USEI's Complaint.

42. – 47. Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 42 - 47 and therefore denies the same.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 5,732,094

48. Apple restates its answers as set forth in paragraphs 1 through 29 of this Answer and incorporates them by reference.

49. Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 49 and therefore denies the same.

50. Apple admits that it imports, makes, uses, offers for sale, and/or sells the Macbook Pro and the Mac mini but denies that the Macbook Pro, Mac mini, or any other Apple products embody any claims of the Patents-in-Suit. Apple further denies all other allegations contained in paragraph 50 of USEI's Complaint.

51. – 56.  Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 51 - 56 and therefore denies the same.

## COUNT IV

## INFRINGEMENT OF U.S. PATENT NO. 5,299,313

57. Apple restates its answers as set forth in paragraphs 1 through 29 of this Answer and incorporates them by reference.

58. Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraph 55 and therefore denies the same.

59. Apple admits that it imports, makes, uses, offers for sale, and/or sells the Macbook Pro and the Mac mini but denies that the Macbook Pro, Mac mini, or any other Apple products embody any claims of the Patents-in-Suit. Apple further denies all other allegations contained in paragraph 59 of USEI's Complaint.

60. – 65.  Apple is without sufficient information or knowledge to either admit or deny the allegations in paragraphs 60 - 65 and therefore denies the same.

## PRAYER FOR RELIEF

66. Apple opposes USEI's requested relief against Apple or any other relief USEI requests against Apple.

## DEMAND FOR JURY TRIAL

67. Apple also demands a trial by jury.

## DENIAL OF ANY REMAINING ALLEGATIONS

68. Except as specifically admitted herein, Apple denies any remaining allegations in USEI's Complaint that are directed at Apple.

## II.   AFFIRMATIVE DEFENSES

69. Apple incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses.

## FIRST AFFIRMATIVE DEFENSE
## (No Infringement)

70. Apple does not infringe and has not infringed any valid and enforceable claim of the '459, '872, '094, or '313 patent.

71. Apple does not induce or contribute to and has not induced or contributed to infringement of any valid and enforceable claim of the '459, '872, '094, or '313 patent.

## SECOND AFFIRMATIVE DEFENSE
## (Invalidity)

72. The claims of the '459, '872, '094, and '313 patent are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103 and 112.

## THIRD AFFIRMATIVE DEFENSE
## (Laches)

73. USEI's claims are barred in whole or in part by laches.

## FOURTH AFFIRMATIVE DEFENSE
## (Waiver)

74. USEI's claims are barred in whole or in part by waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

75. USEI's claims are barred in whole or in part by estoppel.

## SIXTH AFFIRMATIVE DEFENSE
### (Notice, Damages, and Costs)

76. USEI's claims for damages, if any, against Apple are statutorily limited by 35 U.S.C. § 286 and/or § 287.

77. USEI is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

## SEVENTH AFFIRMATIVE DEFENSE
### (License)

78. Some or all of Apple's products are licensed under at least the '459, '872, '094, and '313 patents.

## EIGHTH AFFIRMATIVE DEFENSE
### (Sales to Government)

79. USEI's claims are limited by 28 U.S.C. § 1498.

## NINTH AFFIRMATIVE DEFENSE
### (Inequitable Conduct)

80. As more fully outlined below in Apple's Count III, specifically paragraphs 10-28, which are hereby incorporated by reference, the claims of the '313 patent are unenforceable due to inequitable conduct committed by the inventors, their counsel, 3Com Corporation, and/or others substantively involved in the prosecution of the '313 patent.

## RESERVATION OF AFFIRMATIVE DEFENSES

81. Apple hereby reserves the right to supplement additional affirmative defenses as discovery proceeds in this case.

### III. COUNTERCLAIMS

Incorporating by reference the foregoing paragraphs in their entirety, Apple asserts the following counterclaims against USEI.

## PARTIES

1. Counterclaim plaintiff is a California Corporation with its principal place of business at One Infinite Loop, Cupertino, California 95014.

2. On information and belief based on Plaintiff's First Amended Complaint, Counterclaim Defendant U.S. Ethernet Innovations, LLC is a Texas limited liability corporation, having a place of business located in Tyler, Texas.

## JURISDICTION AND VENUE

3. These counterclaims arise under the patent laws of the United States as enacted under Title 35 of the United States Code and the provisions of the Federal Declaratory Judgment Act. The jurisdiction of this Court is proper under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

4. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400.

## COUNT I – DECLARATION OF NON-INFRINGEMENT

5. Based on USEI's filing of this action and Apple's Affirmative Defenses, an actual controversy has arisen and now exists between USEI and Apple as to whether Apple has infringed or is infringing one or more claims of U.S. Patent Numbers 5,307,459 ("the '459 patent"), 5,434,872 ("the '872 patent"), 5,732,094 ("the '094 patent"), and 5,299,313 ("the '313 patent").

6. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not infringe and has not infringed any valid and enforceable claim of the '459, '872, '094, and '313 patents.

Case 6:09-cv-00448-JDL Document 251 Filed 05/21/10 Page 10 of 17 PageID #: 3291

7. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that Apple does not induce or contribute to and has not induced or contributed to infringement of any valid and enforceable claim of the '459, '872, '094, and '313 patents.

**COUNT II – DECLARATION OF PATENT INVALIDITY**

8. Based on USEI's filing of this action and Apple's Affirmative Defenses, an actual controversy has arisen and now exists between USEI and Apple as to the validity of the claims of the '459, '872, '094, and '313 patents.

9. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that the '459, '872, '094, and '313 patents are invalid.

**COUNT III – DECLARATION OF UNENFORCEABILITY**

10. Based on USEI's filing of this action and Apple's Affirmative Defenses, an actual controversy has arisen and now exists between USEI and Apple as to the enforceability of the '313 patent.

11. The '313 patent, which issued on March 29, 1994, was filed with the United States Patent and Trademark Office ("USPTO") on July 28, 1992 as U.S. Patent Application No. 07/921,519 ("the '519 Application").

12. The '872 patent, which issued on July 18, 1995, was filed with the USPTO on July 28, 1992 as U.S. Patent Application No. 07/920,893 ("the '893 Application").

13. On information and belief, at all times pertinent to the allegations set forth in this Count, the '313 patent and the '872 patent, and the patent applications that matured into those patents, were assigned to 3Com Corporation ("3Com").

10

14. The '872 patent and the '313 patent share many similarities. For example, Figures 1, 2, 3, 4, 5, 6, 9, 10A-10E of the '313 patent are identical to Figures 3, 4, 5, 6, 7, 8, 9, 10A-10E of the '872 patent, respectively. The descriptions of these common figures in the '872 patent and the '313 patent are nearly identical. Further, both the '872 patent and the '313 patent relate to a network adapter that is operable to transfer data between a host computer and a network using a buffer memory.

15. The '872 patent and the '313 patent were prosecuted before the USPTO by the same patent counsel, Mark A. Haynes.

16. Brian Petersen, David R. Brown, and W. Paul Sherer are listed as inventors on the face of the '872 patent. These same individuals are also listed as inventors on the face of the '313 patent.

17. Further evidencing the close relationship between the '872 patent and the '313 patent, under the section heading "CROSS-REFERENCE TO RELATED APPLICATIONS," the '872 patent discloses the following:

> The present application is related to copending U.S. patent application entitled NETWORK INTERFACE WITH HOST INDEPENDENT BUFFER MANAGEMENT, application Ser. No. 07/921,519, filed 28 Jul. 1992, now U.S. Pat. No. 5,299,313, which was owned at the time of invention and is currently owned by the same assignee.

('872 patent, col. 1, ll. 8-14). A similar statement was originally included with the filing of the '893 Application. When originally filed, the '893 Application stated as follows:

> The present application is related to copending U.S. patent application entitled NETWORK INTERFACE WITH HOST INDEPENDENT BUFFER MANAGEMENT, Serial No. _____ filed _____, which was owned at the time of invention and is currently owned by the same assignee.

('893 Application, p. 1, ll. 2-6). This statement was later amended by the applicants on October 5, 1994 to enter the application number and reflect the issuance of the '313 patent. Accordingly,

11

on information and belief, during the prosecution of the '313 patent, the inventors, 3Com, and the prosecuting attorney were acutely aware of the close relationship and similarity of subject matter disclosed by the '519 Application and the '893 Application, which ultimately issued as the '313 patent and the '872 patent, respectively.

18. On October 26, 1993, prior to the issuance of the '313 patent, the Examiner for the '893 Application mailed an Office Action to 3Com's prosecution counsel, Mark A. Haynes. In the Office Action, the Examiner relied on U.S. Patent No. 5,043,981 ("the '981 patent") as a basis for a §102(a) anticipation rejection. The Examiner also relied on various combinations of the '981 patent, U.S. Patent Nos. 5,210,749 ("the '749 patent"), 4,258,418 ("the '418 patent"), 4,715,030 ("the '030 patent"), and 5,195,093 ("the '093 patent") as bases for obviousness-type rejections of certain claims pending in the '893 Application. In a Notice of References Cited, included with the October 26, 1993 Office Action, the Examiner made of record U.S. Patent No. 4,860,193 ("the '193 patent"). In an Office Action dated July 6, 1994, the Examiner for the '893 Application relied on the '193 patent as a basis for an obviousness-type rejection of certain pending claims.

19. The '981 patent, the '749 patent, the '418 patent, the '030 patent, the '093 patent, and the '193 patent (collectively referred to herein as "the '893 Art") are material to the '313 patent. In his Reasons for Allowance, the examiner of the '313 patent stated that the pending claims were being allowed because:

> The prior art does not show or render obvious, inter alia, the network interface controller for a host system/network transceiver in which a host system includes a host address space, and a buffer memory is located outside of the address space and further in which the interface manages data transfers between the host address space and the buffer memory in an operational manner transparent to the host system.

(Notice of Allowability, p. 2) The '893 Art would have been material because the features of the claims of the '519 Application (ultimately issuing as the '313 patent) were disclosed by, inherent in, or obvious in light of one or more of these references. For example, at least the '981 patent and the '749 patent establish a prima facie case of invalidity of, and in fact, fully anticipate, certain claims of the '313 patent.

20. The prosecuting attorney later deemed the '893 Art sufficiently material to include in an Information Disclosure Statement during later prosecution of U.S. Patent No. 5,732,094, a continuation from the '893 Application, on August 18, 1995. However, the prosecuting attorney never disclosed the '893 Art to the Patent Office Examiner handling the '519 Application.

21. Different patent examiners were assigned to the '519 Application (ultimately issuing as the '313 patent) and the '893 Application (ultimately issuing as the '872 patent). Robert L. Richardson examined the '519 Application, and Stephen M. Baker examined the '893 Application. On information and belief, Examiner Richardson was not made aware of the '893 Art that was cited by Examiner Baker during the prosecution of the '872 patent.

22. The '893 Art is not cumulative to the prior art made of record during the prosecution of the '313 patent. On information and belief, there is a substantial likelihood that a reasonable examiner would have considered the '893 Art important in deciding whether to allow the '313 patent to issue.

23. David R. Brown and Brian Petersen, named inventors on the '313 patent and the '872 patent, were aware of at least the '981 patent prior to the issuance of the '313 patent. By February 15, 1994, both Mr. Brown and Mr. Petersen had executed a declaration in which they declared as follows:

> 1. We have been informed that claims 1, 3, 6 and 11 in the above identified U.S. Patent Application have been rejected under 35 U.S.C. §102(a) as being anticipated by Firoozmand, et al. U.S. Patent No. 5,043,981 which was issued August 27, 1991 and filed May 29, 1990 (the effective date of the reference").

('893 Application, § 1.131 Declaration, p. 1).

24. On information and belief, one or more of the inventors named on the face of the '313 patent (including David R. Brown and Brian Petersen), the attorney(s) who prosecuted the '313 patent (including Mark A. Haynes), 3Com, and other substantively involved in the prosecution of the '313 patent (collectively referred to herein as the "3Com Prosecuting Agents") were made aware of, and received copies of, the '893 Art prior to the issuance of the '313 patent.

25. None of the 3Com Prosecuting Agents disclosed the '893 Art to the USPTO during the prosecution of the '519 Application that matured into the '313 patent. Further, on information and belief, the 3Com Prosecuting Agents also concealed the co-pendency of the '893 Application during the prosecution of the '313 patent. The 3Com Prosecuting Agents each had a duty of candor to disclose the '893 Art to the Examiner during the prosecution of the '313 patent. The 3Com Prosecuting Agents also had a duty to disclose the co-pendency of the '893 Application during the prosecution of the '313 patent. The failure of the 3Com Prosecuting Agents to make these disclosures during the prosecution of the '313 patent constituted material omissions.

26. Upon information and belief, the 3Com Prosecuting Agents' failure to disclose the '893 Art was done with an intent to deceive the USPTO; as an additional basis, intent to deceive is inferred from the conduct of the 3Com Prosecuting Agents in light of the high level of materiality of the '893 Art. As a result of the 3Com Prosecuting Agents' deceptive and intentional acts, the USPTO did, in fact, allow the '313 patent to issue.

27. The '313 patent is unenforceable as a result of the 3Com Prosecuting Agents' inequitable conduct before the USPTO. Apple reserves the right to allege additional facts to support its contention that the '313 patent is unenforceable due to the 3Com Prosecuting Agents' inequitable conduct as discovery proceeds in this case.

28. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Apple requests the declaration of the Court that the '313 patent is unenforceable.

## JURY DEMAND

29. Apple demands a trial by jury.

## EXCEPTIONAL CASE

30. To the extent this is an exceptional case under 35 U.S.C. 285, Apple is entitled to recover from USEI for Apples' attorneys' fees and costs incurred in connection with this action.

## PRAYER FOR RELIEF

Apple respectfully requests a judgment against USEI as follows:

A. A declaration that Apple does not infringe and has not infringed any valid and enforceable claim of the '313 patent;

B. A declaration that the '313 patent is invalid and not enforceable;

C. That USEI take nothing by its Complaint against Apple;

D. That the Court enter judgment against USEI and in favor of Apple and that USEI's Complaint be dismissed with prejudice;

E. That the Court enter a judgment that this is an exceptional case under 35 U.S.C. § 285 and enter a judgment awarding Apple its costs and reasonable attorneys' fees; and

F.   That the Court grant Apple whatever further relief the Court may deem just and proper.

Respectfully submitted,

Date: May 21, 2010                    /s/ Danny L. Williams
                                                Danny L. Williams - LEAD ATTORNEY
State Bar No. 21518050
Ruben S. Bains
Texas Bar No. 24001678
Christopher N. Cravey
Texas Bar No. 24034398
Drew Kim
Texas Bar No. 24007482
Williams, Morgan & Amerson, P.C.
10333 Richmond, Suite 1100
Houston, Texas 77042
Telephone: (713) 934-7000
Facsimile: (713) 934-7011
E-mail: danny@wmalaw.com
E-mail: rbains@wmalaw.com
E-mail: cravey@wmalaw.com
E-mail: dkim@wmalaw.com

Eric M. Albritton
State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, TX 75606
Telephone: (903) 757-8449
Facsimile: (903) 758-7397
ema@emafirm.com

ATTORNEYS FOR APPLE INC.

**CERTIFICATE OF SERVICE**

      I hereby certify that the following counsel of record who are deemed to have consented to electronic service are being served this 21st day of May, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by, electronic mail, facsimile transmission and/or first class mail on this same date.


Dated: May 21, 2010                                      /s/ Mark Dunglinson
                                                                     Mark Dunglinson