**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Acer, Inc.; Acer America Corporation; Apple, Inc.; ASUS Computer International; ASUSTeK Computer Inc.; Dell Inc.; Fujitsu Ltd.; Fujitsu America, Inc.; Gateway, Inc.; Hewlett Packard Co.; Sony Corporation; Sony Corporation of America; Sony Electronics Inc.; Toshiba Corporation; Toshiba America, Inc.; and Toshiba America Information Systems, Inc.,<br><br>　　　　　　Defendants. | Civil Action File<br>No. 6:09-cv-448-JDL |

**PLAINTIFF U.S. ETHERNET INNOVATIONS, LLC'S ANSWER AND
COUNTERCLAIMS TO INTEL CORPORATION'S COMPLAINT IN INTERVENTION**

　　　　Plaintiff, U.S. Ethernet Innovations, LLC ("USEI"), pursuant to Federal Rule of Civil Procedure 12, hereby makes and files this Answer and Counterclaims to Intel Corporation's ("Intel") Complaint in Intervention.  Unless specifically admitted herein, USEI denies each and every allegation, matter, and thing contained in the Complaint in Intervention and each and every part and portion thereof.

　　　　1.　　　　USEI admits the Intel seeks a declaratory judgment of non-infringement and invalidity.  USEI denies that Intel is entitled to such relief.

**PARTIES**

　　　　2.　　　　Admitted.

　　　　3.　　　　Admitted.

## JURISDICTION AND VENUE

4. USEI admits that this Court has subject matter jurisdiction over this action.

5. USEI admits that venue is proper in this district.

6. USEI admits, for the purposes of Intel's Complaint in Intervention only, that this Court has personal jurisdiction over USEI.

## BACKGROUND AND INTEL'S INTEREST IN THIS LAWSUIT

7. USEI is without knowledge or information sufficient to form a belief as to the truth of whether Acer, Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, ASUSTeK Computer Inc., Dell Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., HP Development Company LLC, Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc. are "Intel customers." USEI admits the remaining allegations in paragraph 7.

8. USEI is without knowledge or information sufficient to form a belief as to the truth of whether Acer, Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, ASUSTeK Computer Inc., Dell Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., HP Development Company LLC, Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc. are "Intel customers." USEI admits the remaining allegations in paragraph 8.

9. USEI admits that some of the products USEI has accused of infringement in this action incorporate Intel networking products. USEI denies the remaining allegations in paragraph 9.

- 3 -

10. USEI admits that some of the products USEI has accused of infringement in this action incorporate Intel networking products. USEI states that its Complaint in this action speaks for itself. USEI denies the remaining allegations in paragraph 10.

11. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12. USEI admits that an actual controversy exists between Intel and USEI regarding Intel's infringement of the Asserted Patents. USEI denies the remaining allegations in paragraph 12.

## COUNT 1

## DECLARATORY JUDGMENT REGARDING U.S, PATENT NO. 5,307,459

13. USEI incorporates by reference the responses in paragraphs 1-12.

14. Admitted.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## COUNT 2

## DECLARATORY JUDGMENT REGARDING U.S, PATENT NO. 5,434,872

20. USEI incorporates by reference the responses in paragraphs 1-19.

21. Admitted.

22. Denied.

23. Denied.

525680_3

24. Denied.

25. Denied.

## COUNT 3

## DECLARATORY JUDGMENT REGARDING U.S, PATENT NO. 5,732,094

26. USEI incorporates by reference the responses in paragraphs 1-25.

27. Admitted.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

## COUNT 4

## DECLARATORY JUDGMENT REGARDING U.S, PATENT NO. 5,299,313

32. USEI incorporates by reference the responses in paragraphs 1-31.

33. Admitted.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## DEFENSES

Further answering the Complaint in Intervention, USEI asserts the following defenses. USEI reserves the right to amend its answer with additional defenses as further information is obtained.

- 5 -

### First Defense

Intel's Complaint in Intervention fails to state a claim upon which relief can be granted.

### Second Defense

Intel's Complaint in Intervention is barred, in whole or in part, under the doctrines of waiver and estoppel.

### Third Defense

Intel's Complaint in Intervention is barred, in whole or in part, under the doctrine of unclean hands.

### COUNTERCLAIMS

1. Plaintiff USEI owns United States Patent Nos. 5,307,459 (the "'459 Patent"), 5,434,872 (the "'872 Patent"), 5,732,094 (the "'094 Patent"), and 5,299,313 (the "'313 Patent") (collectively, the "Asserted Patents").

2. Intel has made, used, imported, and/or sold and/or continues to make, use, import, and/or sell the technology claimed by the Asserted Patents in systems and methods without USEI's permission.

3. Plaintiff USEI seeks damages for Intel's infringement of the Asserted Patents.

### Parties

4. Plaintiff USEI is a Texas limited liability corporation. USEI's principal place of business is in Tyler, Texas.

5. On information and belief, Intel Corporation is a Delaware corporation, with a principal place of business at 2200 Mission College Boulevard, Santa Clara, California 95054-1549.

**Jurisdiction and Venue**

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district because each Defendant is a corporation subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c).

9. On information and belief, Intel is subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (1) a portion of the infringements alleged herein, including making, using, importing, selling, and/or offering to sell products, methods, and systems that infringe the claims of the Asserted Patents; (2) the presence of established distribution channels for Intel's products in this forum; and (3) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

**Patents-In-Suit**

10. The '459 Patent, entitled "Network Adapter with Host Indication Optimization," was duly and legally issued on April 26, 1994 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo.  A true and correct copy of the '459 Patent is attached hereto as Exhibit A.

11. The '872 Patent, entitled "Apparatus for Automatic Initiation of Data Transmission," was duly and legally issued on July 18, 1995 by the U.S. Patent and Trademark

- 7 -

Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer.  A true and correct copy of the '872 Patent is attached hereto as Exhibit B.

12.   The '094 Patent, entitled "Method for Automatic Initiation of Data Transmission," was duly and legally issued on March 24, 1998 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer.  A true and correct copy of the '094 Patent is attached hereto as Exhibit C.

13.   The '313 Patent, entitled "Network Interface with Host Independent Buffer Management," was duly and legally issued on March 29, 1994 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo.  A true and correct copy of the '313 Patent is attached hereto as Exhibit D.

14.   USEI is the sole owner of the entire right, title, and interest in the Asserted Patents by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

**Accused Products**

15.   Intel imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Asserted Patents, including, without limitation, the Intel Server System SR1400SYS, the Server Board SE7520JR2, the 915GM Chipset, and the 82551QM Ethernet controller (collectively, the "Intel Accused Products").

525680_3

**Count I**

16. USEI restates and realleges the allegations set forth in paragraphs 1 through 15 of its Counterclaims and incorporates them by reference.

17. Without a license or permission from USEI, Intel infringed and continues to infringe one or more claims of the '459 Patent, directly by importing, making, using, offering for sale, and/or selling products and devices that embody the patented inventions, including, without limitation, the Intel Accused Products. In addition, Intel contributes to and induces infringement of one or more claims of the '459 Patent through supplying systems and components incorporated by Defendants into various infringing products, including, without limitation, the Dell Inspiron 9400 Notebook, the Apple MacBook, the Toshiba Satellite Pro 6000, the Acer Veriton 7800 Desktop, and the Fujitsu Primergy E200 Server. The acts of infringement of the '459 Patent by Intel have caused damage to USEI, and USEI is entitled to recover from Intel the damages sustained by USEI as a result of the wrongful acts of Intel in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '459 Patent by Intel will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. Intel has had actual or constructive knowledge of the '459 Patent, yet continue to infringe said patent. The infringement of the '459 Patent by Intel is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Count II**

18. USEI restates and realleges the allegations set forth in paragraphs 1 through 15 of its Counterclaims and incorporates them by reference.

19.     Without a license or permission from USEI, Intel infringed and continues to infringe one or more claims of the '872 Patent, directly by importing, making, using, offering for sale, and/or selling products and devices that embody the patented inventions, including, without limitation, the Intel Accused Products.  In addition, Intel contributes to and induces infringement of one or more claims of the '872 Patent through supplying systems and components incorporated by Defendants into various infringing products, including, without limitation, the Dell Inspiron 9400 Notebook, the Apple MacBook, the Toshiba Satellite Pro 6000, the Acer Veriton 7800 Desktop, and the Fujitsu Primergy E200 Server.  The acts of infringement of the '872 Patent by Intel have caused damage to USEI, and USEI is entitled to recover from Intel the damages sustained by USEI as a result of the wrongful acts of Intel in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '872 Patent by Intel will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  Intel has had actual or constructive knowledge of the '872 Patent, yet continue to infringe said patent.  The infringement of the '872 Patent by Intel is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Count III**

20.     USEI restates and realleges the allegations set forth in paragraphs 1 through 15 of its Counterclaims and incorporates them by reference.

21.     Without a license or permission from USEI, Intel infringed and continues to infringe one or more claims of the '094 Patent, directly by importing, making, using, offering for sale, and/or selling products and devices that embody the patented inventions, including, without limitation, the Intel Accused Products.  In addition, Intel contributes to and induces infringement

of one or more claims of the '094 Patent through supplying systems and components incorporated by Defendants into various infringing products, including, without limitation, the Dell Inspiron 9400 Notebook, the Apple MacBook, the Toshiba Satellite Pro 6000, the Acer Veriton 7800 Desktop, and the Fujitsu Primergy E200 Server. The acts of infringement of the '094 Patent by Intel have caused damage to USEI, and USEI is entitled to recover from Intel the damages sustained by USEI as a result of the wrongful acts of Intel in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '094 Patent by Intel will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. Intel has had actual or constructive knowledge of the '094 Patent, yet continue to infringe said patent. The infringement of the '094 Patent by Intel is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**Count IV**

22. USEI restates and realleges the allegations set forth in paragraphs 1 through 15 of its Counterclaims and incorporates them by reference.

23. Without a license or permission from USEI, Intel infringed and continues to infringe one or more claims of the '313 Patent, directly by importing, making, using, offering for sale, and/or selling products and devices that embody the patented inventions, including, without limitation, the Intel Accused Products. In addition, Intel contributes to and induces infringement of one or more claims of the '313 Patent through supplying systems and components incorporated by Defendants into various infringing products, including, without limitation, the Dell Inspiron 9400 Notebook, the Apple MacBook, the Toshiba Satellite Pro 6000, the Acer Veriton 7800 Desktop, and the Fujitsu Primergy E200 Server. The acts of infringement of the

'313 Patent by Intel have caused damage to USEI, and USEI is entitled to recover from Intel the damages sustained by USEI as a result of the wrongful acts of Intel in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '313 Patent by Intel will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court. Intel has had actual or constructive knowledge of the '313 Patent, yet continue to infringe said patent. The infringement of the '313 Patent by Intel is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

USEI denies that Intel is entitled to any relief in this action. In addition, USEI prays for the following relief against Intel:

A. A judgment that Intel has directly infringed the '459 Patent, contributorily infringed the '459 Patent, and/or induced infringement of the '459 Patent;

B. A judgment that Intel has directly infringed the '872 Patent, contributorily infringed the '872 Patent, and/or induced infringement of the '872 Patent;

C. A judgment that Intel has directly infringed the '094 Patent, contributorily infringed the '094 Patent, and/or induced infringement of the '094 Patent;

D. A judgment that Intel has directly infringed the '313 Patent, contributorily infringed the '313 Patent, and/or induced infringement of the '313 Patent;

E. An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

F. An award of treble damages pursuant to 35 U.S.C. § 284 against Intel as a result of Intel's willful infringement;

  G. A preliminary, and thereafter permanent, injunction enjoining and restraining Intel and its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through it, from directly infringing, contributorily infringing, and inducing the infringement of the '459 Patent, as set forth herein;

  H. A preliminary, and thereafter permanent, injunction enjoining and restraining Intel and its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through it, from directly infringing, contributorily infringing, and inducing the infringement of the '872 Patent, as set forth herein;

  I. A preliminary, and thereafter permanent, injunction enjoining and restraining Intel and its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through it, from directly infringing, contributorily infringing, and inducing the infringement of the '094 Patent, as set forth herein;

  J. A preliminary, and thereafter permanent, injunction enjoining and restraining Intel and its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through it, from directly infringing, contributorily infringing, and inducing the infringement of the '313 Patent, as set forth herein;

  K. A judgment and order requiring Intel to pay USEI pre-judgment and post-judgment interest on the full amounts of the damages awarded;

  L. A judgment requiring Intel to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

  M. Such other and further relief as this Court may deem just and equitable.

525680_3

## JURY DEMAND

USEI demands a trial by jury on all triable issues in this action.

Respectfully submitted, this 3rd day of June, 2010.

**ROBBINS, GELLER, RUDMAN & DOWD LLP**

/s/ Peter M. Jones
John C. Herman
Ryan K. Walsh
Peter M. Jones
Jason S. Jackson
Jessica K. Redmond
3424 Peachtree Street, N.E.
Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)
jherman@rgrdlaw.com
rwalsh@rgrdlaw.com
pjones@rgrdlaw.com
jjackson@rgrdlaw.com
jredmond@rgrdlaw.com

and

WARD & SMITH LAW FIRM
T. John Ward, Jr.
Wesley Hill
P. O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (fax)
jw@jwfirm.com
wh@jwfirm.com

Attorneys for Plaintiff
U.S. Ethernet Innovations, LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on June 3, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

                          /s/ Peter M. Jones
                          Peter M. Jones