**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| U.S. Ethernet Innovations, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action File |
| vs. | ) | No. 6:09-cv-448-JDL |
| | ) | |
| Acer, Inc.; Acer America Corporation; Apple, Inc.; ASUS Computer International; ASUSTeK Computer Inc.; Dell Inc.; Fujitsu Ltd.; Fujitsu America, Inc.; Gateway, Inc.; Hewlett Packard Co.; Sony Corporation; Sony Corporation of America; Sony Electronics Inc.; Toshiba Corporation; Toshiba America, Inc.; and Toshiba America Information Systems, Inc., | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**PLAINTIFF U.S. ETHERNET INNOVATIONS, LLC'S
FIRST AMENDED ANSWER AND COUNTERCLAIMS TO
<u>INTEL CORPORATION'S FIRST AMENDED COMPLAINT IN INTERVENTION</u>**

Plaintiff, U.S. Ethernet Innovations, LLC ("USEI"), pursuant to Federal Rule of Civil

Procedure 12 and 15, hereby makes and files this First Amended Answer and Counterclaims to

Intel Corporation's ("Intel") First Amended Complaint in Intervention.  Unless specifically

admitted herein, USEI denies each and every allegation, matter, and thing contained in the First

Amended Complaint in Intervention and each and every part and portion thereof.

    1.      USEI admits the Intel seeks a declaratory judgment of non-infringement and

invalidity.  USEI denies that Intel is entitled to this or any other relief.

<u>**PARTIES**</u>

    2.      USEI admits that Intel is a Delaware corporation with its worldwide headquarters

in Santa Clara, California.  USEI further admits that some products in this suit contain

components that appear to have been supplied by Intel.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 and therefore denies the same.

3.      Admitted.

## JURISDICTION AND VENUE

4.      USEI admits that this Court has subject matter jurisdiction over this action.

5.      USEI admits that venue is proper in the Eastern District of Texas.

6.      USEI admits, for the purposes of Intel's Complaint in Intervention only, that this Court has personal jurisdiction over USEI.

## BACKGROUND AND INTEL'S INTEREST IN THIS LAWSUIT

7.      USEI admits it filed a complaint in Texas against Acer, Inc., Acer America Corporation, Apple, Inc., ASUS Computer International, ASUSTeK Computer Inc., Dell Inc., Fujitsu Ltd., Fujitsu America, Inc., Gateway, Inc., Hewlett Packard Co., HP Development Company LLC, Sony Corporation, Sony Corporation of America, Sony Electronics Inc., Toshiba Corporation, Toshiba America, Inc., and Toshiba America Information Systems, Inc for infringing United States Patent Nos. 5,307,459, 5,434,872, 5,732,094, and 5,299,313 (respectively, the "'459 Patent, the '872 Patent, the '094 Patent, and the '313 Patent"; collectively, the "Asserted Patents").  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 and therefore denies the same.

8.      USEI admits that some of the products USEI has accused of infringement in this action have components that appear to have been supplied by Intel.  USEI is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 and therefore denies the same.

9.      USEI admits that some of the products USEI has accused of infringement in this action have components that appear to have been supplied by Intel.  USEI denies the remaining allegations in paragraph 9.

10.     USEI admits that some of the products USEI has accused of infringement in this action have components that appear to have been supplied by Intel.  USEI states that its Complaint in this action speaks for itself.  USEI denies the remaining allegations in paragraph 10.

11.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 and therefore denies the same.

12.     USEI admits that an actual controversy exists between Intel and USEI regarding Intel's infringement of the Asserted Patents. USEI denies the remaining allegations in paragraph 12.

## COUNT 1

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 5,307,459

13.     USEI incorporates by reference its responses to paragraphs 1 through 12 as if fully restated herein.

14.     Admitted.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

## INEQUITABLE CONDUCT AS TO U.S. PATENT NO. 5,307,459

20.     USEI admits that Intel has made certain unspecified and unsupported allegations. USEI denies that Intel's claims have merit.

21.     USEI admits that 3Com Corporation is the recited assignee for the following patent applications: European Patent Application No. 0607412; U.S. Patent No. 5,319,752; U.S. Patent No. 5,530,874; European Patent Application No. 0682791; and U.S. Patent No. 5,412,782 (the '782 Patent).  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 and therefore denies the same.

22.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 and therefore denies the same.

23.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 and therefore denies the same.

24.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies the same.

25.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies the same.

26.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies the same.

27.     Denied.

   a.     USEI admits that Application No. 07/920,898 (the "'459 Application") recites July 28, 1992 as its filing date; W. Paul Sherer, David R. Brown, and Lai-Chin Lo as named inventors; 3Com Corporation as assignee; and Mark Haynes as

a prosecuting attorney.  USEI further admits that the '459 Patent recites April 26, 1994 as its date of issuance.  USEI denies the remaining allegations of paragraph a.

The '872 Patent, PCT, and EP Applications

b.  Denied.

c.  USEI admits that Application No. 07/920,893 (the '872 Application) and the '459 Application recite the same filing date; recite Brown as a named inventor; and recite 3Com Corporation as assignee.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph c and therefore denies the same.

d.  USEI admits that the '872 Patent recites Sherer as a named inventor.

e.  USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph e and therefore denies the same.

f.  USEI admits that the '459 Application recites a different examiner than recited by Application No. 07/920,893 ("'872 Application").  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph f and therefore denies the same.

g.  The '459 Patent and the '872 Patent speak for themselves.  USEI denies the remaining allegations in paragraph g.

h.  USEI admits that the '459 Application file history contains a Notice of Allowability dated October 14, 1993.  The Notice of Allowability speaks for itself.

- 5 -

i.        USEI admits that the '872 Application file history contains an Office Action dated October 26, 1993.  The Office Action speaks for itself.  USEI denies the remaining allegations of paragraph i.

j.        USEI admits that the '872 Application file history contains an Office Action dated October 26, 1993.  The Office Action speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph j and therefore denies the same.

k.        USEI admits that '872 Application file history contains a declaration by Petersen and Brown, who are named inventors of the '459 Application.  The declaration speaks for itself.

l.        USEI admits that the '872 Application file history contains an Office Action dated October 26, 1993.  The Office Action speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph l and therefore denies the same.

m.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph m and therefore denies the same.

n.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph n and therefore denies the same.

o.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph o and therefore denies the same.

p.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph p and therefore denies the same.

q.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph q and therefore denies the same.

r.      Denied.

The '752 Patent and PCT Applications

s.      Denied.

t.      USEI admits that the '752 Application recites September 18, 1992 as its filing date.  USEI further admits that the '752 Application and the '459 Application recite Lai-Chin Lo as a named inventor and recite the same assignee.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph t and therefore denies the same.

u.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph u and therefore denies the same.

v.      USEI admits that the '459 Application and Application No. 07/947,773 ("'752 Application") recite different examiners.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph v and therefore denies the same.

w.      The '459 Patent and the '752 Patent speak for themselves.  USEI denies the remaining allegations in paragraph w.

x.      The '752 Application and the '459 Application speak for themselves.  USEI denies the remaining allegations in paragraph x.

y.      USEI admits that the '752 Application file history contains Office Actions dated January 26, 1993 and July 15, 1993.  The Office Actions speak for themselves.  USEI denies the remaining allegations in paragraph y.

- 7 -

z.       USEI admits that the '752 Application file history contains Office

Actions.  The Office Actions speak for themselves.  USEI is without knowledge

or information sufficient to form a belief as to the truth of the remaining

allegations in paragraph z and therefore denies the same.

aa.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph aa and therefore denies the same.

bb.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph bb and therefore denies the same.

cc.      The '459 Application speaks for itself.  USEI is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

in paragraph cc and therefore denies the same.

dd.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph dd and therefore denies the same.

ee.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ee and therefore denies the same.

ff.       USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ff and therefore denies the same.

gg.      Denied.

The '406 Patent and PCT Applications

hh.      Denied.

ii.       USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ii and therefore denies the same.

jj.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph jj and therefore denies the same.

kk.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph kk and therefore denies the same.

ll.      The '459 Patent speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph ll and therefore denies the same.

mm.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph mm and therefore denies the same.

nn.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nn and therefore denies the same.

oo.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph oo and therefore denies the same.

pp.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph pp and therefore denies the same.

qq.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph qq and therefore denies the same.

rr.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph rr and therefore denies the same.

ss.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ss and therefore denies the same.

tt.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph tt and therefore denies the same.

uu.      USEI is without knowledge or information sufficient to form a belief as to
         the truth of the allegations in paragraph uu and therefore denies the same.

vv.      Denied.

         The '874 Patent and PCT Applications

ww.      Denied.

xx.      USEI admits that Application No. 08/012,561 ("'874 Application") and the
         '459 Application recite W. Paul Sherer as a named inventor and 3Com
         Corporation as assignee.  USEI further admits that the '874 Application led to
         U.S. Patent 5,530,874 ("'874 Patent").  USEI is without knowledge or
         information sufficient to form a belief as to the truth of the remaining allegations
         in paragraph xx and therefore denies the same.

yy.      USEI is without knowledge or information sufficient to form a belief as to
         the truth of the allegations in paragraph yy and therefore denies the same.

zz.      USEI admits that the '459 Application and the '874 Application recite
         different examiners.  USEI is without knowledge or information sufficient to form
         a belief as to the truth of the remaining allegations in paragraph zz and therefore
         denies the same.

aaa.     The '459 Patent and the '874 Patent speak for themselves.  USEI denies
         the remaining allegations in paragraph aaa.

bbb.     The '459 Patent and the '874 Patent speak for themselves.  USEI denies
         the remaining allegations in paragraph bbb.

ccc.     USEI is without knowledge or information sufficient to form a belief as to
         the truth of the allegations in paragraph ccc and therefore denies the same.

- 10 -

ddd. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ddd and therefore denies the same.

eee. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eee and therefore denies the same.

fff. Denied.

<u>The '627 Patent and PCT Applications</u>

ggg. Denied.

hhh. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph hhh and therefore denies the same.

iii. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph iii and therefore denies the same.

jjj. The '459 Patent speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph jjj and therefore denies the same.

kkk. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph kkk and therefore denies the same.

lll. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph lll and therefore denies the same.

mmm. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph mmm and therefore denies the same.

nnn. USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nnn and therefore denies the same.

ooo.    USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ooo and therefore denies the same.

ppp.    USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ppp and therefore denies the same.

qqq.    Denied.

The '313 Patent, PCT, and EP Applications

rrr.    Denied.

sss.    USEI admits that the '313 Application and the '459 Application recite the

same filing date; recite Sherer, Brown, and Lo as named inventors; and recite the

same assignee.  USEI is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph sss and therefore

denies the same.

ttt.    USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ttt and therefore denies the same.

uuu.    USEI admits that the '459 Application and Application No. 07/921,519

("'313 Application") recite the same examiner.  USEI admits that the Federal

Circuit issued a ruling in *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 487

F.3d 897, 925 (Fed. Cir. 2007).  The ruling speaks for itself.  USEI is without

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph uuu and therefore denies the same.

vvv.    USEI admits that the '313 Application file history contains a Notice of

Allowance dated September 21, 1993.  The Notice of Allowance speaks for itself.

- 12 -

www.      USEI admits that the '459 Application file history recites the disclosure of

the '313 Application.  USEI is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in paragraph www and

therefore denies the same

xxx.      The '459 Patent and the '313 Patent speak for themselves.  USEI denies

the remaining allegations in paragraph xxx.

yyy.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph yyy and therefore denies the same.

zzz.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph zzz and therefore denies the same.

aaaa.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph aaaa and therefore denies the same.

bbbb.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph bbbb and therefore denies the same.

cccc.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph cccc and therefore denies the same.

dddd.      Denied.

### The '782 Patent Application

eeee.      Denied.

ffff.      USEI admits that Application No. 07/907,946 (the '782 Application)

recites July 2, 1992 as its filing date; Eric H. Willgohs as a prosecuting attorney;

and Paul W. Sherer as a named inventor.  USEI further admits that the '782

- 13 -

Application and the '872 Application recite the same assignee.  USEI denies the remaining allegations in paragraph ffff.

gggg.     USEI admits that the '459 Application recites a different examiner than recited by the '782 Application.

hhhh.     The '459 Patent and the '782 Patent speak for themselves.  USEI denies the remaining allegations in paragraph hhhh.

iiii.     USEI admits that the file history of Application No. 07/907,946 ("'782 Application") contains an Office Action dated January 14, 1994.  The Office Action speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph iiii and therefore denies the same.

jjjj.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph jjjj and therefore denies the same.

kkkk.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph kkkk and therefore denies the same.

llll.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph llll and therefore denies the same.

mmmm.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph mmmm and therefore denies the same

nnnn.     Denied.

          Intel 82586 local area network coprocessor

oooo.     Denied

- 14 -

pppp.     The '459 Patent speaks for itself.   USEI is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

in paragraph pppp and therefore denies the same.

qqqq.     USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph qqqq and therefore denies the same.

rrrr.     Denied.

ssss.     Denied.

tttt.     Denied.

uuuu.     Denied.

vvvv.     Denied.

wwww.     Denied.

xxxx.     Denied.

yyyy.     USEI admits that the '459 Patent recites U.S. Patents 4,852,088,

4,907,225, and 5,101,477.  USEI further admits that the '459 Application file

history contains a Notice of Allowance dated October 14, 1993.  The Notice of

Allowance speaks for itself.  USEI is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in paragraph yyyy and

therefore denies the same.

zzzz.     Denied.

## COUNT 2

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 5,434,872

28.     USEI incorporates by reference its responses to paragraphs 1-27 as if fully

restated herein.

29.     Admitted.

30.     Denied.

31.     Denied.

32.     Denied.

33.     Denied.

## **INEQUITABLE CONDUCT AS TO U.S. PATENT NO. 5,434,872**

34.     USEI incorporates by reference its responses to paragraphs 20-26 as if fully restated herein.

35.     Denied.

   a.     USEI admits that the '872 Application and the '459 Application recite the same filing date; recite Mark Haynes as a prosecuting attorney; recite David R. Brown and W. Paul Sherer as named inventors; and recite 3Com Corporation as assignee.  USEI denies the remaining allegations in paragraph a.

   The '459 Patent, PCT, and EP Applications

   b.     Denied.

   c.     USEI admits that the '872 Application and the '459 Application recite the same filing date; recite Brian Petersen, David R. Brown and W. Paul Sherer as named inventors; and recite 3Com Corporation as assignee.  USEI denies the remaining allegations in paragraph c.

   d.     USEI denies that the European Patent Application EP0607412 ("EP0607412") recites February 25, 1994 as its filing date.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph d and therefore denies the same.

- 16 -

e.        USEI admits that the '872 Application recites a different examiner than recited by the '459 Application.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph e and therefore denies the same.

f.        The '459 Patent and the '872 Patent speak for themselves.  USEI denies the remaining allegations in paragraph f.

g.        USEI admits that the '459 Application file history contains a Notice of Allowance dated October 14, 1993.  The Notice of Allowance speaks for itself. USEI denies the remaining allegations in paragraph g.

h.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph h and therefore denies the same.

i.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph i and therefore denies the same.

j.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph j and therefore denies the same.

k.        USEI admits that the '872 Application file history contains a Response dated February 23, 1994.  The Response speaks for itself.  USEI denies the remaining allegations in paragraph k.

l.        The '872 Application speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph l and therefore denies the same.

573283_1

m.      USEI admits that the file history of Application No. 08/715,253 ("'094

Application") contains an Office Action dated March 19, 1996.  The Office

Action speaks for itself.  USEI denies the remaining allegations in paragraph m.

n.      USEI admits that the European Patent Application EP0607412

("EP0607412") recites the disclosure of "Early Interrupt for Disk Controller,"

IBM Technical Disclosure Bulletin, vol. 25, no. 9, February 1983, p. 4703 (IBM).

USEI is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph n and therefore denies the same.

o.      The '872 Patent speaks for itself.  USEI is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

in paragraph o and therefore denies the same.

p.      USEI admits that the '872 Patent recites Petersen, Brown, and Sherer as

named inventors.  USEI is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph p and therefore

denies the same.

q.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph q and therefore denies the same.

r.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph r and therefore denies the same.

s.      Denied.

        <u>The '752 Patent, PCT, and EP Applications</u>

t.      Denied.

u.        USEI admits that the '752 Application recites September 18, 1992 as its filing date.  USEI further admits that the '752 Application and the '872 Application recite Lai-Chi Lo as a named inventor and recite the same assignee.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph u and therefore denies the same.

v.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph v and therefore denies the same.

w.        USEI admits that the '872 Application recites a different examiner than recited by the '752 Application.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph w and therefore denies the same.

x.        The '872 Patent and the '752 Patent speak for themselves.  USEI denies the remaining allegations in paragraph x.

y.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph y and therefore denies the same.

z.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph z and therefore denies the same.

aa.       USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph aa and therefore denies the same.

bb.       USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph bb and therefore denies the same.

cc.          USEI admits that the '872 Patent recites Petersen as a named inventor.

USEI is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph cc and therefore denies the same.

dd.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph dd and therefore denies the same.

ee.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ee and therefore denies the same.

ff.          Denied.

               The '406 Patent and PCT Applications

gg.          Denied.

hh.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph hh and therefore denies the same.

ii.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ii and therefore denies the same.

jj.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph jj and therefore denies the same.

kk.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph kk and therefore denies the same.

ll.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ll and therefore denies the same.

mm.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph mm and therefore denies the same.

nn.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nn and therefore denies the same.

oo.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph oo and therefore denies the same.

pp.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph pp and therefore denies the same.

qq.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph qq and therefore denies the same.

rr.      USEI admits that the '872 Patent recites Petersen and Brown as named inventors.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph rr and therefore denies the same.

ss.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ss and therefore denies the same.

tt.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph tt and therefore denies the same.

uu.      Denied.

The '627 Patent and PCT Applications

vv.      Denied.

ww.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ww and therefore denies the same.

xx.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph xx and therefore denies the same.

yy.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph yy and therefore denies the same.

zz.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph zz and therefore denies the same.

aaa.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph aaa and therefore denies the same.

bbb.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph bbb and therefore denies the same.

ccc.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ccc and therefore denies the same.

ddd.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ddd and therefore denies the same.

eee.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eee and therefore denies the same.

fff.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph fff and therefore denies the same.

ggg.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ggg and therefore denies the same.

hhh.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph hhh and therefore denies the same.

iii.    Denied.

The '874 Patent, PCT, and EP Applications

jjj.    Denied.

kkk.      USEI admits that the '874 Application recites February 2, 1993 as its filing date.  USEI further admits that the '874 Application and the '872 Application recite W. Paul Sherer as a named inventor and recite the same assignee.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph kkk and therefore denies the same.

lll.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph lll and therefore denies the same.

mmm.      USEI admits that the '872 Application recites a different examiner than recited by the '874 Application.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph mmm and therefore denies the same.

nnn.      The '872 Patent and the '874 Patent speak for themselves.  USEI denies the remaining allegations in paragraph nnn.

ooo.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ooo and therefore denies the same.

ppp.      USEI admits that the '874 Application file history contains Office Actions dated September 20, 1994 and May 19, 1995.  The Office Actions speak for themselves.

qqq.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph qqq and therefore denies the same.

rrr.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph rrr and therefore denies the same.

- 23 -

sss.        Denied.

ttt.        USEI admits that the '872 Patent recites Petersen as a named inventor.

USEI is without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations in paragraph ttt and therefore denies the same.

uuu.        Denied.

The '313 Patent, PCT, and EP Applications

vvv.        Denied.

www.        USEI admits that Application No. 07/921,519 ("'313 Application") recites

the same filing date as recited by the '872 Application.  USEI further admits that

the '313 Application and the '872 Application recite Sherer and Brown as named

inventors and recite the same assignee.  USEI is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

in paragraph www and therefore denies the same.

xxx.        USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph xxx and therefore denies the same.

yyy.        USEI admits that the '872 Application recites a different examiner than

recited by the '313 Patent.  USEI is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in paragraph yyy and

therefore denies the same.

zzz.        USEI admits that the '313 Application file history contains a Notice of

Allowance dated September 21, 1993.  The Notice of Allowance speaks for itself.

- 24 -

aaaa.      The '872 Application speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph aaaa and therefore denies the same.

bbbb.      The '872 Patent and the '313 Patent speak for themselves.  USEI denies the remaining allegations in paragraph bbbb.

cccc.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph cccc and therefore denies the same.

dddd.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph dddd and therefore denies the same.

eeee.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eeee and therefore denies the same.

ffff.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ffff and therefore denies the same.

gggg.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph gggg and therefore denies the same.

hhhh.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph hhhh and therefore denies the same.

iiii.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph iiii and therefore denies the same.

jjjj.      Denied.

The '782 Patent Application

kkkk.      Denied.

llll.      USEI admits that Application No. 07/907,946 ("'782 Application") recites

July 2, 1992 as its filing date.  USEI further admits that the '782 Patent recites

Eric H. Willgohs as a prosecuting attorney and Paul W. Sherer as a named

inventor.  USEI further admits that the '782 Patent and the '872 Patent recite the

same assignee.  USEI denies the remaining allegations in paragraph llll.

mmmm.    USEI admits that the '872 Application recites a different examiner than

recited by the '782 Application.

nnnn.      The '872 Patent and the '782 Patent speak for themselves.  USEI is

without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph nnnn and therefore denies the same.

oooo.      USEI admits that the '782 Application file history recites U.S. Patents

4,768,190, 5,210,829, and 5,121,479.  USEI is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph

oooo and therefore denies the same.

pppp.      USEI admits that the '782 Application file history contains Office Actions

dated January 14, 1994 and July 7, 1994.  The Office Actions speak for

themselves.

qqqq.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph qqqq and therefore denies the same.

rrrr.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph rrrr and therefore denies the same.

ssss.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ssss and therefore denies the same.

tttt.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph tttt and therefore denies the same.

uuuu.      Denied.

Intel 82586 local area network coprocessor

vvvv.      Denied.

wwww.     U.S. Patent 5,434,872 ("'872 Patent") speaks for itself.   USEI is without

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph wwww and therefore denies the same.

xxxx.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph xxxx and therefore denies the same.

yyyy.      Denied.

zzzz.      Denied.

aaaaa.      Denied.

bbbbb.      Denied.

ccccc.      Denied.

ddddd.      Denied.

eeeee.      Denied.

fffff.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph fffff and therefore denies the same.

ggggg.      Denied.

## COUNT 3

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 5,732,094

36.     USEI incorporates by reference its responses to paragraphs 1-35 as if fully restated herein.

37.     Admitted.

38.     Denied.

39.     Denied.

40.     Denied.

41.     Denied.

## INEQUITABLE CONDUCT AS TO U.S. PATENT NO. 5,732,094

42.     USEI incorporates by reference its responses to paragraphs 20-26 as if fully restated herein.

43.     Denied.

    a.     USEI admits that Application No. 08/715,253 ("'094 Application") recites its filing date as September 16, 1996; Mark Haynes as a prosecuting attorney; W. Paul Sherer and David R. Brown as named inventors; and 3Com Corporation as assignee.  USEI denies the remaining allegations in paragraph a.

        The '459 Patent, PCT, and EP Applications

    b.     Denied.

    c.     USEI admits that the '094 Patent recites three of the four named inventors recited by the '459 Patent (Petersen, Brown, and Sherer) and the same assignee.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph c and therefore denies the same.

- 28 -

d.  USEI admits that European Patent Application EP0607412 ("EP0607412") recites PCT Application PCT/US1993/07056.  USEI denies that EP0607412 was filed on February 24, 1994.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph d and therefore denies the same.

e.  USEI admits that the '094 Application file history recites a different examiner than recited by the '459 Patent.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph e and therefore denies the same.

f.  The '094 Patent and the '459 Patent speak for themselves.  USEI denies the remaining allegations in paragraph f.

g.  USEI admits that the '094 Application file history contains a Preliminary Amendment dated March 3, 1995.  The Preliminary Amendment speaks for itself.  USEI further admits that the '872 Application file history contains a Response dated March 2, 1994.  The Response speaks for itself.  USEI denies the remaining allegations in paragraph g.

h.  USEI admits that the '459 Application file history contains a Notice of Allowability dated October 14, 1993.  The Notice of Allowability speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph h and therefore denies the same.

i.  USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph i and therefore denies the same.

573283_1

j.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph j and therefore denies the same.

k.      Denied.

l.      USEI admits that EP0607412 recites "Early Interrupt for Disk Controller," IBM Technical Disclosure Bulletin, vol. 25, no. 9, February 1983, p. 4703 (IBM) as a reference.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph l and therefore denies the same.

m.      The '872 Patent speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph m and therefore denies the same.

n.      USEI admits that the '094 Patent recites Petersen, Brown, and Sherer as named inventors.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph n and therefore denies the same.

o.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph o and therefore denies the same.

p.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph p and therefore denies the same.

q.      Denied.

The '752 Patent, PCT, and EP Applications

r.      Denied.

s.          USEI admits that the '752 Application recites September 18, 1992 as its

filing date.  USEI further admits that the '752 Application and the '094

Application recite the same assignee.  USEI is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph

s and therefore denies the same.

t.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph t and therefore denies the same.

u.          USEI admits that the '094 Application file history recites a different

examiner than the '459 Application.  USEI is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in paragraph

u and therefore denies the same.

v.          The '094 Patent and the '752 Patent speak for themselves.  USEI denies

the remaining allegations in paragraph v.

w.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph w and therefore denies the same.

x.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph x and therefore denies the same.

y.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph y and therefore denies the same.

z.          USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph z and therefore denies the same.

aa.     USEI admits that the '094 Patent recites Petersen as a named inventor. USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph aa and therefore denies the same.

bb.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph bb and therefore denies the same.

cc.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph cc and therefore denies the same.

dd.     Denied.

The '406 Patent and PCT Applications

ee.     Denied.

ff.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ff and therefore denies the same.

gg.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph gg and therefore denies the same.

hh.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph hh and therefore denies the same.

ii.     The '094 Patent speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph ii and therefore denies the same.

jj.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph jj and therefore denies the same.

kk.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph kk and therefore denies the same.

573283_1

ll.   USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ll and therefore denies the same.

mm.   USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph mm and therefore denies the same.

nn.   USEI admits that the '094 Patent recites Petersen and Brown as named inventors.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph nn and therefore denies the same.

oo.   USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph oo and therefore denies the same.

pp.   USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph pp and therefore denies the same.

qq.   Denied.

<u>The '627 Patent and PCT Applications</u>

rr.   Denied.

ss.   USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ss and therefore denies the same.

tt.   USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph tt and therefore denies the same.

uu.   USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph uu and therefore denies the same.

vv.   USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph vv and therefore denies the same.

ww.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ww and therefore denies the same.

xx.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph xx and therefore denies the same.

yy.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph yy and therefore denies the same.

zz.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph zz and therefore denies the same.

aaa.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph aaa and therefore denies the same.

bbb.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph bbb and therefore denies the same.

ccc.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ccc and therefore denies the same.

ddd.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ddd and therefore denies the same.

eee.    Denied.

The '874 Patent, PCT, and EP Applications

fff.    Denied.

ggg.    USEI admits that the '874 Application recites February 2, 1993 as its filing date.  USEI further admits that the '874 Application and the '094 Application recite W. Paul Sherer as a named inventor and recite the same assignee.  USEI is without knowledge or information sufficient to form a belief as

- 34 -

to the truth of the remaining allegations in paragraph ggg and therefore denies the same.

hhh.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph hhh and therefore denies the same.

iii.    USEI admits that the '094 Application file history recites a different examiner than recited by the '874 Application.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph iii and therefore denies the same.

jjj.    The '094 Patent and '874 Patent speak for themselves.  USEI denies the remaining allegations in paragraph jjj.

kkk.    USEI admits that the '094 Application file history contains a Preliminary Amendment dated March 3, 1995.  The Preliminary Amendment speaks for itself.  USEI further admits that the '872 Application file history contains a Response dated March 2, 1994.  The Response speaks for itself.  USEI denies the remaining allegations in paragraph kkk.

lll.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph lll and therefore denies the same.

mmm.    USEI admits that the '874 Application file history contains an Information Disclosure Statement ("'874 IDS") dated January 5, 1996.  The '874 IDS speaks for itself.

nnn.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph nnn and therefore denies the same.

ooo.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ooo and therefore denies the same.

ppp.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ppp and therefore denies the same.

qqq.     USEI admits that the '094 Patent recites Petersen and Sherer as named inventors.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph qqq and therefore denies the same.

rrr.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph rrr and therefore denies the same.

sss.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph sss and therefore denies the same.

ttt.     Denied.

### The '313 Patent, PCT, and EP Applications

uuu.     Denied.

vvv.     USEI admits that the '313 Application recites July 28, 1992 as its filing date.  USEI further admits that the '313 Application and the '094 Application recite Sherer and Brown as named inventors and recite 3Com Corporation as assignee. USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph vvv and therefore denies the same.

www.     USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph www and therefore denies the same.

xxx.        USEI admits that the '313 Application file history contains a Notice of
Allowance dated September 21, 1993.  The Notice of Allowance speaks for itself.

yyy.        USEI admits that the '872 Application file history recites the '313
Application.  USEI is without knowledge or information sufficient to form a
belief as to the truth of the remaining allegations in paragraph yyy and therefore
denies the same.

zzz.        The '094 Patent and the '313 Patent speak for themselves.  USEI denies
the remaining allegations in paragraph zzz.

aaaa.        USEI is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph aaaa and therefore denies the same.

bbbb.        USEI is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph bbbb and therefore denies the same.

cccc.        USEI is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph cccc and therefore denies the same.

dddd.        USEI is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph dddd and therefore denies the same.

eeee.        USEI is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph eeee and therefore denies the same.

ffff.        USEI is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph ffff and therefore denies the same.

gggg.        USEI is without knowledge or information sufficient to form a belief as to
the truth of the allegations in paragraph gggg and therefore denies the same.

hhhh.        Denied.

<u>The '782 Patent Application</u>

iiii.     Denied.

jjjj.     USEI admits that the '782 Application recites July 2, 1992 as its filing

date and Eric H. Willgohs as a prosecuting attorney.  USEI further admits that the

'782 Application and the '094 Application recite the same assignee.  USEI denies

the remaining allegations in paragraph jjjj.

kkkk.     USEI admits that the '094 Application recites a different examiner than

recited by the '782 Application.

llll.     The '094' Patent and the '782 Patent speak for themselves.  USEI denies

the remaining allegations in paragraph llll.

mmmm.     USEI admits that Application No. 07/907,946 ("'782 Application") recites

U.S. Patent Nos. 4,768,190, 5,210,829, and 5,121,479.  USEI is without

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph mmmm and therefore denies the same.

nnnn.     USEI admits that the '782 Application file history contains Office Actions

dated January 14, 1994 and July 7, 1994.  The Office Actions speak for

themselves.

oooo.     USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph oooo and therefore denies the same.

pppp.     USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph pppp and therefore denies the same.

qqqq.     USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph qqqq and therefore denies the same.

573283_1

rrrr.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph rrrr and therefore denies the same.

ssss.      Denied.

Intel 82586 local area network coprocessor

tttt.      Denied.

uuuu.      U.S. Patent 5,732,094 ("'094 Patent") speaks for itself.   USEI is without

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph uuuu and therefore denies the same.

vvvv.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph vvvv and therefore denies the same.

wwww.      Denied.

xxxx.      Denied.

yyyy.      Denied.

zzzz.      Denied.

aaaaa.      Denied.

bbbbb.      Denied.

ccccc.      Denied.

ddddd.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ddddd and therefore denies the same.

eeeee.      Denied.

## COUNT 4

## DECLARATORY JUDGMENT REGARDING U.S. PATENT NO. 5,299,313

44.     USEI incorporates by reference its responses to paragraphs 1-43 as if fully restated herein.

45.     Admitted

46.     Denied.

47.     Denied.

48.     Denied.

49.     Denied.

## INEQUITABLE CONDUCT AS TO U.S. PATENT NO. 5,299,313

50.     USEI incorporates by reference its responses to paragraphs 20-26 as if fully restated herein.

51.     Denied.

a.          USEI admits that Application No. 07/921,519 ("'313 Application") recites its filing date as July 28, 1992.  USEI further admits that the '313 Application recites Mark Haynes as a prosecuting attorney and 3Com Corporation as assignee.  USEI further admits that the '313 Patent recites March 29, 1994 as its date of issuance.  USEI denies the remaining allegations in paragraph a.

The '872 Patent, PCT, and EP Applications

b.          Denied.

c.          USEI admits that the '872 Application and the '313 Application recite the same filing date.  USEI is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph c and therefore denies the same.

d.        USEI admits that the '872 Patent recites Sherer as a named inventor.

e.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph e and therefore denies the same.

f.        USEI admits that the '872 Application file history recites the '313 Application.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph f and therefore denies the same.

g.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph g and therefore denies the same.

h.        USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph h and therefore denies the same.

i.        USEI admits that the '313 Application recites a different examiner than recited by the '872 Application.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph i and therefore denies the same.

j.        The '313 Patent and the '872 Patent speak for themselves.  USEI denies the remaining allegations in paragraph j.

k.        The '872 Application and the '313 Application speak for themselves. USEI denies the remaining allegations in paragraph k.

l.        USEI admits the '872 Application file history contains an Office Action dated October 26, 1993.  The Office Action speaks for itself.

m.          USEI admits that the '313 Application file history contains a Notice of Allowability dated September 21, 1993.  The Notice of Allowability speaks for itself.

n.          USEI admits that the '313 Application file history contains a Notice of Allowability dated September 21, 1993.  The Notice of Allowability speaks for itself.

o.          USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph o and therefore denies the same.

p.          USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph p and therefore denies the same.

q.          USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph q and therefore denies the same.

r.          USEI admits that the '872 Application file history contains Office Actions dated October 26, 1993 and July 6, 1994.  The Office Actions speak for themselves.  USEI denies the remaining allegations in paragraph r.

s.          Denied.

t.          USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph t and therefore denies the same.

u.          USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph u and therefore denies the same.

v.          USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph v and therefore denies the same.

w.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph w and therefore denies the same.

x.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph x and therefore denies the same.

y.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph y and therefore denies the same.

z.      Denied.

<u>The '752 Patent and PCT Applications</u>

aa.      Denied.

bb.      USEI admits that the '752 Application recites September 18, 1992 as its filing date.  USEI further admits that the '752 Application and the '313 Application recite the same assignee.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph bb and therefore denies the same.

cc.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph cc and therefore denies the same.

dd.      USEI admits that the '313 Application recites a different examiner than recited by the '752 Application. USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph dd and therefore denies the same.

ee.      The '313 Patent and the '752 Patent speak for themselves.  USEI denies the remaining allegations in paragraph ee.

ff.        USEI admits that the '752 Application file history contains Office Actions

dated January 26, 1993 and July 15, 1993.  The Office Actions speak for

themselves.

gg.        USEI admits that the '752 Application file history recites U.S. Patent Nos.

4,546,467, 4,680,581, 4,866,666, 5,101,402, and 5,103,446.  USEI is without

knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph gg and therefore denies the same.

hh.        USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph hh and therefore denies the same.

ii.        USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ii and therefore denies the same.

jj.        Denied.

kk.        USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph kk and therefore denies the same.

ll.        USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ll and therefore denies the same.

mm.        USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph mm and therefore denies the same.

nn.        Denied.

The '406 Patent and PCT Applications

oo.        Denied.

pp.        USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph pp and therefore denies the same.

qq.       USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph qq and therefore denies the same.

rr.       USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph rr and therefore denies the same.

ss.       The '313 Patent speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph ss and therefore denies the same.

tt.       USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph tt and therefore denies the same.

uu.       USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph uu and therefore denies the same.

vv.       USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph vv and therefore denies the same.

ww.       The '313 Patent speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph ww and therefore denies the same.

xx.       USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph xx and therefore denies the same.

yy.       USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph yy and therefore denies the same.

zz.       USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph zz and therefore denies the same.

573283_1

aaa.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph aaa and therefore denies the same.

bbb.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph bbb and therefore denies the same.

ccc.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ccc and therefore denies the same.

ddd.    Denied.

The '874 Patent and PCT Applications

eee.    Denied.

fff.    USEI admits that the '874 Application recites February 2, 1993 as its filing date.  USEI further admits that the '874 Application and the '313 Application recite W. Paul Sherer as a named inventor and recite the same assignee.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph fff and therefore denies the same.

ggg.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ggg and therefore denies the same.

hhh.    USEI admits the '313 Application recites a different examiner than recited by the '874 Application.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph hhh and therefore denies the same.

iii.    The '313 Patent and the '874 Patent speak for themselves.  USEI denies the remaining allegations in paragraph iii.

- 46 -

jjj.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph jjj and therefore denies the same.

kkk.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph kkk and therefore denies the same.

lll.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph lll and therefore denies the same.

mmm.      Denied.

The '627 Patent and PCT Applications

nnn.      Denied.

ooo.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ooo and therefore denies the same.

ppp.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ppp and therefore denies the same.

qqq.      The '313 Patent speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph qqq and therefore denies the same.

rrr.      The '313 Application speaks for itself.  USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph rrr and therefore denies the same.

sss.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph sss and therefore denies the same.

ttt.      USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ttt and therefore denies the same.

uuu.     USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph uuu and therefore denies the same.

vvv.     USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph vvv and therefore denies the same.

www.     Denied.

The '459 Patent, PCT, and EP Applications

xxx.     Denied.

yyy.     USEI admits that the '459 Application and the '313 Application recite the

same filing date; recite inventors Petersen, Brown, Sherer, and Lo; and recite the

same assignee.  USEI is without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations in paragraph yyy and therefore

denies the same.

zzz.     USEI admits that European Patent Application EP0607412

("EP0607412") recites PCT Application PCT/US1993/07056.  USEI denies that

European Patent Application EP0607412 was filed on February 25, 1994.  USEI

is without knowledge or information sufficient to form a belief as to the truth of

the remaining allegations in paragraph zzz and therefore denies the same.

aaaa.     USEI admits that the '313 Application recites the same examiner as

recited by the '459 Application.  USEI admits that the Federal Circuit issued a

ruling in *McKesson Info. Solutions, Inc. v. Bridge Med., Inc.*, 487 F.3d 897, 925

(Fed. Cir. 2007).  The ruling speaks for itself.  USEI is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

in paragraph aaaa and therefore denies the same.

- 48 -

bbbb.    The '313 Patent and the '459 Patent speak for themselves.  USEI denies the remaining allegations in paragraph bbbb.

cccc.    USEI admits that the '459 Application file history contains a Notice of Allowability dated October 14, 1993.  The Notice of Allowability speaks for itself.

dddd.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph dddd and therefore denies the same.

eeee.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph eeee and therefore denies the same.

ffff.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph ffff and therefore denies the same.

gggg.    Denied.

hhhh.    USEI admits that the '313 Patent recites Petersen, Brown, Sherer, and Lo as named inventors.  USEI is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph hhhh and therefore denies the same.

iiii.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph iiii and therefore denies the same.

jjjj.    USEI is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph jjjj and therefore denies the same.

kkkk.    Denied.

The '782 Patent

llll.    Denied.

mmmm.    USEI admits that Application No. 07/907,946 (the '782 Application)

recites July 2, 1992 as its filing date and Eric H. Willgohs as a prosecuting

attorney.  USEI further admits that the '782 Application recites the same assignee

as recited by the '872 Application.  USEI denies the remaining allegations in

paragraph mmmm.

nnnn.    USEI admits the '313 Application recites a different examiner than recited

by the '782 Application.

oooo.    The '313 Patent and the '782 Patent speak for themselves.  USEI denies

the remaining allegations in paragraph oooo.

pppp.    USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph pppp and therefore denies the same.

qqqq.    USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph qqqq and therefore denies the same.

rrrr.    USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph rrrr and therefore denies the same.

ssss.    USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ssss and therefore denies the same.

tttt.    USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph tttt and therefore denies the same.

uuuu.    Denied.

The '313 PCT and EP Applications

vvvv.    Denied.

- 50 -

wwww.   USEI admits that the European Patent Application EP0696462

("EP0696462") and the '313 Application recite Brown, Sherer, and Lo as named

inventors.  USEI further admits that EP0696462 recites PCT Application

PCT/US1993/07027.  USEI denies that EP0696462 was filed on February 25,

1994.  USEI is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph wwww and therefore denies

the same.

xxxx.   USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph xxxx and therefore denies the same.

yyyy.   The '313 Patent and EP0696462 speak for themselves.  USEI denies the

remaining allegations in paragraph yyyy.

zzzz.   USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph zzzz and therefore denies the same.

aaaaa.   USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph aaaaa and therefore denies the same.

bbbbb.   USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph bbbbb and therefore denies the same.

ccccc.   USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ccccc and therefore denies the same.

ddddd.   Denied.

Intel 82586 local area network coprocessor

eeeee.   Denied.

fffff.      The '313 Patent speaks for itself.   USEI is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations

in paragraph fffff and therefore denies the same.

ggggg.      USEI is without knowledge or information sufficient to form a belief as to

the truth of the allegations in paragraph ggggg and therefore denies the same..

hhhhh.      Denied.

iiiii.      Denied.

jjjjj.      Denied.

kkkkk.      Denied.

lllll.      Denied.

mmmmm. Denied.

nnnnn.      Denied.

ooooo.      USEI admits that the '313 Application file history contains a Notice of

Allowance dated September 21, 1993.  The Notice of Allowance speaks for itself.

USEI denies the remaining allegations in paragraph ooooo.

ppppp.      Denied.

## DEFENSES

Further answering the Complaint in Intervention, USEI asserts the following defenses.

USEI reserves the right to amend its answer with additional defenses as further information is

obtained.

### First Defense

Intel's Complaint in Intervention fails to state a claim upon which relief can be granted.

**Second Defense**

Intel's Complaint in Intervention is barred, in whole or in part, under the doctrines of

waiver and estoppel.

**Third Defense**

Intel's Complaint in Intervention is barred, in whole or in part, under the doctrine of

unclean hands.

## COUNTERCLAIMS

1.      Plaintiff USEI owns United States Patent Nos. 5,307,459 (the "'459 Patent"),

5,434,872 (the "'872 Patent"), 5,732,094 (the "'094 Patent"), and 5,299,313 (the "'313 Patent")

(collectively, the "Asserted Patents").

2.      Intel has made, used, imported, and/or sold and/or continues to make, use, import,

and/or sell the technology claimed by the Asserted Patents in systems and methods without

USEI's permission.

3.      Plaintiff USEI seeks damages for Intel's infringement of the Asserted Patents.

**Parties**

4.      Plaintiff USEI is a Texas limited liability corporation.  USEI's principal place

business is in Tyler, Texas.

5.      On information and belief, Intel Corporation is a Delaware corporation, with a

principal place of business at 2200 Mission College Boulevard, Santa Clara, California 95054-

1549.

**Jurisdiction and Venue**

6.      This is an action for patent infringement arising under the patent laws of the

United States, 35 U.S.C. § 101 *et seq.*

- 53 -

573283_1

7.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this judicial district because each Defendant is a corporation subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c).

9.      On information and belief, Intel is subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (1) a portion of the infringements alleged herein, including making, using, importing, selling, and/or offering to sell products, methods, and systems that infringe the claims of the Asserted Patents; (2) the presence of established distribution channels for Intel's products in this forum; and (3) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

## Patents-In-Suit

10.     The '459 Patent, entitled "Network Adapter with Host Indication Optimization," was duly and legally issued on April 26, 1994 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo.  A true and correct copy of the '459 Patent is attached hereto as Exhibit A.

11.     The '872 Patent, entitled "Apparatus for Automatic Initiation of Data Transmission," was duly and legally issued on July 18, 1995 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer.  A true and correct copy of the '872 Patent is attached hereto as Exhibit B.

573283_1

12.     The '094 Patent, entitled "Method for Automatic Initiation of Data Transmission," was duly and legally issued on March 24, 1998 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer.  A true and correct copy of the '094 Patent is attached hereto as Exhibit C.

13.     The '313 Patent, entitled "Network Interface with Host Independent Buffer Management," was duly and legally issued on March 29, 1994 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo.  A true and correct copy of the '313 Patent is attached hereto as Exhibit D.

14.     USEI is the sole owner of the entire right, title, and interest in the Asserted Patents by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendants' infringement.

### Accused Products

15.     Intel imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Asserted Patents, including, without limitation, the Intel Server System SR1400SYS, the Server Board SE7520JR2, the 915GM Chipset, and the 82551QM Ethernet controller (collectively, the "Intel Accused Products").

### Count I

16.     USEI restates and realleges the allegations set forth in paragraphs 1 through 15 of its Counterclaims and incorporates them by reference.

17.     Without a license or permission from USEI, Intel infringed and continues to infringe one or more claims of the '459 Patent, directly by importing, making, using, offering for

- 55 -

sale, and/or selling products and devices that embody the patented inventions, including, without limitation, the Intel Accused Products.  In addition, Intel contributes to and induces infringement of one or more claims of the '459 Patent through supplying systems and components incorporated by Defendants into various infringing products, including, without limitation, the Dell Inspiron 9400 Notebook, the Apple MacBook, the Toshiba Satellite Pro 6000, the Acer Veriton 7800 Desktop, and the Fujitsu Primergy E200 Server.  The acts of infringement of the '459 Patent by Intel have caused damage to USEI, and USEI is entitled to recover from Intel the damages sustained by USEI as a result of the wrongful acts of Intel in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '459 Patent by Intel will continue to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.  Intel has had actual or constructive knowledge of the '459 Patent, yet continue to infringe said patent.  The infringement of the '459 Patent by Intel is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## Count II

18.     USEI restates and realleges the allegations set forth in paragraphs 1 through 15 of its Counterclaims and incorporates them by reference.

19.     Without a license or permission from USEI, Intel infringed and continues to infringe one or more claims of the '872 Patent, directly by importing, making, using, offering for sale, and/or selling products and devices that embody the patented inventions, including, without limitation, the Intel Accused Products.  In addition, Intel contributes to and induces infringement of one or more claims of the '872 Patent through supplying systems and components incorporated by Defendants into various infringing products, including, without limitation, the

Dell Inspiron 9400 Notebook, the Apple MacBook, the Toshiba Satellite Pro 6000, the Acer

Veriton 7800 Desktop, and the Fujitsu Primergy E200 Server.  The acts of infringement of the

'872 Patent by Intel have caused damage to USEI, and USEI is entitled to recover from Intel the

damages sustained by USEI as a result of the wrongful acts of Intel in an amount subject to proof

at trial.  The infringement of USEI's exclusive rights under the '872 Patent by Intel will continue

to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless

enjoined by this Court.  Intel has had actual or constructive knowledge of the '872 Patent, yet

continue to infringe said patent.  The infringement of the '872 Patent by Intel is willful and

deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and

costs incurred in prosecuting this action under 35 U.S.C. § 285.

### Count III

20.     USEI restates and realleges the allegations set forth in paragraphs 1 through 15 of

its Counterclaims and incorporates them by reference.

21.     Without a license or permission from USEI, Intel infringed and continues to

infringe one or more claims of the '094 Patent, directly by importing, making, using, offering for

sale, and/or selling products and devices that embody the patented inventions, including, without

limitation, the Intel Accused Products.  In addition, Intel contributes to and induces infringement

of one or more claims of the '094 Patent through supplying systems and components

incorporated by Defendants into various infringing products, including, without limitation, the

Dell Inspiron 9400 Notebook, the Apple MacBook, the Toshiba Satellite Pro 6000, the Acer

Veriton 7800 Desktop, and the Fujitsu Primergy E200 Server.  The acts of infringement of the

'094 Patent by Intel have caused damage to USEI, and USEI is entitled to recover from Intel the

damages sustained by USEI as a result of the wrongful acts of Intel in an amount subject to proof

at trial.  The infringement of USEI's exclusive rights under the '094 Patent by Intel will continue

to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless

enjoined by this Court.  Intel has had actual or constructive knowledge of the '094 Patent, yet

continue to infringe said patent.  The infringement of the '094 Patent by Intel is willful and

deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and

costs incurred in prosecuting this action under 35 U.S.C. § 285.

### Count IV

22.     USEI restates and realleges the allegations set forth in paragraphs 1 through 15 of

its Counterclaims and incorporates them by reference.

23.     Without a license or permission from USEI, Intel infringed and continues to

infringe one or more claims of the '313 Patent, directly by importing, making, using, offering for

sale, and/or selling products and devices that embody the patented inventions, including, without

limitation, the Intel Accused Products.  In addition, Intel contributes to and induces infringement

of one or more claims of the '313 Patent through supplying systems and components

incorporated by Defendants into various infringing products, including, without limitation, the

Dell Inspiron 9400 Notebook, the Apple MacBook, the Toshiba Satellite Pro 6000, the Acer

Veriton 7800 Desktop, and the Fujitsu Primergy E200 Server.  The acts of infringement of the

'313 Patent by Intel have caused damage to USEI, and USEI is entitled to recover from Intel the

damages sustained by USEI as a result of the wrongful acts of Intel in an amount subject to proof

at trial.  The infringement of USEI's exclusive rights under the '313 Patent by Intel will continue

to damage USEI, causing irreparable harm, for which there is no adequate remedy at law, unless

enjoined by this Court.  Intel has had actual or constructive knowledge of the '313 Patent, yet

continue to infringe said patent.  The infringement of the '313 Patent by Intel is willful and

deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## <u>PRAYER FOR RELIEF</u>

USEI denies that Intel is entitled to any relief in this action.  In addition, USEI prays for the following relief against Intel:

A.      A judgment that Intel has directly infringed the '459 Patent, contributorily infringed the '459 Patent, and/or induced infringement of the '459 Patent;

B.      A judgment that Intel has directly infringed the '872 Patent, contributorily infringed the '872 Patent, and/or induced infringement of the '872 Patent;

C.      A judgment that Intel has directly infringed the '094 Patent, contributorily infringed the '094 Patent, and/or induced infringement of the '094 Patent;

D.      A judgment that Intel has directly infringed the '313 Patent, contributorily infringed the '313 Patent, and/or induced infringement of the '313 Patent;

E.      An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

F.      An award of treble damages pursuant to 35 U.S.C. § 284 against Intel as a result of Intel's willful infringement;

G.      A preliminary, and thereafter permanent, injunction enjoining and restraining Intel and its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through it, from directly infringing, contributorily infringing, and inducing the infringement of the '459 Patent, as set forth herein;

H.      A preliminary, and thereafter permanent, injunction enjoining and restraining Intel and its officers, directors, agents, servants, employees, attorneys, and all others acting

under, by or through it, from directly infringing, contributorily infringing, and inducing the infringement of the '872 Patent, as set forth herein;

I.      A preliminary, and thereafter permanent, injunction enjoining and restraining Intel and its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through it, from directly infringing, contributorily infringing, and inducing the infringement of the '094 Patent, as set forth herein;

J.      A preliminary, and thereafter permanent, injunction enjoining and restraining Intel and its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through it, from directly infringing, contributorily infringing, and inducing the infringement of the '313 Patent, as set forth herein;

K.      A judgment and order requiring Intel to pay USEI pre-judgment and post-judgment interest on the full amounts of the damages awarded;

L.      A judgment requiring Intel to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

M.      Such other and further relief as this Court may deem just and equitable.

## JURY DEMAND

USEI demands a trial by jury on all triable issues in this action.

Respectfully submitted, this 4th day of August, 2010.

**ROBBINS, GELLER, RUDMAN & DOWD LLP**


/s/ *Peter M. Jones*
_____
John C. Herman
Ryan K. Walsh
Peter M. Jones
Jason S. Jackson
Jessica K. Redmond
3424 Peachtree Street, N.E.
Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)
jherman@rgrdlaw.com
rwalsh@rgrdlaw.com
pjones@rgrdlaw.com
jjackson@rgrdlaw.com
jredmond@rgrdlaw.com

and

WARD & SMITH LAW FIRM
T. John Ward, Jr.
Wesley Hill
P. O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (fax)
jw@jwfirm.com
wh@jwfirm.com


Attorneys for Plaintiff
U.S. Ethernet Innovations, LLC

### CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

/s/ *Peter M. Jones*
Peter M. Jones

573283_1